Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Ste. 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

Attorneys for Plaintiff
COVVES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC, | Case No. 2:18-cv-8518 |
| Plaintiff, | **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| v. | |
| BIGMOUTH INC., an Indiana Corporation;<br>BIGMOUTH LLC., an Indiana Limited Liability Company;<br>THE FUNTREPRENEUR INC., a Massachusetts Corporation;<br>DILLARDS, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC., a Delaware Corporation<br>SCHEELS ALL SPORTS, INC., a North Dakota Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>TAYLORED VENTURES, INC. (dba PERPETUAL KID) a Virginia Corporation;<br> and<br>ZULILY, INC. a Delaware Corporation.<br><br>Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Covves, LLC alleges as follows for its Complaint for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, against Defendants BigMouth LLC and BigMouth Inc. (collectively "BigMouth Defendants" or "BigMouth") and The Funtrepreneur Inc, Dillards, Inc, Kohl's Corporation, Saks & Company LLC, Scheels All Sports, Inc., Taylored Ventures, Inc. (dba Perpetual Kid), Target Brands, Inc, and Zuliliy, Inc. (collectively, the "Retailer Defendants", and all Defendants are collectively referred to as the "Defendants").

## THE PARTIES

1. Plaintiff Covves, LLC ("Covves") is a limited liability company, duly organized and existing under the laws of the State of California, located at 23145 Kashiwa Court, Torrance, California 90505.

2. Defendant BigMouth LLC is a limited liability company, organized and existing under the laws of the State of Indiana, with a principal place of business located at 655 Winding Brook Drive Glastonbury, CT 06033.

3. Defendant BigMouth Inc. is a corporation, organized and existing under the laws of the state of Indiana, with a principal place of business located at 10201 N. Illinois St. Suite 200, Indianapolis, IN 46290.

4. Upon information and belief, Defendant The Funtrepreneur Inc. is a corporation, organized and existing under the laws of the state of Massachusetts, with an address of 100 Cummings Center Suite 125-G Beverly, MA 01915.

5. Upon information and belief, Defendant Dillard's Inc. is a corporation, organized and existing under the laws of the state of Delaware, with an address of

6. Upon information and belief, Defendant Kohl's Corporation is a corporation, organized and existing under the laws of Wisconsin, with an address of N56W17000 Ridgewood Dr. Menomonee Falls, WI 53051.

7. Upon information and belief, Defendant Saks & Company LLC is a limited liability company, organized and existing under the laws of the state of

Delaware, with an address of 225 Liberty Street 31st Floor, New York City, New York State 10281-0097

8. Upon information and belief, Defendant Scheels all Sports, Inc. is a corporation, organized and existing under the laws of the North Dakota, with an address of 4550 15th Ave S. Fargo, ND 58103-8959.

9. Upon information and belief, Defendant Taylored Ventures, Inc. (dba Perpetual Kid) is a corporation, organized and existing under the laws of Virginia, with an address of 23007 Eagle Watch CT. Ashburn, VA 20148.

10. Upon information and belief, Defendant Target Brands, Inc. is a corporation, organized and existing under the laws of Minnesota, with an address of 1010 Dale St N St Paul, MN 55117.

11. Upon information and belief, Defendant Zulily, Inc. is a corporation, organized and existing under the laws of Delaware, with an address of 2601 Elliot Ave, Suite 200, Seattle, WA.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338(a).

13. Upon information and belief, this Court has specific personal jurisdiction over BigMouth because BigMouth has placed infringing goods into the stream of commerce with the expectation that they would be purchased in the State of California and/or otherwise has purposefully directed activities toward the State of California related to the sale of infringing goods and has actually sold its infringing goods to customers in Los Angeles.

14. This Court has personal jurisdiction over the Retailer Defendants because they do substantial business and sales in this District and advertise, distribute, offer for sale and sell the infringing products in this District. The Retailer Defendants have committed tortious acts in this District against Plaintiff, whose principle place

COMPLAINT FOR
DESIGN PATENT INFRINGEMENT
Case No.

of business is located in this District.

15. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PATENTS-IN-SUIT

16. United States Patent Number D787,617 (the "D'617" patent) is titled "Inflatable Toy" and was filed on August 24, 2015, and was duly and validly issued by the United States Patent and Trademark Office on May 23, 2017. A true and correct copy of the D'617 patent is attached to and incorporated herein as **Exhibit 1**.

17. United States Patent Number D783,370 (the "D'370" patent) is titled "Inflatable Beverage Holder" and was filed on November 8, 2016, and was duly and validly issued by the United States Patent and Trademark Office on April 11, 2017. A true and correct copy of the D'370 patent is attached and incorporated herein as **Exhibit 2**.

18. Covves is the owner by assignment of all right, title, and interest in the D'617 patent and the D'370 patent (collectively, the "Patents-in-Suit"), including all rights to sue and collect for past, present, and future damages.

## BIGMOUTH'S WILLFUL INFRINGEMENT

19. Covves sells high-quality inflatable pool toys under the "Kololo", "#Floaty", and "#GetFloaty" brand names.

20. Covves' invented the unicorn pool float and popularized it worldwide as one of the most popular inflatable pool toys of 2016 and 2017. This toy has a unique patented design, which is protected by the D'617 patent.

21. Covves also sells a popular Mini Unicorn Cup Holder with a unique design protected by the D'370 patent.

22. Adult-sized unicorn floats and mini cupholder unicorn floats did not exist before Covves invented and popularized them.

23. Covves practices both of the Patents-in-Suit domestically and worldwide,

selling products embodying the patents from various channels including its website (https://kololo.co/), wholesale (https://www.floatywholesale.com/), and from online retailers, including Amazon.com (https://www.amazon.com/FLOATY/b/ref=bl_dp_s_web_14394022011?ie=UTF8&node=14394022011&field-lbr_brands_browse-bin=FLOATY).

24. Covves has over 35,000 followers on its Instagram (https://www.instagram.com/kololo.co/?hl=en), which primarily consists of photographs of products that embody the Patents-in-Suit.

25. Covves unicorn floats embodying the Patents-in-Suit have been featured on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among many other outlets.

26. Covves has a history of arms-length licensing deals with third parties, licensing the unicorn pool floats for $10.00 per float and the unicorn cupholders for $1.00 per cupholder.

27. Attempting to capitalize on Covves' hard work, intellectual property, and success, and without compensating Covves or obtaining a license, BigMouth Defendants illegally and willfully misappropriated the patented design of Covves' Giant Unicorn to create an imitation unicorn pool float, which is sold under various names including: "Giant Unicorn Pool Float", "Giant Sparkly Unicorn Pool Float", and "Sparkles The Unicorn Lil' Float" (collectively, the "BigMouth Unicorn Floats").

28. The BigMouth Unicorn Floats can be found for sale online at the following links: https://www.bigmouthinc.com/products/giant-unicorn-pool-float-3/, https://www.bigmouthinc.com/products/giant-unicorn-pool-float-2/, and https://www.bigmouthinc.com/products/sparkles-the-unicorn-lil-float/.

29. A side-by-side comparison shown below reveals that BigMouth Defendants misappropriated Plaintiff's patented unicorn float designs (D'617) with

its BigMouth Unicorn Floats accused products.




30. The image above is demonstrative of the similarity. Both feature a raft body with an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a mane. The mane begins behind the horn and rests atop the head and neck between the pointed ears. A tail is affixed to the rear of the raft body. Although there are countless embodiments BigMouth Defendants could have employed i.e. non-pointed ears, a curved horn, a spiked mane, a tail of any different shape, etc. BigMouth Defendants instead copied Covves' design nearly identically.

