1  Michael E. Zeliger (State Bar No. 271118)
   michael.zeliger@klgates.com
2  Clayton R. LaPoint (State Bar No. 304522)
   clay.lapoint@klgates.com
3  K&L GATES LLP
4  620 Hansen Way
   Palo Alto, CA 94304
5  T: (650) 798-6700
   F: (650) 798-6701
6
7  *Attorneys for Defendants*
   Saks & Company, LLC,
8  Target Corporation,
   Express, Inc.,
9  Tilly's, Inc.,
   Nordstrom, Inc.,
10 West Marine, Inc., and
   Zulilys LLC
11

12                 UNITED STATES DISTRICT COURT
13                 CENTRAL DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| COVVES, LLC, | Case No. 2:18-cv-08518-GJS |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF COVVES, LLC'S COMPLAINT** |
| v. | |
| DILLARD'S, INC. a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; SAKS & COMPANY LLC., a Delaware Corporation; TARGET BRANDS, INC. a Minnesota Corporation; EXPRESS INC., a Delaware Corporation; TILLY'S, INC. a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; WEST MARINE, INC., a Delaware Corporation, and ZULILY, INC. a Delaware Corporation. | |
| Defendants. | |

1
DEFENDANTS' ANSWER TO PLAINTIFF COVVES, LLC'S COMPLAINT

**RECYCLED PAPER**

Defendants Saks & Company LLC, Target Corporation, Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, LLC., (collectively, "Defendants") by and through the undersigned counsel, respond as follows to the First Amended Complaint (the "Complaint") filed by Covves, LLC ("Plaintiff").

## DEFENDANTS' ANSWER

Defendants answer and aver as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of Plaintiff's Complaint.  All allegations not specifically admitted, denied, or explained, are denied, and Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

1. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 1, and on that basis deny them.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4. Admitted as to Saks & Company but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5. Target Corporation admits that it has been misnamed in this suit and that its address is 1000 Nicollet Mall, Minneapolis, MN 55403.  The remainder of the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6. Admitted as to Express, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Admitted as to Tilly's Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7.

8. Admitted as to Nordstrom, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. Admitted as to West Marine, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. Zulily LLC denies the allegations of Paragraph 10. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. The allegations in Paragraph 11 state a legal conclusion to which no response is required.

12. The allegations in Paragraph 12 state a legal conclusion to which no response is required.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## PATENTS-IN-SUIT

23. Defendants admit that Exhibit 1 appears to be a copy of United States Patent Number D787,617 (the "D'617 Patent").

24. Defendants admit that Exhibit 2 appears to be a copy of United States Patent Number 783,370 (the "D'783 Patent").

25. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 25, and on that basis deny them.

26. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 26, and on that basis deny them.

27. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 27, and on that basis deny them.

28. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 28, and on that basis deny them.

29. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 29, and on that basis deny them.

30. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 30, and on that basis deny them.

31. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 31, and on that basis deny them.

32. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 32, and on that basis deny them.

33. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 33, and on that basis deny them.

## **DEFENDANTS' INFRINGEMENT**

34. Denied.

35. Denied.

36. Defendants deny any infringing similarity between the products portrayed in Paragraph 35 and referenced in Paragraph 36. Defendants admit that the descriptions in Paragraph 36 of physical characteristics are accurate if not inclusive of all physical characteristics relevant to this proceeding.

37. Admitted.

38. Denied.

39. Denied.

40. Defendants deny any infringing similarity between the products portrayed in Paragraph 39 and referenced in Paragraph 40. Defendants admit that the descriptions in Paragraph

40 of physical characteristics are accurate if not inclusive of all physical characteristics relevant to this proceeding.

41. Admitted.

42. Defendants admit that Exhibit 3 portrays a claim chart comparing what Plaintiff titles the "Imitation Giant Unicorn Float" and "Imitation Unicorn Beverage Holder" to the aforementioned Patents-in-Suit.

43. Denied.

44. Denied.

45. Defendants admit that Exhibit 4 portrays Defendants' offering for sale of certain of the aforementioned goods referenced in Plaintiff's Complaint.  Defendants deny any infringing conduct based on such offering of sale.

