1  Michael E. Zeliger (State Bar No. 271118)
   michael.zeliger@klgates.com
2  Clayton R. LaPoint (State Bar No. 304522)
   clay.lapoint@klgates.com
3  K&L GATES LLP
   620 Hansen Way
4  Palo Alto, CA 94304
   T: (650) 798-6700
5  F: (650) 798-6701

6  *Attorneys for Defendants*
   Saks & Company, LLC,
7  Target Corporation,
   Express, Inc.,
8  Tilly's, Inc.,
   Nordstrom, Inc.,
9  West Marine, Inc.,
   Zulilys LLC, and
10 Dillard's, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC, | **Case No. 2:18-cv-08518-GJS** |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY THE PRESENT ACTION** |
| vs. | |
| DILLARD'S, INC. a Delaware Corporation; | Hearing Date: Wednesday, January 9, 2019 |
| KOHL'S CORPORATION, a Wisconsin Corporation; | Hearing Time: 10:00 a.m. |
| SAKS & COMPANY LLC., a Delaware Corporation; | Courtroom: 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 640, 6th Floor |
| TARGET BRANDS, INC. a Minnesota Corporation; | Honorable Gail J. Standish |
| EXPRESS INC., a Delaware Corporation; | |
| TILLY'S, INC. a Delaware Corporation; | |
| NORDSTROM, INC., a Washington Corporation; | |
| WEST MARINE, INC., a Delaware Corporation, and | |
| ZULILY, INC. a Delaware Corporation. | |
| Defendants. | |

**Table of Contents**

Page

I.   INTRODUCTION ...........................................................................................................1

II.  BACKGROUND FACTS ...............................................................................................1

   A.   The Indiana Suit – Covves' Claims Against BigMouth Inc. and BigMouth LLC ........1

   B.   The California Suit - Covves' Claims Against the Defendants ...................................1

III. ARGUMENT AND CITATION TO AUTHORITIES....................................................2

   A.   The Customer Suit Exception ......................................................................................2

   B.   The Court Should Stay the Claims Against Defendants Under the Customer Suit Exception ......................................................................................................................4

IV.  CONCLUSION................................................................................................................6

## **TABLE OF AUTHORITIES**

**Cases**                                                                                      **Page(s)**

*DataTern, Inc. v. Staples, Inc.*,
   Case No. 10-133 at 9 (E.D. Tex. Feb. 12, 2012) ...........................................................4

*Gassaway v. Bus. Mach. Sec.*,
   No. CIV.A.8800869WMBGHK, 1988 WL 1091946 (C.D. Cal. May 3, 1988) ............................3

*Kahn v. Gen. Motors Corp.*,
   899 F.2d 1078 (Fed. Cir. 1989)................................................................................3, 5

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990)....................................................................................4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)...............................................................................................2, 4

*Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*,
   Case No. 05-123, 2006 WL 2523137 (M.D. Fla. Aug. 30, 2006) ....................................2

*Sillage LLC v. Kenrose Perfumes Inc.*,
   2015 WL 3649605 (C.D. Cal. June 9, 2015) .............................................................4, 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011)................................................................................2, 4

*Tegic Communs. Corp. v. Bd. Of Regents*,
   458 F.3d 1335 (Fed. Cir. 2006)....................................................................................2

*Wok & Pan, Ind., Inc. v. Staples, Inc.*,
   No. 15-00809 (C.D. Cal. August 25, 2015) (Birotte, J.)................................................3

*WP Banquet, LLC v. Lowe's Companies, Inc.*,
   2016 WL 4472933 (C.D. Cal. August 24, 2016) ..........................................................3

**Other Authorities**

*Brian J. Love & James C. Yoon, Expanding Patent Law's Customer Suit Exception*,
   93 B.U.L.REV. 1605, 1616 (2013)................................................................................2

www.bigmouthinc.com...........................................................................................1

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY THE PRESENT ACTION

## I. INTRODUCTION

Defendants Saks & Company LLC, Target Corporation, Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., Zulily, LLC, and Dillard's, Inc. (collectively, the "Defendants"), by and through the undersigned counsel, respectfully move this Court for an order staying Covves, LLC's ("Covves") claims against them pending resolution of Southern District of Indiana Case No. 1:18-cv-03307-JMS-TAB.

