Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Ste. 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

Attorneys for Plaintiff
COVVES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC., a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation, and<br>ZULILY, INC. a Delaware Corporation.<br>　　　　　　Defendants. | **Case No. 2:18-cv-08518-RGK-AFM**<br><br>**SECOND AMENDED COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Covves, LLC alleges as follows for its Complaint for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, against Defendants Dillard's, Inc, Kohl's Corporation, Saks & Company LLC, Target Brands, Inc, Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants").

## THE PARTIES

1. Plaintiff Covves, LLC ("Covves") is a limited liability company, duly organized and existing under the laws of the State of California, located at 23145 Kashiwa Court, Torrance, California 90505.

2. Upon information and belief, Defendant Dillard's Inc. is a corporation, organized and existing under the laws of the state of Delaware, with an address of 1600 Cantrell Road, Little Rock, AR 72201-1145.

3. Upon information and belief, Defendant Kohl's Corporation is a corporation, organized and existing under the laws of Wisconsin, with an address of N56W17000 Ridgewood Dr. Menomonee Falls, WI 53051.

4. Upon information and belief, Defendant Saks & Company LLC is a limited liability company, organized and existing under the laws of the state of Delaware, with an address of 225 Liberty Street 31st Floor, New York City, New York State 10281-0097

5. Upon information and belief, Defendant Target Brands, Inc. is a corporation, organized and existing under the laws of Minnesota, with an address of 1010 Dale St N St Paul, MN 55117.

6. Upon information and belief, Defendant Express, Inc. is a corporation, organized and existing under the laws of Delaware, with an address of 1 Express Drive, Columbus, Ohio 43230.

7. Upon information and belief, Defendant Tilly's, Inc. is a corporation, organized and existing under the laws of Delaware, with an address of 10 Whatney, Irvine, California 92618.

8. Upon information and belief, Defendant Nordstrom, Inc. is a corporation, organized and existing under the laws of Washington, with an address of 1617 Sixth Avenue, Seattle, Washington.

9. Upon information and belief, Defendant West Marine, Inc. is a corporation, organized and existing under the laws of Delaware, with an address of 500 Westridge Dr., Watsonville, CA 95076.

10. Upon information and belief, Defendant Zulily, Inc. is a corporation, organized and existing under the laws of Delaware, with an address of 2601 Elliot Ave, Suite 200, Seattle, WA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants because they do substantial business and sales in this District and advertise, distribute, offer for sale and sell products that infringe Covves' patents in this District. Defendants have committed tortious acts in this District against Covves, whose principle place of business is located in this District.

13. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

14. Specifically, venue is proper over Defendant Dillard's Inc. pursuant to 28 U.S.C. § 1400(b) because Dillard's, Inc. has committed acts of infringement and has regular and established places of business in this district, including a store located at 1255 Rancho Vista Blvd, Palmdale, CA 93551.

15. Venue is proper over Defendant Kohl's Corporation pursuant to 28 U.S.C. § 1400(b) because Kohl's Corporation has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 8739 S. Sepulveda Blvd., Westchester, CA, 90045; (b) 1201 Fremont Ave, Alhambra, CA, 91803; and (c) 8501 Laurel Canyon Blvd.,

1  Sun Valley, CA 91352.

2  16. Venue is proper over Defendant Saks & Company LLC pursuant to 28 U.S.C. § 1400(b) because Saks & Company LLC has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 100 N. La Cienega Blvd., Los Angeles, CA 90048; (b) 21500 Victory Blvd., Los Angeles, CA 91367, and (c) 9600 Wilshire Blvd., Beverly Hills, CA 90212.

17. Venue is proper over Defendant Target Brands, Inc. pursuant to 28 U.S.C. § 1400(b) because Target Brands, Inc. has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 3535 La Cienega Blvd., Los Angeles, CA 90016; (b) 735 S. Figueroa St., Los Angeles, CA 90017; (c) 8480 Beverly Blvd. #1a, Los Angeles, CA 90048; (d) 3131 S. Hoover St. #1910, Los Angeles, CA 90089; (e) 3471 W. Century Blvd., Inglewood, CA 90301; and (f) 6000 Sepulveda Blvd., Ste 2250, Culver City, CA 90230.

