Morgan Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln St.
Boston, MA 02111
Telephone: (617) 261-3100

*Attorneys for Defendants*, DILLARD'S, INC., *et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC. a Delaware Corporation.<br><br>        Defendants. | Case No. 2:18-CV-8518-GJS<br><br>**Discovery Document: Referred to Magistrate Judge Alexander F. MacKinnon**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**Hearing Date**: October 8, 2019<br>**Time**: 10:00am<br>**Courtroom**: 780, 7th Floor<br>**Magistrate**: Honorable Alexander F. MacKinnon<br><br>**Discovery Cut-off**: October 15, 2019<br>**Pretrial conference**: January 6, 2020<br>**Trial**: January 14, 2020 |

|   |   |
|---|---|
| 1 | Pursuant to L.R. 37-2.3, Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc. Express, Inc., Tilly's, Inc. Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (together, "Defendants"), by and through their respective attorneys of record, hereby submit this supplemental memorandum in support of their opposition to Plaintiff's motion to compel. Dkt. 89. Defendants continue to rely on the arguments contained in the Stipulation filed with the Court on September 16 (Dkt. 89) and provide this supplemental memorandum only to point out to the Court plaintiff Covves, LLC's ("Covves") prior inconsistent statement on the scope of what discovery it required in this case. |

While Covves' motion to compel now seeks broad email discovery from unlimited custodians; earlier in this case, in opposing Defendants' motion to stay this case pending the resolution of the parallel suit in Indiana Federal Court between Bigmouth and Covves - the manufacturers of the Accused Products - Covves argued to the Court that the discovery sought in this case among the retailers was limited. It argued to the Court that "the primary issue in this case is not the conception, design manufacture, or creation of the infringing floats… Rather, the key disputed issue is the amount of damages for Defendants' infringement, which will involve inspecting Defendants' point-of-sale records." Dkt. 50 at p. 14 (internal quotations omitted). Covves went on to argue that "as previously discussed, ***the key dispute in this case is Defendants' liability for damages, which will be resolved by examining Defendants' documents regarding their sales of the infringing products***. To the extent Defendants need information regarding the creation of the infringing floats, they can easily obtain that information from BigMouth." *Id*. at 20 (emphasis added).

Thus, from the outset of this case, Covves has argued to the Court that the primary issue is not the creation of the floats, but "the key dispute" in this case is the amount of damages. It is undisputed that Defendants have provided their point of sale data - exactly what Covves said it needed at the outset of this case.

303797037 v2

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - Case No. 2:18-cv-8518-GJS

- 1 -

1    "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr.,* 832 F.3d 1024, 1044 (9th Cir. 2016) (quoting *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001)). Three factors "inform the decision whether to apply the doctrine in a particular case." *Id.* (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001)). "First, a party's later position must be `clearly inconsistent' with its earlier position." *New Hampshire,* 532 U.S. at 750 (citation omitted). "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.'" *Id.* (citation omitted). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. The facts of this case easily meet each of the three factors and Covves should be judicially estopped from changing its positions and seeking documents beyond Defendants' sales data.

   As to the first factor, there is little doubt that Covves' initial position in opposing the motion to stay was that the "key dispute" in this case was sales data and that it only needed the sales data in order to move this case forward. Second, there is no doubt that the Court agreed with this argument and denied Defendants' motion to stay. Dkt. 53. Lastly, the third prong is satisfied as it would be unjust for Covves to argue that the only discovery it needed was sales data and then turn around and seek expansive discovery on topics unrelated to the "key dispute" in the case - sales data. For each of these reasons, Covves should be judicially estopped from changing its earlier position as to what is the "key dispute" in this case.

   Lastly, as Defendants argue in their stipulation, the cost of responding to document requests by collecting, reviewing and producing emails is far outweighed

303797037 v2

- 2 -

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - Case No. 2:18-cv-8518-GJS

1  by Covves' needs in this case.  As shown above, Covves has made clear that the
2  "key dispute" is the sales data from the Defendants.  Where most of the Defendants
3  have sold less than twenty-thousand dollars' worth of accused products, the cost to
4  respond to expansive email requests is clearly not proportional to the needs of the
5  case when Covves itself admits that any topic outside of sales data is only a
6  secondary issue in this lawsuit.
7      For each of these reasons, and for those explained in the previously filed
8  stipulation, Defendants respectfully request that the Court deny Covves' motion to
9  compel.

DATED:  September 24, 2019

Respectfully submitted,

K&L GATES LLP

By: */s/ Morgan T. Nickerson*
Morgan T. Nickerson
Attorneys for Defendants

303797037 v2

- 3 -

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - Case No. 2:18-cv-8518-GJS