1  Caitlin C. Blanche
   (State Bar No. 254109)
2  caitlin.blanche@klgates.com
   **K&L Gates LLP**
3  1 Park Plaza, Twelfth Floor
   Irvine, CA 92614
4  Tel: (949) 623-3526
   Fax: (949) 253-0902
5
   Christopher Centurelli *(pro hac vice pending)*
6  Jeffery S. Patterson *(pro hac vice)*
   Morgan T. Nickerson *(pro hac vice)*
7  Natasha C. Pereira *(pro hac vice pending)*
   **K&L Gates LLP**
8  State Street Financial Center
   One Lincoln Street
9  Boston, MA  02111
   Tel:  (617) 261-3100
10 Fax:  (617) 261-3175

11 *Attorneys for Defendants*

12

UNITED STATES DISTRICT COURT

13

CENTRAL DISTRICT OF CALIFORNIA

14

15 COVVES, LLC,

**Case No. 2:18-cv-08518-RGK-AFM**

16             Plaintiff,

**DEFENDANTS' ANSWER TO PLAINTIFF COVVES, LLC'S SECOND AMENDED COMPLAINT**

17 v.

18 DILLARD'S, INC. a Delaware Corporation;
19 KOHL'S CORPORATION, a Wisconsin Corporation;
20 SAKS & COMPANY LLC., a Delaware Corporation;
21 TARGET BRANDS, INC. a Minnesota Corporation;
22 EXPRESS, INC., a Delaware Corporation;
23 TILLY'S, INC. a Delaware Corporation;
24 NORDSTROM, INC., a Washington Corporation;
25 WEST MARINE, INC., a Delaware Corporation,
26 and
   ZULILY, INC. a Delaware Corporation.
27
              Defendants.
28

1
DEFENDANTS' ANSWER TO PLAINTIFF COVVES, LLC'S SECOND AMENDED COMPLAINT

Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, LLC., (collectively, "Defendants")  by and through their undersigned counsel, respond as follows to the Second Amended Complaint (the "Complaint") filed by Covves, LLC ("Plaintiff").

## DEFENDANTS' ANSWER

Defendants answer and aver as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of Plaintiff's Complaint.  All allegations not specifically admitted, denied, or explained, are denied, and Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

1. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 1, and on that basis deny them.

2. Admitted as to Dillard's, Inc. but the remaining defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. Admitted as to Kohl's Corporation but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4. Admitted as to Saks & Company but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5. Target Corporation admits that it has been misnamed in this suit and that its address is 1000 Nicollet Mall, Minneapolis, MN 55403.  The remainder of the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6. Admitted as to Express, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Admitted as to Tilly's, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7.

8. Admitted as to Nordstrom, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

1     9.    Admitted as to West Marine, Inc. but the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

    10.    Zulily LLC denies the allegations of Paragraph 10. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

## JURISDICTION AND VENUE

    11.    The allegations in Paragraph 11 state a legal conclusion to which no response is required.

    12.    The allegations in Paragraph 12 state a legal conclusion to which no response is required.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

    22.    Denied.

## PATENTS-IN-SUIT

    23.    Defendants admit that Exhibit 1 appears to be a copy of United States Patent Number D787,617 (the "D'617 Patent").

    24.    Defendants admit that Exhibit 2 appears to be a copy of United States Patent Number 783,370 (the "D'370 Patent").

    25.    Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 25, and on that basis deny them.

26. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 26, and on that basis deny them.

27. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 27, and on that basis deny them.

28. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 28, and on that basis deny them.

29. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 29, and on that basis deny them.

30. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 30, and on that basis deny them.

31. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 31, and on that basis deny them.

32. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 32, and on that basis deny them.

33. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 33, and on that basis deny them.

## **DEFENDANTS' INFRINGEMENT**

34. Denied.

35. Defendants deny selling imitation floats as characterized in Paragraph 35. Defendants admit they sold products with some of these names.

36. Denied.

37. Defendants deny any infringing similarity between the products portrayed in Paragraph 36 and referenced in Paragraph 37. Defendants admit that the descriptions in Paragraph 36 of physical characteristics are accurate if not inclusive of all physical characteristics relevant to this proceeding.

