UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  **2:18-cv-08518 RGK (AFMx)**                    Date:  **October 9, 2019**

Title       **Covves, LLC v. Dillard's, Inc., et al.**

Present:  The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Stephen C. McArthur | Morgan Nickerson |

**Proceedings (In Chambers):  ORDER (1) GRANTING IN PART/DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 89); and (2) DENYING REQUEST FOR REASONABLE EXPENSES (ECF No. 100)**

The parties have filed a joint stipulation concerning Plaintiff's motion to compel production of documents and interrogatory answers (ECF No. 89), and each side has filed a supplemental brief (ECF Nos. 99, 100).  On October 8, 2019, this matter came before the Court for a hearing.  As set forth below, the Court grants in part and denies in part the motion to compel.

1.    Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Discovery need not be admissible in evidence to be discoverable.  *Id.*  However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  **2:18-cv-08518 RGK (AFMx)**                    Date:  **October 9, 2019**

Title        **Covves, LLC v. Dillard's, Inc., et al.**

discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).
In response to requests for production, a party has an obligation under Fed. R. Civ. P. 34
to produce non-objectionable, response documents within the party's possession custody
or control.  Further, the Federal Rules of Civil Procedure must be "construed,
administered, and employed by the court and the parties to secure the just, speedy, and
inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

2.   Plaintiff seeks to compel Defendants to produce documents relating to Defendants'
revenues and profits, as well as to answer interrogatories directed to profits and revenues
of each Defendant.  Plaintiff seeks these documents because they are relevant to the
damages associated with the alleged infringement of the design patents in suit.  *See* 35
U.S.C. §289; *Samsung Elecs. Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429 (2016).  Plaintiff also
seeks documents on topics that it contends go to the Defendants' alleged willfulness.  *See
Halo Elecs., Inc. v Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1933 (2016).  Defendants respond
to each of Plaintiff's requests with objections that are generally boilerplate.  Nevertheless,
the thrust of these objections is that Plaintiff's requests are not proportional to the needs
of the case given the relatively small amount of alleged infringing sales at issue for each
Defendant.  While proportionality is an important consideration under Rule 26,
Defendants' arguments in this regard are somewhat general and at times lacking in
specific facts.  In addition, Defendants have not made persuasive arguments against the
relevancy of requests going to revenue, profits and alleged willfulness.

3.   Having considered the requests at issue, Defendants' responses and objections and
the arguments of counsel, the Court orders Defendants to provide the following, which it
finds to be relevant to the claims and defenses at issue and proportional to the needs of
the case:

(a) If not already produced, each Defendant shall produce documents that reflect
its revenues from sales of the allegedly infringing products on a monthly or
quarterly basis.  Each Defendant shall also provide a sworn statement from a
knowledgeable person at the company that shall authenticate the pertinent
sales documents, verify that the documents come from the company's regular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  **2:18-cv-08518 RGK (AFMx)**                    Date:  **October 9, 2019**

Title      **Covves, LLC v. Dillard's, Inc., et al.**

course of business reporting system, and confirm that the information reflected in the documents is complete, true and accurate for the reported period.  Each Defendant shall further produce updated monthly or quarterly reports that present the most current sales data reasonably available to it.

(b)  If not already produced, each Defendant shall produce documents that reflect its profits from sales of the allegedly infringing products on a monthly or quarterly basis.  Each Defendant shall also provide a sworn statement from a knowledgeable person at the company that shall authenticate the pertinent profit documents, verify that the documents come from the company's regular course of business reporting system, and confirm that the information reflected in the documents is complete, true and accurate.  Each Defendant shall further produce updated monthly or quarterly reports that present the most current profit data reasonably available to it.  In addition, the sworn statement of the knowledgeable person shall include an explanation of how the profit amounts in the produced reports were calculated, with an identification of the costs/expenses that were deducted from revenue to arrive at the profit amounts.

(c)  Regarding documents relating to alleged willfulness, each Defendant (other than Target) shall identify three individuals at the company who by virtue of their positions would be reasonably likely to have documents related to Covves or the patents in suit – if the company were to have communications or documents concerning these topics.  For each of the three identified individuals, Defendants shall run searches (using the search functionality of the pertinent email program) of the inbox, sent items, drafts, archive and deleted items in the individuals' email accounts.  The search terms to be used are "Covves," the full patent numbers for the patents in suit, and the shortened patent numbers for the patents in suit.  Defendants shall produce non-privileged responsive documents that are identified by these searches and shall list on a privilege log any responsive documents that are identified but withheld from production on the basis of attorney-client privilege or attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  **2:18-cv-08518 RGK (AFMx)**                    Date:  **October 9, 2019**

Title     **Covves, LLC v. Dillard's, Inc., et al.**

work product.  Whether or not any responsive documents are identified and produced, Defendants shall inform Plaintiff of the names and positions of the three individuals at each company whose email accounts were searched.  Both sides have acknowledged that Target previously conducted a search for responsive documents in this area, and therefore, the Court is excluding Target from this portion of the order.

4.  The discovery required by this order shall be completed by Defendants on or before October 15, 2019, which is the discovery cutoff date set by the District Judge.

5.  Plaintiff's request for an award of reasonable expenses (including attorneys' fees) is denied.  The discovery requests originally served by Plaintiff were broader than the relief granted by the Court, and Plaintiff did not prevail on all of its arguments or on the full extent of the requests.  Moreover, Defendants have already produced certain documents relating to revenue and profits, and its concerns regarding proportionality were not unfounded.  In these circumstances, the Court finds that it would not be in the interests of justice to award reasonable expenses to Plaintiff in connection with the motion to compel.

   IT IS SO ORDERED.

|                              | :        |
|------------------------------|----------|
| **Initials of Preparer**     | ib       |