Caitlin C. Blanche (State Bar No. 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 623-3526
Fax: (949) 253-0902

Christopher Centurelli
Jeffrey S. Patterson
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DILLARD'S, INC. a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; SAKS & COMPANY LLC, a Delaware Corporation; TARGET BRANDS, INC., a Minnesota Corporation; EXPRESS INC., a Delaware Corporation; TILLY'S, INC., a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; WEST MARINE, INC., a Delaware Corporation, And ZULILY, INC., a Delaware Corporation,<br><br>    Defendants. | **Case No. 2:18-cv-08518-RGK-AFM**<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE TESTIMONY AND DOCUMENTARY EVIDENCE REGARDING REASONABLE ROYALTY DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>Hearing Date: January 14, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850, 255 E. Temple St., Los Angeles, CA 90012 |

i

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, January 14, 2020, at 9:00 a.m. or as soon thereafter as this matter may be heard, in the courtroom of the Honorable R. Gary Klausner of the United States District Court for the Central District of California, located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California 90012, Courtroom 850, 8th Floor, Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants") will and hereby move *in limine* for this Court to preclude any testimony and evidence regarding a reasonable royalty at trial.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place telephonically on November 21, 2019.  The parties did not reach a resolution.

This motion is based upon this notice of motion and motion, the accompanying memorandum, as well as all of the pleadings and other documents on file in this case, and any other future argument or evidence that may be received by the Court.

//
//
//
//
//
//
//
//
//
//
//

DEFENDANTS' MOTION IN LIMINE NO. 2

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | DATED:   November 25, 2019      K&L GATES LLP |

By */s/ Caitlin C. Blanche*
Caitlin C. Blanche (State Bar No. 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 623-3526 / Fax: (949) 253-0902

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Jeffrey S. Patterson (*pro hac vice*)
jeffrey.patterson@klgates.com
Morgan T. Nickerson (*pro hac vice*)
morgan.nickerson@klgates.com
Natasha C. Pereira (*pro hac vice*)
natasha.pereira@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100 / Fax: (617) 261-3175

*Attorneys for Defendants*

DEFENDANTS' MOTION IN LIMINE NO. 2

CASE NO.: 2:18-CV-08518-RGK-AFM

# I.   INTRODUCTION

Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants"), submit this Memorandum of Points and Authorities in Support of Their Motion *in Limine* No. 2 to Preclude Testimony and Documentary Evidence Regarding Reasonable Royalty Damages (the "Motion").  Pursuant to Rules 401, 402, 403, and 702 of the Federal Rules of Evidence, this Court should preclude Plaintiff Covves, LLC ("Plaintiff" or "Covves") from introducing evidence regarding a reasonable royalty at trial because Covves' damages expert, Mr. Hampton, has failed to adequately address **any** of the *Georgia-Pacific* factors required to support an admissible opinion of such damages afforded by 35 U.S.C. § 284.

An assessment of a reasonable royalty pursuant to 35 U.S.C. § 284 requires an extensive analysis of fifteen factors (referred to as the *Georgia-Pacific* factors). Covves' damages expert, Mr. Hampton, failed to provide any reasonable royalty analysis, and instead offered but one sentence in support of Covves' allegedly reasonable royalty. Such a cursory and unsubstantiated analysis is not admissible under Federal Rule of Evidence 702 to support a claim for reasonable royalty damages, and this Court should preclude Covves pursuing reasonable royalty damages under 35 U.S.C. § 284 in this action.   For this same reason, Mr. Hampton's opinion is both not relevant and prejudicial, and should be excluded under Fed. R. Evid. 401, 402, and 403.

# II.   ARGUMENT

A party may bring a motion *in limine* to exclude the introduction of prejudicial or otherwise inadmissible evidence before it is offered at trial.  *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials.").  The purpose of a motion *in limine* is twofold: to streamline trials and avoid trying in vain to "unring the bell" once evidence is presented in front of the jury.  *See, e.g.*, *United States v. Cook*, 608 F.2d

DEFENDANTS' MOTION IN LIMINE NO. 2

1175, 1186 (9th Cir. 1979), *overruled on other grounds in Luce v. United States*, 469 U.S. 38 (1984) ("Trial by ambush may produce good anecdotes for lawyers to exchange at bar contentions, but tends to be counter-productive in terms of judicial economy"); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (Berzon, J. dissenting) (explaining that "California state courts recognize pretrial motions *in limine* as useful tools precisely because such motions allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury."). Indeed, as the Ninth Circuit has recognized, "[m]otions in limine have proven their value in litigation. They save jury time, and avoid the waste that sometimes results from haste when side-bar matters have to be urged in the court of the trial." *Cook*, 608 F.2d at 1186.

