Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DILLARD'S, INC. a<br>Delaware Corporation;<br>KOHL'S CORPORATION,<br>a Wisconsin Corporation;<br>SAKS & COMPANY LLC,<br>a Delaware Corporation;<br>TARGET BRANDS, INC. a<br>Minnesota Corporation;<br>EXPRESS, INC., a<br>Delaware Corporation;<br>TILLY'S, INC. a Delaware<br>Corporation;<br>NORDSTROM, INC., a Washington<br>Corporation;<br>WEST MARINE, INC., a Delaware<br>Corporation,<br>and<br>ZULILY, INC. a<br>Delaware Corporation.<br><br>Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF UNSUPPORTED DEDUCTIBLE COSTS**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 14, 2020<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

PLEASE TAKE NOTICE THAT Plaintiff Covves, LLC ("Covves") move in limine to prevent Defendants from introducing evidence of additional costs allegedly deductible from total profits, because Defendants have not met their burden of showing such costs are properly deductible in this case.

Subject to the Court's availability, the motions will be heard on January 14, 2020, at 9:00 am, before the Honorable Judge R. Gary Klausner. Covves bases its motion on the memorandum of points and authorities set forth below, any subsequently filed supplemental briefing and accompanying papers, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place telephonically on November 21, 2019. The parties did not reach a resolution.

DATED:  November 27, 2019

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
Stephen McArthur
Thomas Dietrich
*Attorneys for Plaintiff Covves, LLC*

**Memorandum of Points and Authorities**

## I.     Introduction

Covves requests that the Court exclude evidence or argument referring to costs, other than direct cost of goods sold, that Defendants claim are deductible from total profits. Defendants have failed to meet their burden of showing that any other costs have a nexus to infringing sales and they have failed to produce any actual business records to support their computations of various unrelated cost items like overhead, taxes, and employee bonuses. With discovery closed and trial imminent, it is now too late to disclose any supporting evidence. Defendants should therefore be prohibited from admitting evidence on deductible costs under Rules 26 and 37 of the Federal Rules of Civil Procedure.

## II.     Background

Covves has diligently sought evidence of Defendants' claimed deductible costs. In April 2019, Covves served Defendants with (a) requests for production seeking all documents relating to costs Defendants incurred in relation to sales of accused products, and (b) interrogatories requesting a complete breakdown of such costs, the type of cost incurred, and an identification of all documents relating to such costs. Declaration of Thomas Dietrich ("Dietrich Decl.") filed herewith, ¶ 3. Defendants responded to the requests for production by producing sales data spreadsheets that were made specifically for the litigation and either lacked cost information altogether or lacked any explanation of how claimed costs were calculated. *Id*. Defendants uniformly objected to the interrogatory on cost information and directed Covves to the sales data spreadsheets without providing any further response. *Id*.

Covves was unable to obtain more information on claimed costs in depositions. For example, in the Rule 30(b)(6) deposition of Defendant Target, the deponent was unable to answer any questions about how costs were calculated, what data was involved in the calculation, or who did those calculations. *See id*. ¶ 4.

For example, consider the following exchanges with Target's designee concerning the sales data spreadsheet Target produced for this case, which was a specifically noticed topic for the deposition:

Q. Do you know who obtained the information from that system for this chart?

A. Missy.

Q. Do you know that, or are you just guessing?

A. I'm guessing.

Q. And you don't know what system that is?

A. I don't.

Q. Do you have any knowledge about the data that's kept in that system?

A. No.

Q. Or how that data is entered?

A. No.

Q. Or how that data is obtained?

A. No.

Q. Under -- couple rows down, Average Sales Price, it states Data Source, Calculation. What calculation?

A. I don't know.

Q. Who did the calculation?

A. I don't know.

Q. Do you know what that calculation's based on?

A. No.

Q. Have you done anything to investigate the information in this chart for this deposition?

A. No.

. . .

Q. Do you know how these overhead costs are allocated?

A. No.

Q. What percent of sales is allocated to overhead costs?

A. No. I do not know the percent.

Q. Do you know how these calculations were done?

A. No.

Q. And do you know who did these calculations for this chart?

A. No.

Q. It states there was a calculation of some kind for the data source of income taxes, right? It states there was a calculation done?

A. Yes.

Q. And do you have any idea who or what did that calculation?

A. No.

Q. Do you have any idea what data was taken into account in that calculation?

A. No.

. . .

