UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Partial Summary Judgment (DE 110); Defendants' Motion for Summary Judgment as to Validity and Infringement of the D'617 Patent (DE 122); Defendants' Motion for Summary Judgment as to Validity and Infringement of the D'370 Patent (DE 123)**

## I.   INTRODUCTION

This action arises out of the sale and distribution of unicorn-shaped pool floats. On September 23, 2019, plaintiff Covves, LLC ("Plaintiff") filed a Second Amended Complaint for patent infringement against defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. ("Defendants") (DE 98). On October 1, 2019, Defendants filed an answer, raising the affirmative defenses of non-infringement and invalidity, among others (DE 101).

Presently before the Court are Plaintiff and Defendants' cross-motions for summary judgment as to validity and infringement. For the following reasons, the Court **GRANTS in part** Plaintiff's Motion for Partial Summary Judgment (DE 110), **DENIES** Defendants' Motion for Summary Judgment as to the D'617 patent (DE 122), and **DENIES** Defendants' Motion for Summary Judgment as to the D'370 patent (DE 123).

## II.   FACTUAL BACKGROUND

The following facts are undisputed.

Plaintiff makes and sells inflatable pool toys. To this end, Plaintiff owns design patents for two unicorn-shaped pool floats: Patent Number D787,617 (the "D'617 patent") and Patent Number D783,370 (the "D'370 patent") (collectively, the "Patents-in-Suit"). (*See* Pl.'s SGD ¶¶ 1–2, ECF No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

126-1.) The D'617 patent claims the ornamental design of an inflatable toy. (*Id.* ¶ 1.) The D'370 patent claims the ornamental features of an inflatable unicorn beverage boat. (*Id.* ¶ 2.)



Plaintiff alleges that Defendants infringe on the D'617 patent by offering for sale and selling the following pool floats: (1) the Giant Unicorn Pool Float, (2) the Unicorn Pride Float, (3) the Giant Sparkly Unicorn Float, and (4) the Sparkles the Lil Float (collectively, the "Imitation Floats"). (*Id.* ¶¶ 3–6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Plaintiff also alleges that a subset of the Defendants infringe on the D'370 patent by offering for sale and selling a unicorn beverage boat (the "Imitation Beverage Boat"). (*Id.* ¶ 7.)



### III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 970 (Fed. Cir. 1999). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a)–(b).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324. The materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

### IV. DISCUSSION

Defendants move for summary judgment that the accused products do not infringe the Patents-in-Suit or, alternatively, that the Patents-in-Suit are invalid for obviousness. Plaintiff, in turn, moves for summary judgment that the Patents-in-Suit are valid and infringed by the accused products.

#### A. Invalidity

The Court first considers whether the Patents-in-Suit are invalid based on obviousness.

Patents are presumptively valid. 35 U.S.C. § 282. A party seeking to invalidate a patent based on obviousness has the burden to prove "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007).

"To determine whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design, the finder of fact must employ a two-step process." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (internal quotation marks and citations omitted). "The first step…is to identify a primary reference, the design characteristics of which are basically the same as the claimed design[.]" *Livjo, Inc. v. Deckers Outdoor Corp.*, No. CV 10-4557-JST PLAX, 2011 WL 12516430, at *2 (C.D. Cal. Sept. 27, 2011) (internal quotation marks omitted); *Apple*, 678 F.3d at 1329. This step "requires the trial court to: (1) discern the correct visual impression created by the patented design as a whole; and (2) determine whether there is a single reference that creates 'basically the same' visual impression." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996). "A piece of prior art cannot serve as the primary reference if major modification would be required to make the reference look like the claimed design." *Jore Corp. v. Kouvato, Inc.*, 117 Fed. App'x 761, 763 (Fed. Cir. 2005).

Once a satisfactory primary reference has been identified, other references in the prior art "may be used to modify it to create a design that has the same overall visual appearance as the claimed design." *Durling*, 101 F.3d at 103. "These secondary references may only be used to modify the primary reference if they are 'so related [to the primary reference] that the appearance of certain ornamental features in one would suggest the application of those features to the other.'" *Id.* (quoting another source).

