Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC. a Delaware Corporation.<br><br>　　　　Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OF COPYING**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 14, 2020<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

Evidence shows the designer of the accused floats—BigMouth Inc. ("BigMouth")—copied the commercial embodiment of Covves' patented design. Now that the Court has granted summary judgment in favor of Covves on validity of the patents-in-suit, objective indicia of nonobviousness are no longer at issue. However, copying remains relevant to whether the accused floats are "colorable imitations" of the patented design under 35 U.S.C. § 289 and supports enhanced damages under 35 U.S.C. § 284.

## I.  BigMouth Forced Two Cases and Is Controlling Both

It was not Covves' strategic decision to split this case into two—it was BigMouth's. Covves filed one lawsuit against BigMouth and Defendants in this Court. BigMouth objected to jurisdiction in California based on newly-issued Federal Circuit law, forcing Covves to sue BigMouth in its home court in Indiana. However, there is not an iota of fact to support BigMouth's assertions that the retailer Defendants would have happily gone along to Indiana too. Without any guarantee the Defendants were subject to jurisdiction in Indiana, Covves was forced to maintain the California case where there was personal jurisdiction over them. Covves would prefer to litigate against all defendants in one forum; BigMouth made that impossible.

Further, Defendants' motion paints the picture of BigMouth as an unrelated third party who has nothing to do with this California case. That is completely specious. Both BigMouth and Defendants have produced documentation showing BigMouth is indemnifying and defending all Defendants in this suit. Declaration of Thomas Dietrich ("Dietrich Decl.") filed herewith, ¶ 2. BigMouth and Defendants are represented by the same attorneys from the same law firm. BigMouth's CEO has been the *sole* representative for all Defendants at both mediations in this case. Not even Target—with potentially $2.46 million in damages at stake—has sent a representative, other than BigMouth's CEO, to either mediation. Defendants' counsel has repeatedly stated that BigMouth is indemnifying all Defendants and is

in complete control of the California lawsuit. *Id*. This is born out in fact. For example, Covves has offered to settle with individual retail Defendants for as little as $2,000, only to have BigMouth reject the offers on Defendants' behalf. Throughout this case, BigMouth has held the reins. It and its counsel alone has decided on California case strategy and settlement. BigMouth is not an unrelated third party—it is in complete control of Defendants' defense.

## II. Evidence of BigMouth's Copying is Highly Probative and Admissible

Defendants' motion has nothing to do with the Indiana case. They are simply trying to exclude evidence that the accused floats were copied from Covves' design. That evidence is not hearsay, is authenticated, and should be admitted in this case.

### A. Copying Evidence is Relevant

While copying is not an essential element to find that a design patent is infringed, it is at least one factor to consider in whether the allegedly infringing product is a "colorable imitation" of the patented design. *See* 35 USC § 289. "In 35 U.S.C. § 289 infringement is defined as unauthorized manufacture or sale of 'the patented design, or any colorable imitation thereof.'" *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993). Here, Defendants admit that all of the accused floats were designed and distributed by BigMouth. Dkt. 124-1 at 4 ¶ 8. And BigMouth was in possession, custody, or control of just *two* design documents relating to the design of its unicorn floats—both of which contain photos of Covves' Giant Unicorn float, a commercial embodiment of the '617 patent. *See* Dietrich Decl. ¶ 3, Att. 1. Both documents are labeled with the name of a BigMouth product designer, Kerry Dougan. *Id*., Att. 1 An email chain between Ms. Dougan and BigMouth's Chinese manufacturer shows BigMouth sent the photo of Covves' float to the manufacturer, and the manufacture created a sample float based on that image. *Id*. The accused floats that were produced after BigMouth sent the design documents to its manufacturer bore the same features as Covves' patented design, not the wavy mane and horse-shaped ears and nose of the other drawing in those

documents. *Id*. Counsel for BigMouth, who is also counsel for Defendants, has represented that BigMouth is not in possession of *any* design documents for its unicorn floats other than the ones bearing images of Covves' float. *See id*. ¶ 3. This evidence has a tendency to make more probable the fact that Defendants' floats are colorable imitations of Covves' commercial embodiment, meaning that evidence is relevant to the analysis under § 289. *See* Fed. R. Evid. 401.

