Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Christopher Centurelli
Jeffrey S. Patterson
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC., a Minnesota Corporation;<br>EXPRESS INC., a Delaware Corporation;<br>TILLY'S, INC., a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC., a Delaware Corporation,<br><br>　　　　Defendants. | Case No. 2:18-cv-08518-RGK-AFM<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date:** January 14, 2020<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850, 255 E. Temple St.,<br>Los Angeles, CA 90012 |

Pursuant to Local Rules 51-1 through 51-4 and the Court's Order re Jury Instructions (Dkt. No. 73), Plaintiff Covves, LLC ("Covves") and Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company, LLC, Target Brands, Inc., Express, Inc., Tilly's, Inc., Nordstrom, Inc., and West Marine, Inc., and Zulily, Inc. (together, "Defendants") hereby jointly submit the attached set of *Undisputed* Proposed Jury Instructions. An asterisk indicates instructions which the parties agree should not be read unless or until the issue arises.

DATED:  December 27, 2019

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
Stephen McArthur
Thomas Dietrich

*Attorneys for Plaintiff Covves, LLC*

DATED:  December 27, 2019

K&L GATES LLP

By: */s/ Christopher Centurelli*
Caitlin C. Blanche
Christopher Centurelli (*pro hac vice*)
Jeffrey S. Patterson (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Natasha C. Pereira (*pro hac vice*)

*Attorneys for Defendants*

### INDEX

| No. | Title | Source | Page |
|---|---|---|---|
| | Preliminary Jury Instructions | | |
| 1. | **Duty of Jury** | Ninth Circuit Model Civil Jury Instructions - 1.2 (2017 Edition). | 9 |
| 2. | **What is Evidence** | Ninth Circuit Model Civil Jury Instructions - 1.9 (2017 Edition). | 10 |
| 3. | **What is Not Evidence** | Ninth Circuit Model Civil Jury Instructions – 1.10 (2017 Edition). | 11 |
| 4. | **Direct or Circumstantial Evidence** | Ninth Circuit Model Civil Jury Instructions – 1.12 (2017 Edition) | 12 |
| 5. | **Ruling on Objections** | Ninth Circuit Model Civil Jury Instructions – 1.13 (2017 Edition). | 13 |
| 6. | **Credibility of Witnesses** | Ninth Circuit Model Civil Jury Instructions – 1.14 (2017 Edition). | 14 |
| 7. | **Conduct of the Jury** | Ninth Circuit Model Civil Jury Instructions – 1.15 (2017 Edition). | 15 |
| 8. | **No Transcript Available/Taking Notes** | Ninth Circuit Model Civil Jury Instructions – 1.17, 1.18 (2017 Edition). | 17 |
| 9. | **\*Stipulations of Fact** | Ninth Circuit Model Civil Jury Instructions – 2.2 (2017 Edition) | 18 |
| 10. | **\*Deposition in Lieu of Live Testimony** | Ninth Circuit Model Civil Jury Instructions – 2.4 (2017 Edition) | 19 |

| 11. | **\*Use of Interrogatories of a Party** | Ninth Circuit Model Civil Jury Instructions – 2.11 (2017 Edition) | 20 |
|-----|------------------------------------------|-----------------------------------------------------------------|----|
| 12. | **\*Use of Requests for Admissions** | Ninth Circuit Model Civil Jury Instructions – 2.12 (2017 Edition). | 21 |
| 13. | **Expert Opinion** | Ninth Circuit Model Civil Jury Instructions – 2.13 (2017 Edition). | 22 |
| 14. | **Bench Conferences and Recesses** | Ninth Circuit Model Civil Jury Instructions – 1.20 (2017 Edition). | 23 |
| 15. | **What a Design Patent Is and How One is Obtained** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 19-20 (N.D. Cal. Mar. 21, 2014); Ninth Circuit Model Jury Instr. – 15.0, 15.2 (2007 Ed.); ABA 3.1.1; N.D. Cal. Model Patent Jury Instr. A.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 1.1. | 24 |
| 16. | **Patents at Issue** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 21 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instruction A.2. | 26 |
| 17. | **Summary of Patent Contentions** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 22-23 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instr. A.3; The Intellectual Property Owners Ass'n Model Design | 27 |