31. Pictured below is Plaintiff's "Giant Unicorn" product (left) and BigMouth Defendants' "Giant Unicorn" product (right).



32. BigMouth Defendants also illegally misappropriated the patented design

of its Mini Unicorn Cup Holder to create an imitation unicorn beverage holder, which is sold under the name "Unicorn Beverage Boats." The BigMouth Unicorn Beverage Boats can be found on sale here: https://www.bigmouthinc.com/products/unicorn-beverage-boats-2/

33. A side-by-side comparison shown below reveals that BigMouth Defendants misappropriated Plaintiff's patented Inflatable Beverage Holder (D'370) with its Unicorn Beverage Boats accused product.

 

34. The image above is demonstrative of the similarity. Both feature a rounded body with a rounded empty space in the center. Affixed to the body is an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a mane. The mane begins behind the horn and rests atop the head and neck. The eye is comprised of a black circle, containing a smaller white circle. A tail is affixed to the rear of the rounded body. Although there are countless embodiments BigMouth Defendants could have employed i.e. non-pointed ears, a curved horn, a spiked mane, a tail of any different shape, etc., BigMouth Defendants instead copied Covves' design nearly identically.

35. Below is a side-by-side of Plaintiff's "Mini Unicorn Cupholder" product

(left) and BigMouth Defendants' "Unicorn Beverage Boat" product (right):




36. A claim chart comparing both of the Patents-in-Suit to each of the Infringing Products is attached as **Exhibit 3**.

37. The designs of the Infringing Products are substantially the same as the Patents-in-Suit such as to deceive an ordinary observer into inducing him or her to purchase BigMouth Defendants' Infringing Products supposing them to be Plaintiff's.

38. BigMouth's conduct in making, using, selling, offering to sell and/or importing the Infringing Products directly infringes the D'617 and D'370 patents.

39. BigMouth's infringement of the Patents-in-Suit in connection with the BigMouth Unicorn Floats and the Unicorn Beverage Boats (collectively the "Infringing Products") is willful.

40. Prior to the filing of this Complaint, Covves provided BigMouth copies of the D'617 and D'370 patents during discussions regarding the enforcement of the D'370 Patent against BigMouth's infringing Unicorn Beverage Boats product on Amazon.com.

41. BigMouth's attorney emailed Plaintiff's counsel on March 22, 2018, regarding the removal of the infringing listing on Amazon.com. A true and correct

copy of the emails between Plaintiff's counsel and BigMouth's counsel is attached and incorporated herein as **Exhibits 4 and 5**.

42. In response, Plaintiff sent BigMouth copies of the Patents-in-Suit and informed BigMouth that it "infringes [Plaintiff's] design patents filed in 2015 and 2016" and that "Covves created the unicorn float and the unicorn cupholder and registered the IP to protect it. [Defendants] blatantly copied it and competes with a cloned product."

43. Accordingly, BigMouth has had actual knowledge of Plaintiff's Patents-In-Suit since, at the very latest, March 22, 2018.

44. Nevertheless, BigMouth has since re-listed the Unicorn Beverage Boat on Amazon but removed "unicorn" from the title in order to avoid detection.

45. To this day, BigMouth Defendants continue to sell their infringing products in blatant disregard of Covves' patents and of Covves' March 2018 notice that BigMouth is infringing.

46. Plaintiff applied for the D'617 patent on August 24, 2015 and the D'370 patent on November 8, 2016. The D'370 patent was issued on April 11, 2017, and the D'617 patent was issued a month later on May 23, 2017.

47. By contrast, a record of BigMouth's website, www.bigmouthinc.com, captured by the Internet Archive Wayback Machine, shows that BigMouth was not selling its Infringing Products as of November 26, 2017, which is long after the issuance dates of the Patents-in-Suit.

48. Similarly, the Unicorn Beverage Boat did not appear on BigMouth Defendants' Instagram page until March 12, 2018, and none of the BigMouth Unicorn Floats appeared on BigMouth Defendants' Instagram page until April 9, 2018.