**FIRST CLAIM FOR RELIEF**

**(Alleged Infringement of U.S. Patent No. D787,617)**

46. Defendants incorporate by reference their responses in the foregoing Paragraphs as if fully set forth herein.

47. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 47, and on that basis deny them.

48. Denied.

49. Denied.

**SECOND CLAIM FOR RELIEF**

**(Alleged Infringement of U.S. Patent No. D783,370)**

50. Defendants incorporate by reference their responses in the foregoing Paragraphs as if fully set forth herein.

51. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 51, and on that basis deny them.

52. Denied.

**PRAYER FOR RELIEF**

1  Defendants deny that Plaintiff is entitled to any of the relief set out in Plaintiff's Prayer for
2  Relief.

3  **DEFENDANTS' AFFIRMATIVE DEFENSES**

4  Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that
5  they would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its
6  claims against Defendants, reserving Defendants' right to assert additional defenses and/or
7  affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any and all
8  of the following defenses, Defendants hereby assert the following affirmative defenses to its
9  Response of Plaintiff's Complaint:

10  **FIRST AFFIRMATIVE DEFENSE**
11  **(FAILURE TO STATE A CLAIM)**

12  Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to
13  plead the allegations with sufficient particularity and has failed to name the correctly legal entity of
14  the defendant.

15  **SECOND AFFIRMATIVE DEFENSE**
16  **(NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)**

17  Defendants have not infringed (either individually or jointly), directly or indirectly,
18  contributed to the infringement of, or induced the infringement of any valid claim of the Patents-in-
19  Suit.

20  **THIRD AFFIRMATIVE DEFENSE**
21  **(INVALIDITY OF THE PATENTS-IN-SUIT)**

22  The asserted claims of the Patents-in-Suit are invalid and/or void because they are anticipated
23  and/or rendered obvious by prior art, are invalid due to false statements provided by the inventor as
24  listed in the application and prosecution documents under the Patents-in-Suit, or otherwise fail to
25  comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more
26  of the following: 35 U.S.C. §§ 101, 102, 103, 112, and 282.

27  **FOURTH AFFIRMATIVE DEFENSE**
28  **(LIMITATION OF DAMAGES)**

On information and belief, Plaintiff's infringement claims are limited and/or barred by the provisions of 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE
### (NO ENHANCED DAMAGES OR ATTORNEY'S FEES)

Defendants have engaged in all relevant activities in good faith, and they have not and are not committing any acts supporting the conclusion that this case is exception or justifies enhanced damages, thereby precluding Plaintiff, even if it prevails, from recovering enhanced damages or reasonable attorneys' fees and/or costs.

### SIXTH AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, implied license, waiver, acquiescence, and/or other equitable doctrines.

### OTHER DEFENSES RESERVED

Defendants reserve all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

### PRAYER FOR RELIEF

Respectfully, Defendants request that the Court:

A.   Dismiss all counts of Plaintiff's Complaint for infringement with prejudice, and award Plaintiff nothing by way of its Complaint;

B.   Declare this case to be exceptional under 35 U.S.C. § 285, and enter a judgment awarding Defendants their costs and reasonable attorneys' fees.

C.   Award Defendants such further relief as the Court may deem just and proper.

Dated: November 15, 2018                    Respectfully submitted,

| | |
|---|---|
| 1 | K&L GATES LLP |
| 2 | |
| 3 | By: /Michael E. Zeliger/ |
| 4 | Michael E. Zeliger (State Bar No. 271118) |
| | michael.zeliger@klgates.com |
| 5 | Clayton R. LaPoint (State Bar No. 304522) |
| 6 | clay.lapoint@klgates.com |
| | K&L GATES LLP |
| 7 | 620 Hansen Way |
| | Palo Alto, CA 94304 |
| 8 | T: (650) 798-6700 |
| 9 | F: (650) 798-6701 |
| 10 | *Attorneys for Defendants* |
| 11 | Saks & Company, LLC, |
| | Target Corporation, |
| 12 | Express, Inc., |
| | Tilly's, Inc., |
| 13 | Nordstrom, Inc., |
| | West Marine, Inc., and |
| 14 | Zulilys LLC |