## II. BACKGROUND FACTS

### A. The Indiana Suit – Covves' Claims Against BigMouth Inc. and BigMouth LLC

On October 26, 2018, Covves filed suit in the Southern District of Indiana against Big Mouth LLC and BigMouth Inc. (collectively, "BigMouth"), alleging that BigMouth, in its manufacture and sale of pool float toys, has infringed certain Covves' design patents and trade dress connected to certain of its pool float toys.[1] Central to the dispute are Covves' allegations that it is the creator of a "giant unicorn pool float" and a related inflatable beverage holder, and that it holds valid design patents for these items. BigMouth LLC and BigMouth Inc. were organized and/or incorporated in the state of Indiana. BigMouth is the designer, creator, and manufacturer of, *inter alia*, numerous pool float toys. BigMouth advertises its pool float toys and other items at www.bigmouthinc.com. On November 20, 2018, BigMouth filed an Automatic Extension of Time to Respond to Complaint.[2] BigMouth intends to timely file its answer and counterclaim for a judgment of invalidity of Covves' aforementioned design patents asserted against it.

### B. The California Suit - Covves' Claims Against Defendants

Defendants are customers of the allegedly infringing BigMouth toys at issue. BigMouth sells its products to Defendants, who then sell the products to individual consumers through traditional retail sale. Defendants are merely retailers; they have no involvement in the conception, design, manufacture, or creation of the pool float products.

---

[1] A copy of this complaint in the Southern District of Indiana Case No. 1:18-cv-03307-JMS-TAB is attached as Exhibit A to this motion.

[2] A copy of this filing is attached as Exhibit B to this motion.

On October 25, 2018, merely one day before Covves filed suit against BigMouth in Indiana, Covves filed in this Court its First Amended Complaint for Design Patent Infringement against Defendants, arguing that "Defendants have widely sold, offered for sale, distributed, and advertised" products that misappropriate Covves' design patented goods. These products are identical to those at issue in the Indiana suit. Notably, Covves has not alleged that Defendants have designed, created, or manufactured these products, but merely that they have made these products available for sale. BigMouth is not a named defendant in this California suit.

### III. ARGUMENT AND CITATION TO AUTHORITIES

#### A. The Customer Suit Exception

Courts have inherent power to stay overlapping litigation for the sake of judicial economy. *See* Brian J. Love & James C. Yoon, *Expanding Patent Law's Customer Suit Exception*, 93 B.U.L.REV. 1605, 1616 (2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigant.")). One tool used by courts exercising their inherent power to stay is the "customer suit exception." The customer suit exception states that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Communs. Corp. v. Bd. Of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Resolution of a case between the patentee and the manufacturer of the accused device is more likely to definitively resolve the question of infringement because, after a final resolution of that case, res judicata will generally bar future suits between the patentee and the manufacturer or its customers. Love and Yoon, *supra* at 1617. An additional value of a stay under the customer suit exception is that it avoids the possibility of inconsistent judgements between courts. *Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*, Case No. 05-123, 2006 WL 2523137, at *2 (M.D. Fla. Aug. 30, 2006) (stay will "preserve judicial resources, prevent duplicative expenses, and prevent the possibility of inconsistent judgments.").

However, judicial economy is not the sole aim of the customer suit exception. The customer suit exception is also based on the recognition that a manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement; and to guard against the possibility of abuse." *Kahn v. Gen. Motors Corp.*, 899 F.2d 1078, 1081 (Fed. Cir. 1989). Accordingly, the Central District of California and Federal Circuit generally recognize that "courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *WP Banquet, LLC v. Lowe's Companies, Inc.*, 2016 WL 4472933, at *3 (C.D. Cal. August 24, 2016) (quoting *Spread Spectrum Screening*, 657 F.3d at 1357; see also *Gassaway v. Bus. Mach. Sec.*, No. CIV.A.8800869WMBGHK, 1988 WL 1091946, at *2 (C.D. Cal. May 3, 1988) ("Although there is authority that the first filed case should usually proceed, this Court is not convinced that a stay motion should be decided solely by a race to the courthouse. Far more persuasive is the principle that favors proceeding with a suit against a supplier or manufacturer as a primary defendant, over proceeding with an action against that manufacturer's customers.").

Recently, where a plaintiff did not dispute that (1) the manufacturer, not the customer(s), designed and manufactured the products at issue, (2) named defendants in the first filed suit merely sold the product in their retail stores, and (3) the non-infringement and invalidity claims presented at issue in the later filed plaintiff-manufacturer action are identical to (and will ultimately be dispositive of) the patent infringement claims in the earlier filed action, a court in the Central District of California found the case to be "exactly the sort of customer suit for which the customer-suit exception was designed." Order Staying Action Pending Resolution of Manufacturer Suit in the Eastern District of Tennessee, Dkt. No. 42, at 3, *Wok & Pan, Ind., Inc. v. Staples, Inc.*, No. 15-00809 (C.D. Cal. August 25, 2015) (Birotte, J.).[3] Citing this decision, a sister court in the Central District of California stayed a similar proceeding against Lowe's, a customer (and retail reseller) of allegedly infringing tables created and manufactured by a third party, agreeing that the facts at hand constituted "'a clear-cut example' of the type of lawsuit to which the customer-suit exception applies." *WP Banquet, LLC v. Lowe's Companies, Inc.*, at *4.