18. Venue is proper over Defendant Express, Inc. pursuant to 28 U.S.C. § 1400(b) because Express, Inc. has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 8522 Beverly Blvd., Los Angeles, CA 90048; (b) 10800 Pico Blvd., Los Angeles, CA 90064, and (c) 100 W. Broadway, Glendale, CA 91210.

19. Venue is proper over Defendant Tilly's, Inc. pursuant to 28 U.S.C. § 1400(b) because Tilly's, Inc. has committed acts of infringement and has regular and established places of business in this district, including its principal executive offices located at 10 Whatney, Irvine, California 92618.

20. Venue is proper over Defendant Nordstrom, Inc. pursuant to 28 U.S.C. § 1400(b) because Nordstrom, Inc. has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 189 The Grove Dr., Los Angeles, CA 90036; and (b) 10250

Santa Monica Blvd., Los Angeles, CA 90067.

21. Venue is proper over Defendant West Marine, Inc. pursuant to 28 U.S.C. § 1400(b) because West Marine, Inc. has committed acts of infringement and has regular and established places of business in this district, including the following store locations: (a) 4750 Admiralty Way, Marina Del Rey, CA 90292; (b) 3433 Via Lido, Newport Beach, CA 92663, and (c) 203 N. Harbor Blvd., San Pedro, CA 90731.

22. Venue is proper over Defendant Zulily, Inc. pursuant to 28 U.S.C. § 1400(b) because Zulily has committed acts of infringement and has regular and established places of business in this district. At this time, Covves does not know the specific address where Zulily conducts business in this district, but publicly available information indicates that numerous employees and buyers for Zulily work and reside in this district. Moreover, Zulily has targeted promotions specifically at residents in this district, including by offering special promotions to customers who are fans of the Los Angeles Angels. *See* Zulily Ticket Offer for the Los Angeles Angels, *available at*: https://www.mlb.com/angels/tickets/specials/zulily. More broadly, Zulily has registered to do business in California and has appointed an agent to accept service of process in this state. In addition, Zulily's website includes a notice indicating its compliance with California's Transparency in Supply Chains Act, which is required for companies that do business in California. *See* Zulily's website, California Transparency in Supply Chains Act, *available at*: https://www.zulily.com/ca-transparency-in-supply-chains-act.

## PATENTS-IN-SUIT

23. United States Patent Number D787,617 (the "D'617" patent) is titled "Inflatable Toy" and was filed on August 24, 2015, and was duly and validly issued by the United States Patent and Trademark Office on May 23, 2017. A true and correct copy of the D'617 patent is attached to and incorporated herein as

**Exhibit 1**.

24.   United States Patent Number D783,370 (the "D'370" patent) is titled "Inflatable Beverage Holder" and was filed on November 8, 2016, and was duly and validly issued by the United States Patent and Trademark Office on April 11, 2017. A true and correct copy of the D'370 patent is attached and incorporated herein as **Exhibit 2**.

25.   Covves is the owner by assignment of all right, title, and interest in the D'617 patent and the D'370 patent (collectively, the "Patents-in-Suit"), including all rights to sue and collect for past, present, and future damages.

26.   Covves sells high-quality inflatable pool toys under the "Kololo", "#Floaty", and "#GetFloaty" brand names.

27.   Covves' invented the unicorn pool float, sold as the "Giant Unicorn," and popularized it worldwide as one of the most popular inflatable pool toys of 2016 and 2017. This toy has a unique patented design, which is protected by the D'617 patent.

28.   Covves also sells a popular Mini Unicorn Cup Holder with a unique design protected by the D'370 patent.

29.   Adult-sized unicorn floats and mini cupholder unicorn floats did not exist before Covves invented and popularized them.

30.   Covves practices both of the Patents-in-Suit domestically and worldwide, selling products embodying the patents from various channels including its website (https://getfloaty.com/), wholesale (https://www.floatywholesale.com/), and from online retailers, including Amazon.com (https://www.amazon.com/FLOATY/b/ref=bl_dp_s_web_14394022011?ie=UTF8&node=14394022011&field-lbr_brands_browse-bin=FLOATY).

31.   Covves has over 35,000 followers on its Instagram (https://www.instagram.com/getfloaty/?hl=en), which primarily consists of

photographs of products that embody the Patents-in-Suit.