38. Admitted as to Covves' product appears to be on the left and Defendants' product appears to be on the right. Defendants deny the remaining allegations of this paragraph.

39. Denied.

1  40.  Denied.

2  41.  Defendants deny any infringing similarity between the products portrayed in Paragraph 40 and referenced in Paragraph 41. Defendants admit that the descriptions in Paragraph 41 of physical characteristics are accurate if not inclusive of all physical characteristics relevant to this proceeding.

42.  Admitted as to Covves' product appears on the left and Defendants' product appears to be on the right. Defendants deny the remaining allegations of this paragraph.

43.  Denied.

44.  Defendants admit that Exhibit 3 portrays a claim chart comparing what Plaintiff titles the "Imitation Giant Unicorn Float" and "Imitation Unicorn Beverage Holder" to the aforementioned Patents-in-Suit. Defendants deny the remaining allegations of this paragraph.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Defendants admit that Exhibit 4 portrays Defendants' offering for sale of certain of the goods referenced in Plaintiff's Complaint. Defendants deny the remaining allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

### (Alleged Infringement of U.S. Patent No. D787,617)

50.  Defendants incorporate by reference their responses in the foregoing Paragraphs as if fully set forth herein.

51.  Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 47, and on that basis deny them.

52.  Denied.

53.  Denied.

## SECOND CLAIM FOR RELIEF

### (Alleged Infringement of U.S. Patent No. D783,370)

54. Defendants incorporate by reference their responses in the foregoing Paragraphs as if fully set forth herein.

55. Defendants lack sufficient factual basis to determine the accuracy of the allegations in Paragraph 55, and on that basis deny them.

56. Denied.

57. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set out in Plaintiff's Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its claims against Defendants, reserving Defendants' right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Defendants hereby assert the following affirmative defenses to its Response of Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to plead the allegations with sufficient particularity and has failed to name the correctly legal entity of the defendant.

## SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

Defendants have not infringed (either individually or jointly), directly or indirectly, contributed to the infringement of, or induced the infringement of any valid claim of the Patents-in-Suit.

### THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE PATENTS-IN-SUIT)

The asserted claims of the Patents-in-Suit are invalid and/or void because they are anticipated and/or rendered obvious by prior art, are invalid due to false statements provided by the inventor as listed in the application and prosecution documents under the Patents-in-Suit, or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more of the following: 35 U.S.C. §§ 101, 102, 103, 112, and 282.

### FOURTH AFFIRMATIVE DEFENSE
### (LIMITATION OF DAMAGES)

On information and belief, Plaintiff's infringement claims are limited and/or barred by the provisions of 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE
### (NO ENHANCED DAMAGES OR ATTORNEY'S FEES)

Defendants have engaged in all relevant activities in good faith. Defendants have not committed, nor are Defendants committing, any acts supporting the conclusion that this case is exceptional or justifies enhanced damages, thereby precluding Plaintiff, even if it prevails, from recovering enhanced damages or reasonable attorneys' fees and/or costs.

### SIXTH AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, implied license, waiver, acquiescence, and/or other equitable doctrines.

7
DEFENDANTS' ANSWER TO PLAINTIFF COVVES, LLC'S SECOND AMENDED COMPLAINT

**OTHER DEFENSES RESERVED**

Defendants reserve all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

**PRAYER FOR RELIEF**

Respectfully, Defendants request that the Court:

A. Dismiss all counts of Plaintiff's Complaint for infringement with prejudice, and award Plaintiff nothing by way of its Complaint;

B. Declare this case to be exceptional under 35 U.S.C. § 285, and enter a judgment awarding Defendants their costs and reasonable attorneys' fees.

C. Award Defendants such further relief as the Court may deem just and proper.

Dated: October 1, 2019

Respectfully submitted,

By: */s/ Morgan T. Nickerson*

Caitlin C. Blanche (State Bar No. 254109)
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 623-3526
Fax: (949) 253-0902

Christopher Centurelli (*pro hac vice pending*)
Jeffery S. Patterson (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Natasha C. Pereira ((*pro hac vice pending*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tel:  (617) 261-3100
Fax:  (617) 261-3175

*Attorneys for Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company, LLC, Target Corporation, Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulilys LLC*