This Court has previously acknowledged the merits of a motion *in limine* to preclude testimony and evidence regarding a reasonable royalty at trial where plaintiff failed to provide any *Georgia-Pacific* analysis or calculation. *See, e.g., HSU v. Thorsen Tool Co.*, C.A. No. CV 13-08248, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014) (J. Klausner).

Here, because Mr. Hampton's expert report is lacking any substantiated analysis pertaining to the *Georgia-Pacific* factors or otherwise supporting an opinion with regard to a reasonable royalty, Covves should be precluded by Fed. R. Evid. 702 from introducing this evidence in favor of a reasonable royalty under 35 U.S.C. § 284 at trial. For these same reasons, Mr. Hampton's expert opinion is both not relevant and prejudicial, and this Court should exclude such evidence pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

### A.    Plaintiff's Expert's Opinion on Reasonable Royalty is Inadmissible.

In their role as gatekeepers, district courts are required by Rule 702 to exclude proposed expert testimony that is not based on sound economic and legal predicates. *Enovsys LLC v. AT&T Mobility LLC*, C.A. No. CV 11-5210 SS, 2015 WL 10383057, at *5-6 (C.D. Cal. Aug. 10, 2015) (granting motion *in limine* to exclude expert opinion

4

regarding reasonable royalty rate, explaining that "[t]o be admissible under Rule 702… a damages theory must be based on sound economic and factual predicates" (internal quotations and citations omitted)); *see also Man Mach. Interface Techs., LLC v. Vizio, Inc.*, C.A. No. SACV 10-0634 AG (MLGx), 2012 WL 13014967, at *8 (C.D. Cal. Feb. 27, 2012) (excluding expert opinion on reasonable royalty rate pursuant to Rule 702); *IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 698 (E.D. Tex. 2010) (concluding that where "sound economic and factual predicates are absent from a reasonable royalty analysis, Rule 702 requires this court to exclude the unreliable proffered evidence.") (quoting and citing *Riles v. Shell Expl. & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999)).

Upon a showing of infringement, a patentee may pursue "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty rate for the use made of the invention by the infringer." 35 U.S.C. § 284. It is well-recognized that a reasonable royalty rate is determined based upon a hypothetical negotiation between the plaintiff and defendant at the time infringement began. The hypothetical negotiation is informed by a comprehensive list of relevant factors known as the *Georgia-Pacific* factors. *Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Corp.*, 318 F. Supp. 1116 (S.D.N.Y 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971); *see also e.g., Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995); *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1168 (Fed. Cir. 1991).

The Federal Circuit explains that the proper application of the *Georgia-Pacific* methodology requires damages expert testimony to fully analyze all relevant factors. *See Lucent Techs., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1329 (Fed. Cir. 2009) (explaining that a "damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers" and jurors cannot rely on "superficial

testimony" with "no analysis").  When an expert fails to perform such an analysis, or fails to address relevant factors altogether, in support of a reasonable royalty, the expert testimony is inadmissible.  *See, e.g., Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1349 (Fed. Cir. 2018) (finding expert opinion inadmissible to prove amount of damages where "[n]owhere in her report… did she tie the relevant *Georgia-Pacific* factors to the 5% royalty rate or explain how she calculated a 5% royalty rate using these factors.").

Specifically, the Federal Circuit has repeatedly explained that a royalty rate based upon a conclusory reference to prior licensing agreements, without any comparison of the economic circumstances between the prior agreements and the license reached at the hypothetical negotiation, is inadmissible under Rule 702.  *See, e.g., Lucent*, 580 F.3d at 1325 ("licenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit");  *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("comparisons of past patent licenses to the infringement must account for the technological and economic differences between them" (internal quotations omitted));  *DataQuill Ltd. v. High Tech Comput. Corp.*, 887 F. Supp. 2d 999, 1022 (S.D. Cal. 2011) ("The testimony of a damages expert in a patent suit who relies on non-comparable licenses in reaching his royalty rate should be excluded.").  A damages expert who relies upon prior licenses in constructing a reasonable royalty analysis must do more than present a mere "recitation of royalty numbers." *Lucent*, 580 F.3d at 1329; *Wordtech*, 609 F.3d at 1320.  Additionally, license agreements that are contained in settlement agreements entered into in the context of litigation have minimal probative value with respect to the calculation of reasonable royalties.  *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010).