Q. . . . Do you know who or what calculated cost of goods sold on this chart?

A. No.

Q. And do you personally have any knowledge about where these cost of goods sold numbers came from?

A. No.

Dietrich Decl. ¶ 4, Att. 1 (transcript). The Target deponent could only read the numbers on the sales data spreadsheet produced by Target; she had no knowledge of how those numbers were related to sales of accused products. *Id*.

Due to Defendants' failure to provide relevant documents and information, Covves moved to compel Defendants to produce actual business records concerning, and a detailed breakdown of, revenues and profits from sales of

accused products. *See id.* ¶ 5; Dkts. 89 (joint stipulation), 100 (supplemental brief). The Magistrate Judge granted Covves' motion. Dkt. 102. Specifically with regard to Defendants' profits, the Magistrate Judge ordered the following:

> [E]ach Defendant *shall produce documents that reflect its profits from sales of the allegedly infringing products* on a monthly or quarterly basis. Each Defendant shall also provide a sworn statement from a knowledgeable person at the company that shall authenticate the pertinent profit documents, verify that the documents come from the company's regular course of business reporting system, and confirm that the information reflected in the documents is complete, true and accurate. Each Defendant *shall **further** produce updated monthly or quarterly reports* that present the most current profit data reasonably available to it. In addition, the sworn statement of the knowledgeable person shall include an explanation of how the profit amounts in the produced reports were calculated, with an identification of the costs/expenses that were deducted from revenue to arrive at the profit amounts.

Dkt. 102 at 3 (emphasis added). In other words, the Court ordered Defendants to produce (a) actual business documents reflecting profits from sales of infringing products, *and* (b) monthly or quarterly reports with the most current profit data, *and* (c) an explanation of how profits were calculated in light of identified costs.

Defendants Kohl's, Saks & Company, Tilly's, West Marine, Express, Nordstrom, and Zulily chose not to dispute that total profits consist of revenue minus cost of goods sold. Dietrich Decl. ¶ 6. None of those Defendants sought deductions of any other expenses. *Id.*

Defendants Target and Dillard's, however, have claimed additional deductible costs beyond cost of goods sold. But they failed to meet the Magistrate Judge's requirements for production of supporting documentation. Rather than fully comply with the Court's order, Target and Dillard's produced only the same made-for-litigation spreadsheets they had previously produced, updated to the current month. *Id.* ¶ 7. They did not produce any actual business records to support the claimed costs and calculations thereof. *Id.* Further, in the declarations produced by Target and Dillard's, each Defendant merely stated the category of costs it sought to deduct but gave no explanation of how those costs were calculated or how they

had any nexus to infringing sales. *Id.*

Defendant Target is seeking to deduct all of the following from gross profits: taxes for each fiscal year; store, headquarter, and distribution fixed overhead costs; Target's costs from incentives, bonuses, legal affairs, and something called "Shipt SG&A expenses" (which are not explained further). *Id.* ¶ 8. While the sales data spreadsheet Target has produced contains numbers for each of these claimed expenses, Target did not produce a single business record to support those computations or to explain how the expenses have a nexus to the accused products. *Id.* Defendant Dillard's is seeking to deduct operating expenses, depreciation, rentals, and interest/debt expenses from gross profits. *Id.* ¶ 9. Dillard's did not produce a single business record to support any of these deductions or any explanation of its computations of costs. *Id.*

## III.     Argument

### A.     It is Defendants' burden to prove deductible costs

Total profits under 35 U.S.C. § 289 "are based on gross revenue after deducting certain allowable expenses." *Nordock, Inc. v. Systems Inc.*, 803 F.3d 1344, 1354 (Fed. Cir. 2015). The starting point of this calculation is gross revenue; it is the infringer's burden of "proving costs deductible from revenues in arriving at a profit figure." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998); *Nordock*, 803 F.3d at 1354; *Bergstrom v. Sears, Roebuck & Co.*, 496 F.Supp. 476, 497 (D. Minn. 1980) ("The burden of establishing the nature and amount of these costs, as well as their relationship to the infringing product, is on the defendants."). "The guiding principle must always be . . . that the patentee recover every dollar of advantage realized by the infringer from the infringement." *Schnadig Corp. v. Gaines Mfg. Co., Inc.*, 620 F.2d 1166, 1175 (6th Cir. 1980); *see also Nike*, 138 F.3d at 1448 (Section 289 "requires the disgorgement of the infringers' profits to the patent holder, such that the infringers retain no profit from their wrong.").