Obviousness is a question of law; the Court need not conclude that "no reasonable juror" could find for the nonmovant. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007). Rather, "[t]o support a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

finding of obviousness on summary judgment, the court must conclude that one of ordinary skill in the pertinent art would have found it obvious to bridge the differences between the subject matter of the claims and the prior art when the facts are viewed in a light most favorable to the patentee." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1343 (Fed. Cir. 2013). Conflicting expert testimony about the legal conclusions to be drawn from the underlying facts will not defeat summary judgment. *KSR*, 550 U.S. at 427.

1. <u>The D'617 Patent</u>

Defendants assert that the D'617 patent is invalid for obviousness. The Court proceeds with the first step of the obviousness analysis by considering whether Defendants have identified a proper primary reference. If Defendants have done so, the Court will consider other references in the prior art.

a. *Primary Reference*

Defendants argue that the Rita on Water image—a photo of Rita Hayworth in a pool sitting on what appears to be an inflatable horse—provides the primary reference for the obviousness analysis. Plaintiff counters that this image is not a proper primary reference because it does not create "basically the same" visual impression as the D'617 patent. *Durling*, 101 F.3d at 103.

 

To determine whether the Rita on Water image is a proper primary reference, the Court must first discern the visual impression created by the D'617 patent as a whole. *Durling*, 101 F.3d at 103. "While this analysis requires the Court to explain its reasoning by describing the visual impressions in words, the focus remains on the visual impression as a whole, not individual design concepts." *Livjo*, 2011 WL 12516430, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Here, the D'617 patent design creates the visual impression of a simplified unicorn with a rounded nose and head, protruding mane, conical horn, protruding conical ears, and a swooping S-shaped tail. The tail is connected to the swim tube at the top and middle of this S-shape. The angle formed by the nose, head, and neck is L-shaped.

Unlike the D'617 patent design, which creates the visual impression of a unicorn, the float in the Rita on Water image ("Rita Float") creates the visual impression of a horse. Indeed, the Rita Float lacks the *sine qua non* of a unicorn—its conical horn. The Rita Float also lacks the swooping S-shaped tail found in the D'617 patent design. Instead, the Rita Float appears to have a narrower, longer tail which connects to the float only at the top of the horse's rump. There are other differences between the two floats: the Rita Float's mane extends farther down the horse's neck; its ears are realistically-shaped, rather than conical; and the angle formed by the nose, head, and neck is U-shaped, rather than L-shaped.

The Court finds that the Rita on Water image does not create "basically the same" visual impression as the D'617 patent design. Overall, while the D'617 patent design creates the visual impression of a simplified unicorn, the Rita Float creates the impression of a realistically-shaped horse. To make the Rita Float look like the D'617 patent design, major modification would be required. *See Jore*, 117 Fed. App'x at 763. The Rita on Water image is therefore not a proper primary reference.

    b. *Secondary References*

Because Defendants have failed to identify a proper primary reference, the Court will not consider secondary references. *See Livjo*, 2011 WL 12516430, at *2. Defendants have not met their burden to show that the D'617 Patent is invalid for obviousness. The Court therefore **DENIES** Defendants' Motion for Summary Judgment as to invalidity of the D'617 patent (DE 122).

Plaintiff's Motion asserts that the Patents-in-Suit are not invalid for obviousness, anticipation, or inequitable conduct. (Pl.'s Mot. at 4, ECF No. 110.) Defendants' Opposition does not mention anticipation or inequitable conduct. Nor do Defendants' Motions for Summary Judgment. Accordingly, because Defendants have not met their burden to show that the D'617 patent is invalid for either obviousness, anticipation, or inequitable conduct, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment as to the validity of the D'617 patent (DE 110).

   2. <u>The D'370 Patent</u>

The Court next considers whether the D'370 patent is invalid for obviousness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

      *a.*     *Primary Reference*

It is undisputed that on January 2, 2016—more than eleven months before the D'370 patent was filed—P&P Imports, Inc. published a Lookbook which included a unicorn drink boat (the "P&P Float"). (Pl.'s SGD ¶ 54.) Defendants assert that the P&P Float is a proper primary reference for the D'370 patent. Plaintiff disagrees.

| Figure 1 of the D'370 Patent | P&P Float |
|---|---|

The D'370 patent creates the visual impression of a unicorn-shaped drink float. The unicorn is minimalist, with a rounded nose and head, protruding mane, conical horn, protruding conical ears, and a swooping S-shaped tail. The tail is connected to the floatation tube at the top and middle of the S-shape. The angle formed by the nose, head, and neck is essentially L-shaped.