Furthermore, copying is directly relevant to the Court potentially enhancing damages under reasonable royalty pursuant to 35 USC § 284. In *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, the Supreme Court held that § 284 "contains no explicit limit or condition" on when a district court may award enhanced damages, but instead allows courts to "punish the full range of culpable behavior. . . . [C]ourts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." 136 S. Ct. 1923, 1933-34 (2016). This Court has broad discretion under § 284 "in meting out enhanced damages." *Id*. at 1934. Copying evidence could be included in this assessment.

**B.     Copying Evidence is Not Excludable Hearsay**

The design documents and email chain are admissible non-hearsay. Even if the Court finds any parts of the documents to be hearsay, they remain admissible under an exclusion.

**1.     Design documents not hearsay and also admissible as evidence of the intent or plan of BigMouth's designer**

The key element of the BigMouth design documents—the photo of Covves' commercial embodiment—is not hearsay at all. A photograph is not an assertion and thus is not hearsay. *United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980); *United States v. Oaxaca*, 569 F.2d 518, 525 (9th Cir. 1978) (finding photos "were not hearsay" because they were not "assertive or testimonial in character"). "Photographs are admissible as substantive as well as illustrative evidence." *May*, 622 F.2d at 1007. Therefore, Defendants cannot exclude the photo of Covves' float

1  in the design document as hearsay. With regard to the rest of the design document,
2  Covves is not seeking to admit it for the truth of any assertions contained therein—
3  i.e., that BigMouth requested certain specifications—but rather only to show that
4  the photograph of Covves' float was contained within a document prepared by
5  BigMouth's designer, Ms. Dougan. The entirety of both design documents is thus
6  non-hearsay and admissible.

7  Further, even if the Court were to find the design documents to be hearsay in
8  any respect, they are admissible under Rule 803(3) as evidence of the intent or plan
9  of BigMouth's designer. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 454
10 F. Supp. 2d 966, 974-75 (C.D. Cal. 2006). In *Grokster*, this Court ruled that
11 documents such as "PowerPoint presentations and business plans" that "bear
12 [Defendant] StreamCast's trade names, logos, and trademarks are statements by
13 StreamCast itself, and are admissible . . . as non-hearsay to show StreamCast's state
14 of mind." *Id*. Here, the BigMouth design documents clearly evidence Ms. Dougan's
15 intent and plan to have BigMouth's manufacturer produce unicorn pool floats using
16 Covves' float as a "reference." The documents bear Ms. Dougan's BigMouth email
17 address and BigMouth's logo. *See* Dietrich Decl., Att. 1. These are exactly the sort
18 of documents *Grokster* ruled are admissible under Rule 803(3) as evidence of intent
19 or plan, though the Court would be warranted in finding they are not hearsay at all.

20 **2. Email chain sending design documents and photos of float sample is admissible non-hearsay**
21

22 The second piece of evidence relating to copying is the email chain between
23 Ms. Dougan and BigMouth's manufacturer, in which she sent the design documents
24 with photos of Covves' float to the manufacturer and subsequently received photos
25 of the sample float based on that design. This chain is not hearsay.
26 The photographs of the sample float sent by the manufacturer are not
27 assertions and thus not hearsay, as explained above. *See May*, 622 F.2d at 1007;
28 *Oaxaca*, 569 F.2d at 525. The email chain between Ms. Dougan and the