| | | Patent Jury Instr. 4. | |
|---|---|---|---|
| 18. | **Outline of Trial** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 24 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instruction A.5. | 28 |

| | Closing General Civil Instructions | | |
|---|---|---|---|
| 1. | **Duty of Jury** | Ninth Circuit Model Civil Jury Instructions - 1.4 (2017 Edition). | 31 |
| 2. | **Burden of Proof - Preponderance of the Evidence** | Ninth Circuit Model Civil Jury Instructions - 1.6 (2017 Edition). | 32 |
| 3. | **What is Evidence** | Ninth Circuit Model Civil Jury Instructions - 1.9 (2017 Edition). | 33 |
| 4. | **What is Not Evidence** | Ninth Circuit Model Civil Jury Instructions - 1.10 (2017 Edition). | 34 |
| 5. | **Charts and Slides Not Received In Evidence** | Ninth Circuit Model Civil Jury Instructions – 2.14 (2017 Edition). | 35 |
| 6. | **Charts and Summaries In Evidence** | Ninth Circuit Model Civil Jury Instructions – 2.15 (2017 Edition). | 36 |
| 7. | **Direct or Circumstantial Evidence** | Ninth Circuit Model Civil Jury Instructions – 1.12 (2017 Edition) | 37 |
| 8. | **Credibility of Witnesses** | Ninth Circuit Model Civil Jury Instructions – 1.14 (2017 Edition). | 38 |
| 9. | **Taking Notes** | Ninth Circuit Model Civil Jury | 39 |

| | | | Instructions – 1.18 (2017 Edition). | |
|---|---|---|---|---|
| 10. | **\*Deposition in Lieu of Live Testimony** | Ninth Circuit Model Civil Jury Instructions – 2.4 (2017 Edition) | 40 |
| 11. | **\*Use of Interrogatories** | Ninth Circuit Model Civil Jury Instructions – 2.11 (2017 Edition) | 41 |
| 12. | **\*Use of Requests for Admissions** | Ninth Circuit Model Civil Jury Instructions – 2.12 (2017 Edition). | 42 |
| 13. | **Expert Opinion** | Ninth Circuit Model Civil Jury Instructions – 2.13 (2017 Edition). | 43 |
| 15. | **Duty to Deliberate** | Ninth Circuit Model Civil Jury Instructions – 3.1 (2017 Edition). | 44 |
| 16. | **Communications with the Court** | Ninth Circuit Model Civil Jury Instructions – 3.3 (2017 Edition). | 45 |
| 17. | **Return of Verdict** | Ninth Circuit Model Civil Jury Instructions – 3.5 (2017 Edition). | 46 |
| | Closing Design Patent Instructions | | |
| 18. | **Design Patents - Interpretation of Patent Claims** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 59 (N.D. Cal. Aug. 21, 2012); N.D. Cal. Model Patent Jury Instr. B.2.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 5, 7.2. | 48 |

| 19. | **Design Patent Infringement - Burden of Proof** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 61 (N.D. Cal. Aug. 21, 2012); The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 8.1, 8.2. | 49 |
|---|---|---|---|
| 22. | **Design Patent Infringement - Comparisons** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 64 (N.D. Cal. Aug. 21, 2012); 3A Fed. Jury Prac. & Instr. (6th ed.), § 158:22 (Notes related to design patent infringement and test for design patent infringement; altered for the facts of this case). | 50 |
| 23. | **Design Patents - Prior Art** | Adapted Federal Circuit Bar Association, Model Patent Jury Instructions, B.4.3a-2 (July 2016). | 51 |