49. Therefore, based on the foregoing public records and on information and belief, BigMouth first began selling its infringing BigMouth Unicorn Floats online *after* it received notice of Covves' Patents-in-Suit on March 22, 2018, and long

*after* Plaintiff's Mini Unicorn Cupholder first appeared on Covves' website on August 17, 2016.

50. BigMouth has actual knowledge of the Patents-in-Suit and knows or should know that its Infringing Products and its conduct in relation to the Infringing Products infringe the Patents-in-Suit. Accordingly, BigMouth's infringement is and has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, made with reckless disregard, and/or flagrant.

## ADDITIONAL INFRINGEMENT BY RETAILER DEFENDANTS

51. The Retailer Defendants have also infringed Plaintiff's patent rights by continuing to sell, distribute and advertise the Infringing Products. For example, Retailer Defendants offer the Infringing Products for sale at the following links:

- The Funtrepreneur: https://alwaysfits.com/products/giant-glitter-magical-unicorn-pool-float
- Dillards: https://www.dillards.com/p/bigmouth-inc.-unicorn-pool-float/507916390?di=05329766_zi_multi&categoryId=-10005&facetCache=pageSize%3D96%26beginIndex%3D0%26orderBy%3D1
- Kohl's: https://www.kohls.com/product/prd-3207539/bigmouth-inc-3-pack-1-bonus-beverage-boats.jsp?color=Unicorn&prdPV=2
- Perpetual Kid: https://www.perpetualkid.com/magical-winged-rainbow-unicorn-floating-beverage-boats/

  And https://www.perpetualkid.com/giant-sparkly-glitter-unicorn-pool-float-big-mouth/
- Saks Fifth Avenue: https://m.saksoff5th.com/pd.jsp?PRODUCT%3C%3Eprd_id=845524442483429&site_refer=CSE_GGLPRADS001_OFF&gclid=EAIaIQobChMIicHDn-vZ3QIVmNdkCh0SgABJEAQYAyABEgKl-fD_BwE&gclsrc=aw.ds&productCode=0400098769236

- Scheels: https://www.scheels.com/p/bigmouth-glitter-unicorn-pool-float/718856-BMPF.html
- Target: https://www.target.com/p/big-mouth-toys-unicorn-pool-float-white/-/A-52990127

    And: https://www.target.com/p/big-mouth-toys-unicorn-lil-float-white/-/A-52990064

    And: https://www.target.com/p/big-mouth-toys-unicorn-beverage-boatswhite-3pk/-/A-52990144
- Zulily: https://www.zulily.com/p/unicorn-beverage-boat-set-of-two-5675-54293873.html?search_pos=83&search_page=2&fromSearch=true

Representative screenshots from the foregoing links are included as **Exhibit 6.**

## FIRST CLAIM FOR RELIEF
## (Infringement of US. Patent No. D787,617)

52. Covves repeats and realleges the allegations of the foregoing Paragraphs as if fully set forth herein.

53. Covves is the owner of the D'617 patent.

54. BigMouth has directly infringed and is still infringing the D'617 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling and/or offering to sell and/or importing into the United States the "Giant Unicorn Pool Float", the "Giant Sparkly Unicorn Pool Float", the "Sparkles The Unicorn Lil' Float", and the "Unicorn Beverage Boats", each of which embody the design covered by the D'617 patent.

55. In addition, BigMouth has infringed and is still infringing the D'617 patent in this country, through, *inter alia*, its active inducement of others, including the Retailer Defendants, to sell products that embody the designed covered by the D'617 patent. This conduct constitutes infringement under 35 U.S.C. § 271(b)

56. BigMouth's infringement is and has been willful, as BigMouth has known that Covves is the owner of the D'617 patent since at least March 22, 2018

but intentionally and consciously proceeded to sell the Infringing Products and induce the Retailer Defendants to infringe the D'617 patent

57. The Retailer Defendants are engaged in infringement of the D'617 patent in that they each sell, offer for sale, promote, and advertise the Infringing Products. This conduct constitutes infringement under 35 U.S.C. § 271(a).