---

[3] For convenience, this filing is attached to this motion as Exhibit C.

3
MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY THE PRESENT ACTION

The customer suit exception applies even where issues are not identical between parallel proceedings. Instead, the manufacturer's case need not resolve every issue in the customer suit; it "need only have the potential to resolve the 'major issues' concerning the claims against the customer – not every issue – in order to justify a stay of the customer suits." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); see also *DataTern, Inc. v. Staples, Inc.*, Case No. 10-133 at 9 (E.D. Tex. Feb. 12, 2012), Kt. No. 185 (staying Texas customer suit in favor of New York declaratory judgment action between plaintiff and manufacturer because "'in all likelihood [the New York cases] will settle many [issues] and simplify them all.'" (quoting *Landis*, 299 U.S. at 256)).

Finally, in determining whether to stay proceedings pursuant to the customer suit exception, courts in the Central District of California weigh the potential that the plaintiff would suffer any hardship due to the stay. Generally, a plaintiff will not suffer when a motion to stay is brought early in litigation, and before a trial date has been set. See *Sillage LLC v. Kenrose Perfumes Inc.*, 2015 WL 3649605 (C.D. Cal. June 9, 2015) (motion to stay pursuant to customer suit exception granted where motion was filed early in the proceedings).

**B.     The Court Should Stay the Claims Against Defendants Under the Customer Suit Exception**

Like the Central District of California decisions detailed above, this is a "clear-cut example" of the type of action for which the customer suit exception was designed. Here, none of the nine (9) defendants in this action create, design, or manufacture any of the products under Covves' design patents or trade dress at issue in this proceeding.  Instead, Defendants are merely customers of BigMouth, the manufacturer (otherwise known as the "true defendant" in customer suit exception decisions), and merely resell BigMouth's products to individual consumers through retail sale. The customer suit exception states that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening*, 657 F.3d at 1357. This case constitutes a textbook case of the customer suit exception.

Judicial efficiency would be well served in granting this motion. Covves has named nine (9) defendants to the present action – all customers who merely resell products relevant to Covves' underlying design patent dispute against BigMouth, the manufacturer. By contrast, Covves has named in the Indiana action only two (2) defendants: BigMouth LLC and BigMouth Inc. Staying this action, while allowing the Indiana action to proceed, would lessen the inevitable strain resulting from a co-defense involving nine (9) defendants headquartered in multiple states. Granting a stay would be more efficient also because all relevant documents, materials, and information related to the creation of BigMouth's allegedly infringing goods will surely rest with BigMouth, not far flung amongst nine (9) defendants who have not designed, created, or manufactured any of the goods at issue, and all of whom sell myriad other products completely unrelated to this dispute. BigMouth, not Defendants, is the true defendant in this dispute.

Judicial fairness also favors the granting of this motion. A manufacturer is presumed to have a "greater interest in defending its actions against charges of patent infringement; and to guard against the possibility of abuse." *Kahn*, 899 F.2d at 1081. The true defendant to Covves' claims of patent design and trade dress infringement is not a collection of nine (9) retailers, none of whom create or specialize in the products at issue, but the designer, creator, and manufacturer of these products: BigMouth. BigMouth has an inherent interest not only in litigating and resolving disputes directly involving its products, but also in protecting its customers (the defendants named in this suit) from downstream harm against which they are less capable of resolving than is BigMouth. By staying this action pending the outcome of the Indiana action, this Court will join numerous other courts in the Central District of California that have recognized the efficiency, fairness, and practicality inherent in the granting of the customer suit exception.

Finally, the granting of this motion would not prejudice Covves. Generally, a plaintiff will not suffer when a motion to stay is brought early in litigation, and before a trial date has been set. See *Sillage LLC*, 2015 WL 3649605. These proceedings are in their earliest stages: Defendants file this motion shortly after the filing of their answer to Covves' complaint, and discovery has not yet started. For these reasons, the Court should stay this action pending resolution of the Indiana suit.

5

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY THE PRESENT ACTION

## IV. CONCLUSION

For the foregoing reasons, this proceeding should be stayed under the customer suit exception to the first-to-file rule.

Dated: December 4, 2018                     Respectfully submitted,

                                                        K&L GATES LLP

By: /s/ Michael E. Zeliger
      Michael E. Zeliger
      Clayton R. LaPoint

*Attorneys for Defendants*
Saks & Company, LLC,
Target Corporation,
Express, Inc.,
Tilly's, Inc.,
Nordstrom, Inc.,
West Marine, Inc.,
Zulilys LLC, and
Dillard's, Inc.