32. Covves unicorn floats embodying the Patents-in-Suit have been featured on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among many other outlets.

33. Covves has a history of arms-length licensing deals with third parties, licensing the unicorn pool floats for $10.00 per float and the unicorn cupholders for $1.00 per cupholder.

## DEFENDANTS' INFRINGEMENT

34. Attempting to capitalize on Covves' hard work, intellectual property, and success, and without compensating Covves or obtaining a license, Defendants have widely sold, offered for sale, distributed, and advertised imitation unicorn pool floats that misappropriate the patented design of Covves' Giant Unicorn (collectively referred to as the "Imitation Giant Unicorn Floats").

35. Defendants have sold Imitation Giant Unicorn Floats under various names including but not limited to: "Giant Unicorn Pool Float", "Giant Sparkly Unicorn Pool Float", "Sparkles The Unicorn Lil' Float", "Glitter Wing Unicorn Pool Float", "Unicorn Lil Float", "Bright Unicorn Tube Pool Float", and "Unicorn Pride Pool Float". Certain Imitation Giant Unicorn Floats are shown below:




36. A side-by-side comparison, shown below, demonstrates how one of the Imitation Giant Unicorn Floats (right) misappropriates Covves' Giant Unicorn design (left, protected by the D'617 patent):




37. The image above is demonstrative of the similarity. Both feature a raft body with an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a mane. The mane begins behind the horn and rests atop the head and neck between the pointed ears. A tail is affixed to the rear of the raft body.

38. Pictured below is Covves' patented "Giant Unicorn" product (left) and one of the Imitation Giant Unicorn Float sold by certain Defendants (right).



39. Certain Defendants have also sold, offered for sale, distributed, and advertised a unicorn beverage holder that illegally misappropriates the patented design of Covves' Mini Unicorn Cup Holder, protected by the D'370 (the

"Imitation Unicorn Beverage Holder"). Defendants have advertised and sold Imitation Unicorn Beverage Holders under various names, including but not limited to: "Unicorn Beverage Boats", "Magical Unicorn Bev Boats", and "Unicorn Bev Boats". Certain Imitation Unicorn Beverage Holders are shown below:



40. A side-by-side comparison, shown below, demonstrates how the Imitation Unicorn Beverage Holder (right) misappropriates the patented design of Covves' Mini Unicorn Cup Holder (left, protected by the D'370 patent):



41. The image above is demonstrative of the similarity. Both feature a rounded body with a rounded empty space in the center. Affixed to the body is an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a mane. The mane begins behind the horn and rests atop the head and neck.

The eye is comprised of a black circle, containing a smaller white circle. A tail is affixed to the rear of the rounded body.

42. Below is a side-by-side of Covves' patented "Mini Unicorn Cupholder" product (left) and the Imitation Unicorn Beverage Holder (right), sold by certain Defendants:

 

43. Defendants' Imitation Unicorn Beverage Holder also misappropriates the patented design protected by the D'617 patent.

44. A claim chart comparing both of the Patents-in-Suit to certain Imitation Giant Unicorn Floats and Imitation Unicorn Beverage Holders (collectively, the "Infringing Products") is attached as **Exhibit 3**.

45. The designs of the Imitation Giant Unicorn Floats and the Imitation Unicorn Beverage Holders are substantially the same as the design protected by the D'617 patent such as to deceive an ordinary observer into inducing him or her to purchase Defendants' products supposing them to be Covves'.

46. The designs of the Imitation Unicorn Beverage Holders are substantially the same as the design protected by the D'370 patent such as to deceive an ordinary observer into inducing him or her to purchase the Imitation Unicorn

Beverage Holders supposing them to be Covves'.

47. Defendants selling, offering for sale, distributing, and advertising the Imitation Giant Unicorn Floats and Imitation Unicorn Beverage Holders have directly infringed the D'617 patent.

48. Defendants selling, offering for sale, distributing, and advertising the Imitation Unicorn Beverage Holders have directly infringed the D'370 patent.