Here, Plaintiff's damages expert, Mr. Hampton, fails to perform any reasonably royalty analysis.  Rather, he repeatedly presents the same cursory royalty calculation for each Defendant in footnotes of his report exhibits without ***any*** reference to the

6

*Georgia-Pacific* factors or other analysis (or reference to supporting materials) to support the calculations.  Mr. Hampton's sole reference and explanation is set forth below:

> Prior licensing of the Asserted Patents indicates a $10 per unit royalty for unicorn pool floats that practice the D'617 Patent and a $1 per unit royalty for unicorn cup holders that practice the D'370 Patent that if applied to Target's infriaigng [*sic*] pool float units of 246,106 equals a $2,461,060 royalty for use of the D'617 Patent and if applied to Target's infringing beverage boat units of 223,989 (74,663 * 3 units per package) equals a $223,989 royalty for use of the D'370 Patent for a total royalty of $2,685,049 during the period January 1, 2018 through August 31, 2019.[1]

Expert Report of S. Hampton, at Exhibit E, n.3 (Dkt. No. 110-8, at 40 of 47).

Remarkably, the ***only*** supposed foundation that Mr. Hampton presents for the $10 and $1 royalties is a passing reference to Covves' "prior licensing," yet he does not identify which such prior licensing agreements he has considered, does not explain how a license rate may equate to a royalty rate, and offers none of the required analysis or comparison of the economic circumstances of those licensing agreements to the facts as presented in this case.  *See, e.g., Lucent* 580 F.3d at 1318.  Mr. Hampton's assessment of a $10 and $1 royalty is little more than a mere "recitation of royalty numbers" and is senseless based upon the actual facts and economic circumstances of this case.  For example, both claimed royalties far exceed the amount that Defendants profit per unit from the sale of the inflatable unicorn float (ranging from a minimum of -$1.62 to a maximum of $4.90) and the inflatable unicorn beverage holders (ranging from a

---

[1] Mr. Hampton's report repeats a nearly identical variation of the above statement in performing his reasonable royalty calculation for each Defendant. *See* Expert Report of S. Hampton, at Exhibits F-M (Dkt. No. 110-9).

DEFENDANTS' MOTION IN LIMINE NO. 2

minimum of 6 cents to a maximum of 10 cents).  *See* <u>Exhibit A</u>, Decl. of N. Pereira, at ¶ 6.[2]  No hypothetical negotiation would ever likely result in such a massive royalty, more than double the highest retailer profit on the good sold.  Further, Covves prior license agreements required the licensee to sell each unit for a minimum of $36.99 (apparently to make the royalty economically justifiable) and lasted only for a short duration.  *See* <u>Exhibit A</u>, Decl. of N. Pereira, at ¶¶ 7-8 & Exhibit 1 (quoting Excerpts of Deposition of B. Su, dated Oct. 13, 2019, at 157:1-5, 159:1-8).

Accordingly, Mr. Hampton's conclusion is inadmissible as it provides no substantive analysis beyond one sentence repeated in footnotes - in reference to the *Georgia-Pacific* factors or any other hypothetical negotiation framework - to support his blanket conclusion that a $10 and $1 royalty are appropriate here.  *See Micro Chem.*, 317 F.3d at 1393; *Exmark*, 879 F.3d at 1351.  Undoubtedly, Mr. Hampton's report is "devoid of any analysis tying either the evidence or the specific *Georgia-Pacific* factors" to the proposed 10% royalty rate here. *Exmark*, 879 F.3d at 1351.  Because Mr. Hampton's expert report does not provide an admissible reasonable royalty analysis, and because Covves has not offered any alternative expert opinion in support of reasonably royalty damages, it must be precluded under Federal Rule of Evidence 702 from presenting any evidence for recovery of reasonable royalty damages under 35 U.S.C. § 284.  *See Exmark*, 879 F.3d at 1349.

**B.     Plaintiff's Expert's Opinion on Reasonable Royalty is Not Relevant and Prejudicial.**

Additionally, "in exercising the gatekeeping responsibility, the trial court must remain mindful of… applicable rules of evidence including, FRE 403."  *ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 812 (E.D. Va. 2011), *aff'd*, 700 F.3d 509

---

[2] Dr. Blackburn's Rebuttal Expert Report is marked Confidential - Attorney's Eyes Only, as it contains confidential information of the parties not necessary for deciding this Motion.  Upon request, Defendants will provide the Court with a copy of the remainder of the Rebuttal Expert Report under seal for *in camera* review.