In *Nike*, the Federal Circuit affirmed the trial court's decision not to deduct the infringer's claimed overhead expenses, because the infringer failed to produce the "actual business records" it used to support its computations. 138 F.3d at 1447. *Nike* also held taxes are not deductible costs and a damages award should be based on pre-tax profits. *Id*. at 1448; *see also Schnadig*, 620 F.2d at 1170-71. Any doubts resulting from an infringer's failure to present adequate proof of its costs are resolved in favor of the patentee. *Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 250 F.Supp. 2d 333, 341 (S.D.N.Y. 2003).

### B. Defendants failed to meet their burden on deductible costs and it is too late to produce supporting evidence now

Defendants Target and Dillard's failed to meet their burden to prove claimed expenses are properly deductible, and it is too late to produce the records required to meet that burden now. The purpose of the Rule 26 mandatory disclosures and the parties' discovery obligations is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co*., 356 U.S. 677, 683 (1958). Rule 37(c)(1) states that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, or hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Jones v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-1454-LDG-GWF, at *8 (D. Nev. Mar. 28, 2016) (listing supporting cases). The trial court is not required to make a finding of willfulness or bad faith to exclude damages evidence or witnesses based on failure to comply with Rule 26(a). *Hoffman v. Construction Protection Serv.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

As noted above, Defendants Kohl's, Saks & Company, Express, West Marine, Zulily, and Nordstrom have not sought to deduct any expenses from gross

revenues other than cost of goods sold in some instances. They have not produced documentation alleging any other expenses are deductible. Thus, those Defendants must be held to their position and not allowed to introduce evidence of any other alleged deductions to the jury.

Target deducted taxes from its own computation of net profits. Dietrich Decl. ¶ 8. Deductions of taxes are not allowed as a matter of law and the Court should exclude any reference to a tax-based deduction. *Nike*, 138 F.3d at 1447. Further, Target and Dillard's attempt to deduct a broad variety of other expenses including bonuses, incentives, legal affairs, depreciation, and rent. Dietrich Decl. ¶¶ 8-9. Target also seeks to deduct store, headquarter, and distribution overhead. *Id*. However, Target and Dillard's have completely failed to prove those costs have a nexus to the accused products. Neither has produced actual business records to support its computations or an explanation of how the profit amounts in their spreadsheets were calculated, even after being ordered to do so by the Magistrate Judge. Target's designee was completely unable to testify to computations of costs in a Rule 30(b)(6) deposition. Dietrich Decl. ¶ 4.

Discovery closed some time ago and trial is rapidly approaching. It is too late for Target or Dillard's to produce the actual business records and computation explanations required to meet their burden of proof on deductible costs. *See Nike*, 138 F.3d at 1447. As in *Nike*, Target and Dillard's have not met their burden of proving any overhead and fixed expenses are properly deductible. They failed their production obligations under Rule 26 and in response to the Magistrate Judge's order. The Court should therefore exclude all Defendants from arguing or referring to any deductible costs other than cost of goods sold pursuant to Rule 37(c)(1).

## Conclusion

Defendants had many opportunities to comply with Rule 26 and the subsequent Magistrate Judge's order to produce actual business records supporting costs and an explanation of deduction computations. Defendants chose not to do so.

Covves respectfully requests that the Court grant its motion to exclude at trial any reference to or mention of costs allegedly deductible from gross revenue, other than cost of goods sold.

DATED:  November 27, 2019

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
      Stephen McArthur
      Thomas Dietrich
      *Attorneys for Plaintiff Covves, LLC*

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 11400 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF UNSUPPORTED DEDUCTIBLE COSTS**

on the following parties by electronically filing the foregoing on November 27, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Morgan Nickerson                    *Attorneys for Defendants*
K&L Gates LLP
Morgan.Nickerson@klgates.com
1 Lincoln St.
Boston, MA 02111

Caitlin C. Blanche
K&L Gates LLP
caitlin.blanche@klgates.com
1 Park Plaza, 12th Floor
Irvine, CA 92618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   11/27/2019                    By:   */s/ Thomas Dietrich*
                                            Thomas Dietrich