The P&P Float is not identical to the '370 patent design. For one, the P&P Float does not have a protruding mane or protruding ears. It also has a more square-shaped head. However, the overall visual impression created by the '370 patent design is "basically the same" as the P&P Float. Both have S-shaped tails. The angle formed by the nose, head, and neck on both floats is L-shaped. Overall, both create the visual impression of a minimalist, unicorn-shaped drink float. Only minor modifications would be required to make the P&P Float look like the D'370 patent design. Accordingly, the Court finds that Defendants have identified a satisfactory primary reference.

      *b.*     *Secondary References*

Because Defendants have identified a satisfactory primary reference, other references in the prior art "may be used to modify it to create a design that has the same overall visual appearance as the [D'370 patent]." *Durling*, 101 F.3d at 103. The secondary references sought to be combined must be so related that the "appearance of certain ornamental features in one would suggest the application of those features to another." *In re Glavas*, 230 F.2d 447 (C.C.P.A. 1956). If the prior art "suggest[s] only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

*components* of a claimed design, but not its overall appearance, an obviousness rejection is inappropriate." *In re Harvey*, 12 F.3d 1061, 1063 (Fed. Cir. 1993).

Defendants point to four secondary references. Defendants' expert opines that "it would have been obvious to a designer of ordinary skill to add the separate mane from the Rita Float, tail from the Mean Unicorn, eye and rounded face from the Cute Unicorn, and the oval from the Meyer Horse to the P&P Float, which would result in the D'370 design." (McHale Decl. ¶ 46, ECF No. 122-2.)



| Secondary Reference 1 | Secondary Reference 2 | Secondary Reference 3 | Secondary Reference 4 |
|---|---|---|---|
| *Rita on Water*, Getty Images, No. 3352151 (1940) | *Mean Unicorn* by Getty Images. Stock illustration ID: 123681782, Upload date: September 02, 2011 | "How To Draw A Unicorn (A Cute and Cuddly One)" Art for Kids Hub, March 20, 2014 | Figures 1 and 2 of U.S. Patent Des. 163,061 (filed August 15, 1950) |

While Defendants' secondary references may include each of the design elements of the D'370 patent, "a finding of obviousness cannot be based on selecting features from the prior art and assembling them to form an article similar in appearance to the claimed design." *In re Borden*, 90 F.3d 1570, 1574 (Fed. Cir. 1996). Here, Defendants have "not presented any evidence, other than that every element can be found in the prior art, why it would be obvious to one of ordinary skill in the art to combine these references with the [P&P Float]." *Livjo*, 2011 WL 12516430, at *2. Indeed, "[e]ven if such a combination seems obvious now, 'obviousness is not determined as if the designer had hindsight knowledge of the patented design.'" *Id.* (quoting *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993)); *L.A. Gear*, 988 F.2d at 1124 ("A reconstruction of known elements does not invalidate a design patent, absent some basis whereby a designer of ordinary skill would be led to create this particular design.").

Accordingly, the Court cannot say, viewing the facts in the light most favorable to Plaintiff, that a designer of ordinary skill would have found it obvious to bridge the difference between the D'370 patent and the P&P Float. *Cf. Borden*, 90 F.3d at 1575 (affirming a finding of obviousness where "the basic design reference [wa]s closely akin to [Plaintiff's] claimed design, and the secondary references provide[d] the two design elements necessary to bridge the small gap between the [claimed and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

accused designs.]" There, unlike here, "the two missing design elements [were] not taken from unrelated references, but [were] found in other [similar products].")

In sum, the Court finds that Defendants have not met their burden to show that the D'370 patent is invalid for obviousness. The Court therefore **DENIES** Defendants' Motion for Summary Judgment as to invalidity of the D'370 patent (DE 123), and **GRANTS** Plaintiff's Motion for Partial Summary Judgment as to the validity of the D'370 patent (DE 110).[1]

**B.   Infringement**

Once a design patent is shown to be valid, the plaintiff must demonstrate by a preponderance of the evidence that the design of defendants' products infringes on the patented design. *Lee v. Dayton–Hudson Corp.*, 838 F.2d 1186, 1187 (Fed. Cir. 1988). Unlike invalidity, infringement is a question of fact. *See L.A. Gear, Inc.*, 988 F.2d at 1124.