manufacturer is non-hearsay, as Covves would not be admitting it for the truth of the matter asserted in the emails. *See* Fed. R. Evid. 802(c)(2) (statement is hearsay only if it is offered to "prove the truth of the matter asserted in the statement"); *Technologies v. Luckey*, No. C 15-02281 WHA (N.D. Cal. Jun. 16, 2016). In *Luckey*, the court held an email exchange was "inadmissible for the purpose of proving what was said at the meeting between [the parties] . . . [but] [t]he emails are admissible, however, to prove up the transaction represented by the emails themselves." *Id*. at *8 n.2; *see also Grokster*, 454 F. Supp. 2d at 974 (holding "emails are not hearsay because they are not offered for the truth of the matter stated . . . Rather, they are offered to establish [defendant's] knowledge and state of mind as to the activities of [its service's] users."). Similarly, here it is not the truth of the content of the emails that Covves seeks to prove, but rather the transactions represented by the emails themselves—i.e., that BigMouth sent the manufacturer the design documents, and the manufacturer subsequently produced a sample float. The email chain between BigMouth's designer and its manufacturer is thus admissible non-hearsay.

### C. Covves' Design Expert's Testimony on the Copying Evidence, and Lack of Other Design Documents, Will Aid the Jury

Because the copying evidence is not hearsay or is admissible under an exception to the hearsay doctrine, there is no issue of Covves' design expert, Joel Delman, testifying to his opinions drawn in part from those documents. Even if the Court found the design documents and email chain were hearsay, Mr. Delman should still be permitted to testify to his opinions on copying under Rule 703. As this Court has found, experts "are entitled to rely on hearsay in forming their opinions." *EcoServices, LLC v. Certified Aviation Servs*., LLC, 312 F. Supp. 3d 830, 839 (C.D. Cal. 2018). Rule 703 "permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1261-

62 (9th Cir. 1984); *see also H.I.S.C., Inc. v. Franmar Int'l Imps*., Ltd., Case No. 3:16-cv-00480-BEN-WVG, at *9 (S.D. Cal. Dec. 19, 2018) ("Because an expert witness can testify as to the contents of her report to the extent she relies on it in forming her ultimate opinion, portions of the report are admissible.").

Mr. Delman has more than 26 years of experience in product design. He creates and reviews design documents as part of his work as a designer. Dkt. 124-1 at DELM-223-24 ¶¶ 224-226. After reviewing the evidence at issue here, Mr. Delman concluded that copying is evidenced by (a) the design similarities between the image of Covves' float and the accused floats the manufacturer produced, (b) the differences between the other float drawing in the design documents and the accused floats, and (c) BigMouth's lack of any other design documents relating to its unicorn floats, other than the two documents containing photos of Covves' float. *Id*. at DELM-222-24 ¶¶ 219-227. Those opinions are exactly the sort that a product designer would draw from the design documents and lack of other materials, and the opinions are fully supported by the evidence. Despite Defendants' protestations, this is not at all similar to *Therasense, Inc. v. Becton, Dickinson & Co*., C.A. No. C 04-02123 WHA. 2008 WL 2323856 (N.D. Cal. May 22, 2008), where the court decried an expert who laundered "facts" communicated by attorneys through Rule 703. *Id*. at *1-2. Mr. Delman has not built his opinions on the shaky foundation of attorney-given facts but on documentary evidence produced by BigMouth, the undisputed designer of the accused products.

Defendants—who are completely controlled by BigMouth in this case—argue that the design document is "a mere reference sheet" and "without testimony corroborating the intention of the document, is not the type of evidence an expert would reasonably rely upon to conclude someone 'intentionally copied Covves' float.'" Dkt. 133 at 7.[1] However, Defendants offer no evidentiary support or expert

---

[1] Defendants mislead the Court by citing *Vaid-Rizada v. Lexington Nat'l Ins. Co*., 2010 WL 11408123, at *3-4 (C.D. Cal. Jan. 22, 2010) in support of this argument. The court in that case

1  testimony of their own to support this conclusion, it is merely attorney argument.
2  *See id*. Mr. Delman—a designer with decades of experience—opined this *is* the
3  type of evidence reasonably relied on by a product designer to find copying. Dkt.
4  124-1 at DELM-223-24 ¶¶ 224-226. Further, the intention of the design documents
5  is born out in the documents themselves and the email exchange with the
6  manufacturer. That is exactly why the email chain is *not* hearsay—it is not being
7  offered for the truth of emails' content but as evidence of the plan of BigMouth's
8  designer and the transactional exchanges of a design document for a sample float.