JOINT PROPOSED JURY INSTRUCTIONS
Case No. 2:18-cv-08518-RGK-AFM

**I.**      **<u>Preliminary Jury Instructions</u>**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1
## DUTY OF JURY

### **Proposed Instruction**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:**

Ninth Circuit Model Civil Jury Instructions - 1.2 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2
## WHAT IS EVIDENCE

**<u>Proposed Instruction</u>**

The evidence you are to consider in deciding what the facts are consists of:

    1.  the sworn testimony of any witness;

    2.  the exhibits that are admitted into evidence;

    3.  any facts to which the lawyers have agreed; and

    4.  any facts that I may instruct you to accept as proved.

**Source:**

Ninth Circuit Model Civil Jury Instructions - 1.9 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3
## WHAT IS NOT EVIDENCE

### **Proposed Instruction**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.10 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4
### DIRECT OR CIRCUMSTANTIAL EVIDENCE

**<u>Proposed Instruction</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.12 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5
## RULING ON OBJECTIONS

### **Proposed Instruction**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.13 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6
## CREDIBILITY OF WITNESSES

### Proposed Instruction

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Source:

Ninth Circuit Model Civil Jury Instructions – 1.14 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7
## CONDUCT OF THE JURY

**Proposed Instruction**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have

denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.15 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8
## NO TRANSCRIPT AVAILABLE/TAKING NOTES

**<u>Proposed Instruction</u>**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.17, 1.18 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9
## STIPULATIONS OF FACT[1]

### Proposed Instruction

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

### Source:

Ninth Circuit Model Civil Jury Instructions – 2.2 (2017 Edition).

---

[1] The parties agree to provide this instruction if there are any stipulated facts.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10
## DEPOSITION IN LIEU OF LIVE TESTIMONY[2]

**<u>Proposed Instruction</u>**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.4 (2017 Edition).

---

[2] The parties agree to provide this instruction before the first deposition testimony is read.

1

2

### PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11
### USE OF INTERROGATORIES OF A PARTY[3]

3

**Proposed Instruction**

4

5

6

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

7

**Source:**

8

Ninth Circuit Model Civil Jury Instructions – 2.11 (2017 Edition).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[3] The parties agree to provide this instruction before the first interrogatory is read.

1
2

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12
## USE OF REQUESTS FOR ADMISSION[4]

3

### <u>Covves' Proposed Instruction</u>

4

5

Evidence may be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

6

**Source:**

7

Ninth Circuit Model Civil Jury Instructions – 2.12 (2017 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] The parties agree to provide this instruction before the first admission is read.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13**
**EXPERT OPINION**

**<u>Proposed Instruction</u>**

You will hear testimony from witnesses who will testify to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.13 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14
## BENCH CONFERENCES AND RECESSES

### Proposed Instruction

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.20 (2017 Edition).

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15
## WHAT A DESIGN PATENT IS AND HOW ONE IS OBTAINED

### Proposed Instruction

This case involves disputes relating to United States design patents. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what design patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). In general terms, a design patent protects the way an article looks. It covers the ornamental shape, configuration, and/or surface ornamentation of the article.

A valid United States design patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented design within the United States, or from importing it into the United States, during the term of the patent. A violation of the patent owner's rights is called "infringement." The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

A design patent contains what is called a "specification." The specification contains drawings of the design, a description of the drawings, and a single claim that references the drawings. A design patent can have only a single claim. The claim defines the patent's boundaries and notifies the public of those boundaries.

The process of obtaining a patent is called patent prosecution. To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the design is patentable and whether the specification adequately describes the design claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art. However, in general, prior art includes things that existed before the claimed design, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The examiner considers whether the claim defines a design that is new and not obvious in view of the prior art. A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claim, the applicant then responds and sometimes changes the design drawings. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

**Source:**

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 19-20 (N.D. Cal. Mar. 21, 2014); Ninth Circuit Model Jury Instr. – 15.0, 15.2 (2007 Ed.); ABA 3.1.1; N.D. Cal. Model Patent Jury Instr. A.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 1.1.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16
## PATENTS AT ISSUE

**Proposed Instruction**

There are two design patents asserted in this case.