58. Covves has been damaged, in an amount to be determined, as a direct and proximate result of BigMouth's willful infringement of the D'617 patent and the Retailer Defendants' infringement of the D'617 patent.

## SECOND CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. D783,370)

59. Covves repeats and realleges the allegations of the foregoing Paragraphs as if fully set forth herein.

60. BigMouth has directly infringed the D'370 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling and/or offering to sell and/or importing into the United States the "Giant Unicorn Pool Float", the "Giant Sparkly Unicorn Pool Float", the "Sparkles The Unicorn Lil' Float", and the "Unicorn Beverage Boats", each of which embodies the design covered by the D'370 patent

61. In addition, BigMouth has infringed and is still infringing the D'370 patent in this country, through, *inter alia*, its active inducement of others, including the Retailer Defendants, to sell products that embody the designed covered by the D'370 patent. This conduct constitutes infringement under 35 U.S.C. § 271(b)

62. BigMouth's infringement is and has been willful, as BigMouth has known that Covves is the owner of the D'370 patent since at least March 22, 2018 but intentionally and consciously decided to sell the Infringing Products and induce the Retailer Defendants to infringe the D'370 patent

63. The Retailer Defendants are engaged in infringement of the D'370 patent in that they each sell, offer for sale, promote, and advertise the Infringing Products.

1  This conduct constitutes infringement under 35 U.S.C. § 271(a).

2  64.  Covves has been damaged, in an amount to be determined, as a direct and proximate result of BigMouth's willful infringement of the D'370 patent and the Retailer Defendants' infringement of the D'370 patent.

## PRAYER FOR RELIEF

WHEREFORE, Covves respectfully requests the Court to enter judgment in favor of Covves and against the Defendants as to all claims asserted herein as follows:

A. Granting a judgment that Defendants have infringed the Patents-in-Suit;

B. An order and judgment permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted design patents;

C. An accounting of Defendants' profits;

D. A judgment awarding Plaintiff Defendants' total profits pursuant to 35 U.S.C. § 289;

E. An order for Defendants to pay to Covves actual damages adequate to compensate for the infringement in the form of a reasonable royalty for the use made of the patented inventions by Defendants, together with pre-judgment and post judgment interest and costs, in accordance with 35 U.S.C. § 284;

F. Granting a judgment that BigMouth Defendants' infringement was willful and ordering BigMouth Defendants to pay to Covves increased damages of three times the compensatory damages, in accordance with 35 U.S.C. § 284;

G. Granting a judgment that this case is exceptional under 35 U.S.C. §285 due to BigMouth Defendants' willful infringement and ordering BigMouth Defendants to pay to Covves its reasonable attorney fees incurred in this action; and

H. Granting Covves such other and further relief as this Court may deem just and proper.

COMPLAINT FOR
DESIGN PATENT INFRINGEMENT
Case No.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Covves demands a trial by jury on all issues so triable.

DATED: October 3, 2018

Stephen C. McArthur
THE MCARTHUR LAW FIRM, PC

By: /s/ *Stephen C. McArthur*
STEPHEN C. MCARTHUR

Attorney for Plaintiff, Covves, LLC

**CERTIFICATE OF SERVICE**

I, Stephen McArthur, declare:

    I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11400 W. Olympic Blvd. Ste. 200, Los Angeles, California 90064. On October 3, 2018, I served a copy of Defendants Covves, LLC's [Proposed] First Amended Counterclaims by electronic transmission.

    I am familiar with the USDC Central District's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

    Executed on October 3, 2018, at Los Angeles, California.

*/s/ Stephen McArthur*
Stephen McArthur