49. Representative examples of how Defendants have offered the Infringing Products for sale are available via following links:

- **Dillard's**: https://www.dillards.com/p/bigmouth-inc.-unicorn-pool-float/507916390?di=05329766_zi_multi&categoryId=-10005&facetCache=pageSize%3D96%26beginIndex%3D0%26orderBy%3D1

- **Kohl's**: https://www.kohls.com/product/prd-3207539/bigmouth-inc-3-pack-1-bonus-beverage-boats.jsp?color=Unicorn&prdPV=2

- **Saks & Company**: https://m.saksoff5th.com/pd.jsp?PRODUCT%3C%3Eprd_id=845524442483429&site_refer=CSE_GGLPRADS001_OFF&gclid=EAIaIQobChMIicHDn-vZ3QIVmNdkCh0SgABJEAQYAyABEgKl-fD_BwE&gclsrc=aw.ds&productCode=0400098769236

- **Target**: https://www.target.com/p/big-mouth-toys-unicorn-pool-float-white/-/A-52990127

  And: https://www.target.com/p/big-mouth-toys-unicorn-lil-float-white/-/A-52990064

  And: https://www.target.com/p/big-mouth-toys-unicorn-beverage-boatswhite-3pk/-/A-52990144

- **West Marine**: https://www.westmarine.com/buy/big-mouth--giant-unicorn-pool-float--19276674

- **Tilly's**: https://www.tillys.com/product/bigmouth-inc.-2-pack-inflatable-

unicorn-beverage-boats/323236957.html

- **Nordstrom**: https://shop.nordstrom.com/s/bigmouth-inc-unicorn-pool-float/4985852
- **Express**: https://www.express.com/clothing/women/bigmouth-inc-sparkly-unicorn-pool-float/pro/01167422/
- **Zulily**: https://www.zulily.com/p/unicorn-beverage-boat-set-of-two-5675-54293873.html?search_pos=83&search_page=2&fromSearch=true

Representative screenshots from the foregoing links are included as **Exhibit 4.**

## FIRST CLAIM FOR RELIEF
## (Infringement of US. Patent No. D787,617)

50. Covves repeats and realleges the allegations of the foregoing Paragraphs as if fully set forth herein.

51. Covves is the owner of the D'617 patent.

52. Defendants Dillard's, Express, Kohl's, Nordstrom, Saks & Company, Target, Tilly's, West Marine, and Zulily have directly infringed and are still infringing the D'617 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting Imitation Giant Unicorn Floats or Imitation Unicorn Beverage Holders that embody the design protected by Covves' D'617 patent.

53. Covves has been damaged, in an amount to be determined, as a direct and proximate result of the named Defendants' infringement of the D'617 patent.

## SECOND CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. D783,370)

54. Covves repeats and realleges the allegations of the foregoing Paragraphs as if fully set forth herein.

55. Covves is the owner of the D'370 patent.

56. Defendants Express, Kohls, Saks & Company, Target, Tilly's, and Zulily have directly infringed and are still infringing the D'370 patent under 35 U.S.C. §

271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting Imitation Unicorn Beverage Holders that embody the design protected by Covves' D'370 patent.

57. Covves has been damaged, in an amount to be determined, as a direct and proximate result of the named Defendants' infringement of the D'370 patent.

## PRAYER FOR RELIEF

WHEREFORE, Covves respectfully requests the Court to enter judgment in favor of Covves and against the Defendants as to all claims asserted herein as follows:

A. Granting a judgment that Defendants Dillard's, Express, Kohl's, Nordstrom, Saks & Company, Target, Tilly's, West Marine, and Zulily have infringed the D'617 patent.

B. Granting a judgment that Defendants Express, Kohls, Saks & Company, Target, Tilly's, and Zulily have infringed the D'370 patent.

C. An order and judgment permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted design patents;

D. An accounting of Defendants' profits;

E. A judgment awarding Covves Defendants' total profits pursuant to 35 U.S.C. § 289;

F. An order for Defendants to pay to Covves actual damages adequate to compensate for the infringement in the form of a reasonable royalty for the use made of the patented inventions by Defendants, together with prejudgment and post judgment interest and costs, in accordance with 35 U.S.C. § 284;

G. Granting Covves such other and further relief as this Court may deem just

and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Covves demands a trial by jury on all issues so triable.

DATED: September 23, 2019

Stephen C. McArthur
THE MCARTHUR LAW FIRM, PC


By: *Stephen McArthur*
    STEPHEN C. MCARTHUR

Attorney for Plaintiff, Covves, LLC