DEFENDANTS' MOTION IN LIMINE NO. 2

(Fed. Cir. 2012).  "Rule 403 provides for the exclusion of otherwise relevant evidence when the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury."  *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012). Similarly, the rules of evidence allow courts to exclude evidence that is not relevant.  Fed. R. Evid. 401,  402.  For the reasons set forth above, Mr. Hampton's expert opinion is unreliable and flawed - thus not relevant and unduly prejudicial - and must be excluded under Fed. R. Evid. 402 and 403.

Here, because Mr. Hampton's proffered reasonable royalty is not grounded on a sound analysis of the facts and economic circumstances of this case, a real risk exists that the jury will credit such a flawed conclusion and award an unduly high royalty here, and his testimony should be excluded.  Presented with similarly unreliable opinions, courts have done just that.  For example, in *ePlus, Inc. v. Lawson Software, Inc.*, the Court precluded expert opinion on reasonable royalty, explaining:

> Taken as a whole, Dr. Mangum's opinions are speculative and not based in sound economic precepts that are explained so that a jury could understand why it is reasonable to award such a royalty rate as that called for in Dr. Mangum's conclusions. That kind of testimony does not assist a jury to determine a disputed issue or to understand other evidence. Indeed, it merely confuses the finder of the fact and asks the jury to accept the expert's view merely because it was expressed by an expert.

> For all of those reasons, Dr. Mangum's testimony is neither relevant nor reliable. And, indeed, because of its defects, singular and collective, his testimony is likely to confuse a jury and, its prejudicial consequences substantially outweigh its probative value.

764 F. Supp. 2d 807, 815 (E.D. Va. 2011), *aff'd*, 700 F.3d 509 (Fed. Cir. 2012).

Here, as explained above, Mr. Hampton has presented no substantive analysis to allow a jury "understand why it is reasonable to award such a royalty rate as that called

9

for" in his conclusions.  *Id.*  Accordingly, Mr. Hampton's reasonable royalty opinion is both unreliable, misleading, and irrelevant, and will likely confuse the jury into awarding an improperly inflated royalty here.  As such, this Court should exclude Mr. Hampton's opinion pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

## **CONCLUSION**

For at least the reasons set forth herein, this Court should preclude Plaintiff Covves from introducing testimony and evidence regarding recovery of reasonable royalty damages, under 35 U.S.C. § 284, at trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DEFENDANTS' MOTION IN LIMINE NO. 2

CASE NO.: 2:18-CV-08518-RGK-AFM

1    Respectfully submitted,

2    DATED:   November 25, 2019        K&L GATES LLP

3

4

5    By */s/ Caitlin C. Blanche*
     Caitlin C. Blanche (State Bar No. 254109)
6    caitlin.blanche@klgates.com
     K&L GATES LLP
7    1 Park Plaza, Twelfth Floor
     Irvine, CA 92614
8    Tel: (949) 623-3526 / Fax: (949) 253-0902

9    Christopher Centurelli (*pro hac vice*)
     christopher.centurelli@klgates.com
10   Jeffrey S. Patterson (*pro hac vice*)
     jeffrey.patterson@klgates.com
11   Morgan T. Nickerson (*pro hac vice*)
     morgan.nickerson@klgates.com
12   Natasha C. Pereira (*pro hac vice*)
     natasha.pereira@klgates.com
13   K&L GATES LLP
     State Street Financial Center
14   One Lincoln Street
     Boston, MA 02111
15   Tel: (617) 261-3100 / Fax: (617) 261-3175
16
17   *Attorneys for Defendants*
18
19
20
21
22
23
24
25
26
27
28

11

# CERTIFICATE OF SERVICE

Case Name: Covves, LLC v. Dillard's, Inc. et al.
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614.  I am not a party to the above entitled action.

I have caused service of the following documents, described as:

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE TESTIMONY AND DOCUMENTARY EVIDENCE REGARDING REASONABLE ROYALTY DAMAGES

on the following parties by electronically filing the foregoing on November 25, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Stephen C. McArthur                     *Attorneys for Plaintiff*
Thomas E. Dietrich
THE MCARTHUR LAW FIRM, PC
11400 W. OLYMPIC BLVD. SUITE 200
LOS ANGELES, CA 90064

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   November 25, 2019   *By:*   */s/ Caitlin C. Blanche*
                                      Caitlin C. Blanche

12

DEFENDANTS' MOTION IN LIMINE NO. 2

CASE NO.: 2:18-CV-08518-RGK-AFM