Courts evaluate design-patent infringement in a two-step process. *Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*). Courts first "construe the claims of the design patent to determine their meaning and scope." *Id.* Courts then "compare the construed claims to the accused design." *Id.* at 1320.

   1.   *Claim Construction*

Design patents protect only "new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a). "[A] design may contain both functional and ornamental elements, [but] the scope of a design patent claim must be limited to the ornamental aspects of the design." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (internal quotation marks omitted). Further, the scope of a design-patent claim covers "the overall ornamentation," not "individual elements" or their aggregation. *Id.* at 1322. "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.* at 1320. Claim construction should help "distinguish between those features of the claimed design that are ornamental and those that are purely functional." *Id.* (internal alteration

---

[1] Plaintiff also asks the Court to consider secondary indicia of non-obviousness. However, the Court has already found that neither of the Patents-in-Suit are invalid for obviousness. Thus, the Court need not address secondary indicia of non-obviousness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

omitted). Where an individual element has both functional and ornamental aspects, the claim construction should limit the claim scope to only ornamental aspects of the element. *See id.* at 1321.

Because it is difficult "to describe a design in words," it is usually "preferable . . . for a . . . court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc.*, 543 F.3d at 679. Instead, "[a] design patent's claim is . . . often better represented by [graphic] illustrations." *Sport Dimension*, 820 F.3d at 1320.

      a.    The D'617 Patent

The Court construes the claim of the D'617 patent as the ornamental design for a pool float, as shown in figures 1 through 6 of the D'617 patent.

      b.    The D'370 Patent

Claim construction of the D'370 patent is more complicated. Unlike the D'617 patent, which does not claim the swim tube itself, the D'370 patent claims the design of the round floatation tube. This begs the question whether the round floatation tube is an ornamental or a functional element of the patent's design.



Defendants ask the Court to construe the D'370 patent claim as limited to the ornamental design for an inflatable beverage holder as shown in figures 1 through 6, *excluding the inner ring shape*. (Defs.' Mot. at 12, ECF No. 123.) The Court agrees that this is the proper claim construction. Generally, a design element is considered functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n.10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

(1982). Here, it is essential to the use or purpose of a beverage holder that it can fit a beverage container and beverage containers are typically round. Accordingly, the Court finds that the *innermost* ring of the D'370 patent is a functional rather than ornamental feature. The Court therefore construes the D'370 patent's claim as the ornamental design for an inflatable beverage holder, as shown in figures 1 through 6 of the D'370 patent, excluding the inner ring shape.

    2.    *Infringement Analysis*

In determining whether an accused product infringes a patented design, this court applies the "ordinary observer" test. *Egyptian Goddess*, 543 F.3d at 678. Under this test, an accused product infringes a design patent when "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 681). The designs need not be identical to find infringement; substantial similarity is enough. *Egyptian Goddess*, 543 F.3d at 678.

Consideration of prior art is not necessary in every case. "In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer[.]" *Id.* "In other instances, when the claimed and accused designs are *not plainly dissimilar*, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Id.* (emphasis added).

    *a.*    The D'617 Patent

The Court first considers whether the accused products infringe the D'617 patent.

    i.    Plainly Dissimilar

In determining whether, to the ordinary observer, an allegedly infringing product is "plainly dissimilar" from a patented design, "[t]he proper comparison requires a side-by-side view of the drawings of the…patent design and the accused product[.]" *Crocs*, 598 F.3d at 1304.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |





# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |



Defendants aver that the colorful, whimsical markings on the Imitation Floats distinguish them from the more minimalist D'617 patent design. But the Court will not consider these markings as part of its infringement analysis, as these features are not claimed in Plaintiff's design patents. *See Unique Functional Prod., Inc. v. Mastercraft Boat Co.*, 82 F. App'x 683, 689 (Fed. Cir. 2003) (citing *Payless Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993)); *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988).

Overall, although there are differences between the D'617 patent and the Imitation Floats (e.g., mane length, tail placement), no reasonable juror could find that they are plainly dissimilar. Both the patented design and the Imitation Floats give the overall visual impression of a minimalist unicorn with a rounded nose, swooping S-shaped tail, protruding manes and ears, and an L-shaped neck. The prior art should therefore be considered.

        ii.  Prior Art

The Court proceeds by comparing the D'617 patent with the prior art to determine whether an ordinary observer would be deceived into believing that the Imitation Floats are the same as the patented design.