      As a final point, if BigMouth wanted to offer to have Ms. Dougan appear at trial to testify to these design documents and her plan or intent, Covves would welcome the chance for cross-examination. But Defendants' motion makes clear BigMouth wants to stay behind the scenes in this case—directing every move of Defendants but using its strategic choice to split the case to its advantage to keep its witnesses out of the reach of subpoena power. The documentary evidence here is not hearsay and even if it were it is the type of material a design expert relies on to form an opinion as to copying. Mr. Delman should be permitted to testify to his opinions on copying, and the Court should deny Defendants' motion to exclude the copying evidence.

### D.     Copying Evidence is Properly Authenticated

      Defendants' last attempt to exclude the copying evidence is Rule 901, but their argument is not in line with precedent. "Rule 901 does not erect a particularly high hurdle, and the proponent of the evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (internal punctuation omitted). "To authenticate evidence, a party must produce evidence sufficient to support a finding that the item is what the proponent

---

excluded evidence under Rule 403, *not* Rule 703. *See id*. ("The Court excludes any evidence, reference, argument or testimony concerning the JAMS Note under Rule 403.").

claims it is." Fed. R. Evid. 901(a). In the Ninth Circuit, "[a] party need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *Am. Fed'n of Musicians v. Paramount Pictures Corp.*, 903 F.3d 968, 976 (9th Cir. 2018).

In *Paramount*, the Ninth Circuit recently rejected an argument that "failure to elicit deposition testimony about [an] email is fatal to its authenticity." *Id*. The email in question in *Paramount* was produced by Paramount in discovery and included "Toth's Paramount email signature and Paramount email address." *Id*. The Ninth Circuit held that "[g]iven the 'contents, substance . . . [and] other distinctive characteristics of the item,' Fed. R. Evid. 901(b)(4), plus the fact that it was produced by Paramount in discovery, a reasonable juror could find that the email is what [the plaintiff] claims it is." *Id*. The district court thus abused its discretion in excluding the email. *Id*.

Here, the design documents and email chain at issue were produced by BigMouth in response to discovery requests. The design documents bear BigMouth's logo, Ms. Dougan's BigMouth email address, and even a sample product warning and product box from BigMouth. Dietrich Decl., Att. 1. The email chain contains emails to and from Ms. Dougan's BigMouth email address, along with her signature identifying her as a BigMouth product designer. *Id*. The circumstances are the same as in *Paramount*, and it would be an error to grant Defendants' motion on grounds the copying evidence is not authenticated.

## Conclusion

The design documents and email chain support the conclusion Defendants' accused floats are "colorable imitations" of Covves' commercial embodiment. The Court should not exclude this relevant evidence.

/ / /

/ / /

/ / /

DATED:  December 20, 2019

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
      Stephen McArthur
      Thomas Dietrich
      *Attorneys for Plaintiff Covves, LLC*

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 11400 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OF COPYING**

on the following parties by electronically filing the foregoing on December 20, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Morgan Nickerson<br>K&L Gates LLP<br>Morgan.Nickerson@klgates.com<br>1 Lincoln St.<br>Boston, MA 02111 | *Attorneys for Defendants* |
| Caitlin C. Blanche<br>K&L Gates LLP<br>caitlin.blanche@klgates.com<br>1 Park Plaza, 12th Floor<br>Irvine, CA 92618 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/20/2019      By: */s/ Thomas Dietrich*
                                          Thomas Dietrich