Covves accuses certain Defendants of infringing United States Patent Numbers D787,617 and D783,370. The "D" at the beginning of each patent number means it is a design patent. Patents are often referred to by their last three digits, so Covves' patents may be referred to in shorthand as the '617 and '370 patents.

The '617 patent claims the ornamental design for an inflatable toy. The '370 patent claims the ornamental design for an inflatable beverage holder.

**Source:**

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 21 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instruction A.2.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17
## SUMMARY OF PATENT CONTENTIONS

### Proposed Instruction

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Covves, LLC, which we will refer to as "Covves," and Dillards, Inc., Kohl's Corporation, Saks & Company, LLC, Target Brands, Inc., Express, Inc., Tilly's, Inc., Nordstrom, Inc., and West Marine, Inc., and Zulily, Inc., which I will refer to collectively as "Defendants" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. You must decide the case as to each Defendant separately regardless of whether I refer to them collectively as "Defendants" or individually. The case involves two United States design patents owned by Covves.

Covves filed this lawsuit against the Defendants, seeking money damages from Defendants for their allegedly infringing the '617 and '370 patents by making, importing, using, selling and/or offering for sale unicorn-shaped inflatable pool floats and unicorn-shaped inflatable drink holders.

Specifically, Covves accuses Defendants Dillard's, Express, Kohl's, Nordstrom, Saks & Company, Target, West Marine, and Zulily of infringing the '617 patent by selling the following unicorn-shaped pool floats:

- Giant Sparkly Unicorn Pool Float
- Giant Unicorn Pool Float
- Pride Float
- Sparkles the Unicorn Lil Pool Float

Covves accuses Defendants Express, Kohls, Saks & Company, Target, Tilly's, and Zulily of infringing the '370 patent by selling inflatable unicorn-shaped drink holders called "Beverage Boats."

The Defendants deny that they have infringed Covves' design patents.

For each of Covves' infringement claims, you will be asked to decide is whether the Defendants have infringed the patent. If you decide that either of Covves' patents has been infringed, you will then need to decide any money damages to be awarded to Covves to compensate it for infringement.

### Source:

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 22-23 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instr. A.3; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 4.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18
## OUTLINE OF TRIAL

**Proposed Instruction**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Covves will start by presenting its evidence on its contentions that Defendants have infringed Covves' patents. These witnesses will be questioned by Covves' counsel in what is called direct examination. After the direct examination of a witness is completed, Defendants have an opportunity to cross-examine the witness. To prove infringement of a patent, Covves must persuade you that it is more likely than not that the Defendants have infringed Covves' patent.

After Covves has presented its witnesses, Defendants will call their witnesses, who will also be examined and cross-examined. Defendants will present their evidence that Covves' asserted patents are not infringed.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial. After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments. Closing arguments are not evidence. After the instructions and closing arguments, you will then decide the case.

**Source:**

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 12-cv-00630-LHK, Dkt. 1488 at 24 (N.D. Cal. Mar. 21, 2014); N.D. Cal. Model Patent Jury Instruction A.5.

**II.**      <u>**Proposed Instructions at Close of Evidence**</u>

1.    **<u>General Civil Instructions</u>**

**PROPOSED FINAL JURY INSTRUCTION NO. 1**
**DUTY OF JURY**

**<u>Proposed Instruction</u>**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source:**

Ninth Circuit Model Civil Jury Instructions - 1.4 (2017 Edition).

1

2

### PROPOSED FINAL JURY INSTRUCTION NO. 2
### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

3

**<u>Proposed Instruction</u>**

4

5

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party presented it.