Defendants cite to numerous examples of prior art, including prior art unicorns, and prior art pool floats. Defendants do not, however, cite any examples of prior art *unicorn pool floats*. Nor did the Patent Office consider any such examples. Three of Defendants' prior art examples are shown below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |





| *Rita on Water*, Getty Images, No. 3352151 (1940) | *Mean Unicorn* by Getty Images, Stock illustration ID: 123681782, Upload date: September 02, 2011 | "How To Draw A Unicorn (A Cute and Cuddly One)" Art for Kids Hub, March 20, 2014 |

Here, the Imitation Floats are substantially closer to the D'617 patent design than either the claimed or accused designs are to the prior art. However, the Court cannot conclude that the Imitation Floats infringe the patented design as a matter of law. A reasonable juror could find that the accused products embody the overall effect of the D'617 patent design in sufficient detail and clarity to cause market confusion. *See Crocs*, 598 F.3d at 1306. But a reasonable juror could also find the opposite. Because a reasonable juror could go either way on the issue of infringement, the Court cannot grant summary judgment on this issue. The Court therefore **DENIES** Plaintiff's Motion for Partial Summary Judgment as to infringement of the D'617 patent (DE 110) and **DENIES** Defendants' Motion for Summary Judgment as to infringement of the D'617 patent (DE 122).

    b.    *The D'370 Patent*

The Court next considers whether the Imitation Beverage Boat infringes the D'370 patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

      i.    Plainly Dissimilar



    Defendants concede that the Imitation Beverage Boat is "closer" to the D'370 patent than the Imitation Floats are to the D'617 patent. (Defs.' Mot. at 10.) Nevertheless, Defendants aver that the accused product is plainly dissimilar to the claimed design.

    Several of differences identified by Defendants involve elements which are not claimed in the D'370 patent. These differences are not a proper consideration in the infringement analysis. *See Unique Functional Prod.*, 82 F. App'x at 689; *Lee*, 838 F.2d at 1189. Such differences include the nostrils, striations on the mane, and wing markings.

    Overall, the Court disagrees that the Imitation Beverage Boat and the D'370 patent are plainly dissimilar. The Court must therefore consider the prior art.

      i.    Prior Art

Defendant offers the P&P Float as one example of prior art.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

| Figure 1 of the D'370 Patent | Imitation Beverage Boat | P&P Float |
|---|---|---|

A side-by-side comparison of the D'370 patent design and the Imitation Beverage Boat reveals significant similarity between the accused and the patented designs. Further, it appears that the Imitation Beverage Boat has copied several features of the D'370 patent which depart conspicuously from the prior art. *Apple*, 786 F.3d at 999. In particular, the protruding mane and ears. However, some differences between the patented and accused design are particularly notable. For one, the exterior ring of the D'370 patent is oblong, whereas the exterior ring of the Imitation Beverage Boat is circular. In addition, (unlike the D'617 patent) the D'370 patent claims the markings of the unicorn's eyes, which are rounded with a visible pupil. The accused design has a similar eye with a visible pupil on one side of the unicorn. But, on the other side, the unicorn has a winking eye with visible eyelashes. The net effect of these differences on the design as a whole is not insignificant. The Court therefore cannot confidently say, as a matter of law, that the Imitation Beverage Boat embodies the overall effect of the D'370 patent in sufficient detail and clarity to cause market confusion. Thus, although it is a close call, the Court declines to grant summary judgment on the issue of infringement.

The Court therefore **DENIES** Plaintiff's Motion for Partial Summary Judgment as to infringement of the D'370 patent (DE 110) and **DENIES** Defendants' Motion for Summary Judgment as to infringement of the D'370 patent (DE 123).

## V.    EVIDENTIARY OBJECTIONS

To the extent the parties object to any evidence that the Court relies on in this Order, those objections are overruled.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | December 20, 2019 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Plaintiff's Motion for Partial Summary Judgment (DE 110), **DENIES** Defendants' Motion for Summary Judgment as to the D'617 patent (DE 122), and **DENIES** Defendants' Motion for Summary Judgment as to the D'370 patent (DE 123).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     _____