7

**Source:**

8

Ninth Circuit Model Civil Jury Instructions - 1.6 (2017 Edition).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROPOSED FINAL JURY INSTRUCTION NO. 3
## WHAT IS EVIDENCE

**<u>Proposed Instruction</u>**

The trial is now over. The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

**Source:**

Ninth Circuit Model Civil Jury Instructions - 1.9 (2017 Edition).

# PROPOSED FINAL JURY INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

**<u>Proposed Instruction</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**

Ninth Circuit Model Civil Jury Instructions - 1.10 (2017 Edition).

# PROPOSED FINAL JURY INSTRUCTION NO. 5
## CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE

### Proposed Instruction

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.14 (2017 Edition).

1
2

## PROPOSED FINAL JURY INSTRUCTION NO. 6
## CHARTS AND SUMMARIES IN EVIDENCE

3

**Proposed Instruction**

4

5

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

6

7

**Source:**

8

Ninth Circuit Model Civil Jury Instructions – 2.15 (2017 Edition).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## PROPOSED FINAL JURY INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL

3

**<u>Proposed Instruction</u>**

4
5
6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7

**Source:**

8

Ninth Circuit Model Civil Jury Instructions - 1.12 (2017 Edition).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROPOSED FINAL JURY INSTRUCTION NO. 8
## CREDIBILITY OF WITNESSES

### **Proposed Instruction**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### **Source:**

Ninth Circuit Model Civil Jury Instructions – 1.14 (2017 Edition).

## PROPOSED FINAL JURY INSTRUCTION NO. 9
## TAKING NOTES

### **Proposed Instruction**

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.18 (2017 Edition).

## PROPOSED FINAL JURY INSTRUCTION NO. 10
## DEPOSITION IN LIEU OF LIVE TESTIMONY[5]

**Proposed Instruction**

You heard some witnesses testify by deposition. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.4 (2017 Edition).

---

[5] The parties agree to provide this instruction if deposition testimony is read.

## PROPOSED FINAL JURY INSTRUCTION NO. 11
## USE OF INTERROGATORIES[6]

### **Proposed Instruction**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### **Source:**

Ninth Circuit Model Civil Jury Instructions – 2.11 (2017 Edition).

---

[6] The parties agree to provide this instruction if interrogatories are read.

1
2

## PROPOSED FINAL JURY INSTRUCTION NO. 12
## USE OF REQUESTS FOR ADMISSION[7]

3

### **Proposed Instruction**

4
5

Evidence has been presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

6

**Source:**

7

Ninth Circuit Model Civil Jury Instructions – 2.12 (2017 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[7] The parties agree to provide this instruction if requests for admissions are read.

## PROPOSED FINAL JURY INSTRUCTION NO. 13
## EXPERT OPINION

**<u>Proposed Instruction</u>**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.13 (2017 Edition).

# PROPOSED FINAL JURY INSTRUCTION NO. 15
## DUTY TO DELIBERATE

**<u>Proposed Instruction</u>**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.1 (2017 Edition).

## PROPOSED FINAL JURY INSTRUCTION NO. 16
## COMMUNICATIONS WITH THE COURT

### **Proposed Instruction**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.3 (2017 Edition).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL JURY INSTRUCTION NO. 17
## RETURN OF VERDICT

### **Proposed Instruction**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.5 (2017 Edition).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.    **Design Patent Instructions**

1
2

**PROPOSED FINAL JURY INSTRUCTION NO. 18**
**DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS**

3

**Proposed Instruction**

4

Before you decide whether the Defendants have infringed one or more of Covves' asserted design patents, you will have to understand the design patent claims.

5
6
7
8

A design patent has only one claim. That claim covers all the figures in the patent. It is permissible to illustrate more than one embodiment of a design in a single design patent application. Each design patent contains multiple drawings to illustrate the claimed design. The scope of the claim encompasses the design's visual appearance as a whole. It does not cover a general design concept, and is not limited to isolated features of the drawings. All matter depicted in solid lines contributes to the overall appearance of the design.

9
10
11
12

It is my job as a judge to interpret for you what is claimed by the patents. You must accept my interpretations as correct. My interpretations should not be taken as an indication that I have an opinion one way or another regarding the issue of infringement. The decision regarding infringement is yours to make. When considering the design patents, you should view certain features in the drawings in this way:

13

- '617 Patent

14
15

The '617 patent claims the ornamental design of an inflatable toy as shown in figures 1-6. The broken lines in the '617 patent constitute unclaimed subject matter.

- '370 Patent

16
17

The '370 patent claims the ornamental design of an inflatable beverage holder as shown in figures 1-6.

18

**Source:**

19
20
21

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 59 (N.D. Cal. Aug. 21, 2012); N.D. Cal. Model Patent Jury Instr. B.2.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 5, 7.2.

22
23
24
25
26
27
28

1
2

**PROPOSED FINAL JURY INSTRUCTION NO. 19**
**DESIGN PATENT INFRINGEMENT—BURDEN OF PROOF**

3

**Proposed Instruction**

4

To prove infringement of '617 or '370, Covves must prove by a preponderance of the evidence that the Defendants infringed the patents.

5
6

That means you must be persuaded by the evidence that the claim of infringement is more probably true than not true.

7

You should base your decision on all of the evidence, regardless of which party presented it.

8
9

**Source:**

10

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 61 (N.D. Cal. Aug. 21, 2012); The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 8.1, 8.2.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

## PROPOSED FINAL JURY INSTRUCTION NO. 22
## DESIGN PATENT INFRINGEMENT—COMPARISONS

3

**<u>Proposed Instruction</u>**

4

In deciding the issue of infringement, you must compare the Defendants' accused products to the design patent drawings, not to Covves' products.

5

**Source:**

6
7

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 64 (N.D. Cal. Aug. 21, 2012); 3A Fed. Jury Prac. & Instr. (6th ed.), §

8

158:22 (Notes related to design patent infringement and test for design patent infringement; altered for the facts of this case).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED FINAL JURY INSTRUCTION NO. 23
## DESIGN PATENTS—PRIOR ART

**Proposed Instruction**

Prior art to a patent may include:

1) items that were publicly known or that have been used, on sale, or otherwise made available to the public before the filing date of the patent,

2) publications that were published or otherwise made available to the public before the filing date of the patent, and

3) patents and published patent applications naming another inventor that were filed before the filing date of the patent.

The patents have the following filing dates:
- '617 was filed on August 24, 2015
- '370 was filed November 8, 2016

The issue of validity of Covves' patents is not before the jury to decide. You are only to consider prior art in relation to whether Defendants have infringed the patents.

**Source:**

Adapted Federal Circuit Bar Association, Model Patent Jury Instructions, B.4.3a-2 (July 2016).

DATED:  December 27, 2019

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
Stephen McArthur
Thomas Dietrich

*Attorneys for Plaintiff Covves, LLC*

DATED:  December 27, 2019

K&L GATES LLP

By: */s/ Christopher Centurelli*
Caitlin C. Blanche
Christopher Centurelli (*pro hac vice*)
Jeffrey S. Patterson (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Natasha C. Pereira (*pro hac vice*)

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614.  I am not a party to the above entitled action.

I have caused service of the following documents, described as:

JOINT PROPOSED JURY INSTRUCTIONS

on the following parties by electronically filing the foregoing on December 27, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Stephen C. McArthur          *Attorneys for Plaintiff*
Thomas E. Dietrich
THE MCARTHUR LAW FIRM, PC
11400 W. OLYMPIC BLVD. SUITE 200
LOS ANGELES, CA 90064

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date:   December 27, 2019  *By:*    */s/ Christopher Centurelli*
                                        Christopher Centurelli