Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Christopher Centurelli
Jeffrey S. Patterson
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COVVES, LLC,

     Plaintiff,

    v.

DILLARD'S, INC. a Delaware
Corporation;
KOHL'S CORPORATION, a
Wisconsin Corporation;
SAKS & COMPANY LLC, a
Delaware Corporation;
TARGET BRANDS, INC., a Minnesota
Corporation;
EXPRESS INC., a Delaware
Corporation;
TILLY'S, INC., a Delaware
Corporation;
NORDSTROM, INC., a Washington
Corporation;
WEST MARINE, INC., a Delaware
Corporation,
and
ZULILY, INC., a Delaware
Corporation,

    Defendants.

Case No. 2:18-cv-08518-RGK-AFM

**DEFENDANTS' DISPUTED JURY INSTRUCTIONS**

Hon. R. Gary Klausner
United States District Court Judge
**Trial:** January 14, 2020
**Time:** 9:00 a.m.
**Courtroom:** 850, 255 E. Temple St.,
Los Angeles, CA 90012

1    Pursuant to Local Rule 51 and the Court's Order re Jury Instructions (Dkt. No.

2    73), Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company, LLC, Target

3    Brands, Inc., Express, Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and

4    Zulily, Inc. (together, "Defendants") hereby submit the attached set of *Disputed*

5    Proposed Jury Instructions.

6

7    DATED:  December 27, 2019              K&L GATES LLP

8

9                                           By: */s/ Christopher Centurelli*
                                            Caitlin C. Blanche
10                                          Christopher Centurelli (*pro hac vice*)
                                            Jeffrey S. Patterson (*pro hac vice*)
11                                          Morgan T. Nickerson (*pro hac vice*)
                                            Natasha C. Pereira (*pro hac vice*)
12
13                                          *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INDEX

| No. | Title | Source | Page |
|---|---|---|---|
| General Civil Instructions | | | |
| **14.** | **Summary of Contentions** | The Federal Circuit Bar Association, Model Patent Jury Instructions, B.1 (July 2016). | 6 |
| Design Patent Instructions | | | |
| **24.** | **Design Patents - Direct Infringement** | *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 676 (Fed. Cir. 2008); *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119 (Fed. Cir. 2019) | 9 |
| **25.** | **Design Patents - Prosecution History Estoppel** | *Advantek Mktg., Inc. v. Shanghai Walk-Long Tools Co.,* 898 F.3d 1210, 1212 (Fed. Cir. 2018); *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 702 (Fed. Cir. 2014); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002). | 12 |
| Design Patents Damages | | | |
| **26.** | **Design Patents Damages - Burden of Proof** | Federal Circuit Bar Association, Model Patent Jury Instructions, B.6.1 (July 2016). | 17 |
| **27.** | **Design Patents Damages - Defendants' Profits** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 72 (N.D. Cal. Aug. 21, 2012); *Deckers* | 20 |

| | | | |
|---|---|---|---|
| | | *Outdoor Corp. v. ShoeScandal.com, LLC*, 2012 WL 6185203, at * 3 (C.D. Cal. Nov. 25, 2013); *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1447 (Fed. Cir. 1998). | |
| 28. | **Design Patents Damages - Definition of Reasonable Royalty** | Federal Circuit Bar Association Model Patent Jury Instr. B.6.6. | 23 |
| 29. | **Design Patents Damages - Reasonable Royalty - Relevant Factors** | Federal Circuit Bar Association Model Patent Jury Instr. B.6.7 | 26 |
| 30. | **Monetary Remedies - Only One Recovery Per Accused Sale** | *Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 96 (N.D. Cal. Aug. 21, 2012); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-1292 (Fed. Cir. 2002) and *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-19 (Fed. Cir. 2006) | 31 |

1. **General Civil Instructions**

## PROPOSED FINAL JURY INSTRUCTION NO. 14
## SUMMARY OF CONTENTIONS

### Defendants' Proposed Instruction

As I did at the start of the case, I will again summarize the positions of the parties with respect to the patent claims.

As I previously explained, Covves seeks money damages from eight Defendants Dillard's, Express, Kohl's, Nordstrom, Saks & Company, Target, West Marine, and Zulily for allegedly infringing the '617 patent by making, using, and/or offering for sale unicorn-shaped inflatable pool floats and unicorn-shaped inflatable drink holders.

Specifically, Covves accuses Defendants Dillard's, Express, Kohl's, Nordstrom, Saks & Company, Target, West Marine, and Zulily of infringing the '617 patent by selling the following unicorn-shaped pool floats:

- Giant Sparkly Unicorn Pool Float
- Giant Unicorn Pool Float
- Pride Float
- Sparkles the Unicorn Lil Pool Float

Covves accuses Defendants Express, Kohls, Saks & Company, Target, Tilly's, and Zulily of infringing the '370 patent by selling inflatable unicorn-shaped drink holders called "Beverage Boats."

The Defendants deny that they have infringed Covves' design patents.

For each of Covves' infringement claims, you will be asked to decide whether the Defendants have infringed the patents. If you decide that either of Covves' patents has been infringed, you will then need to decide any money damages to be awarded to Covves to compensate it for infringement.

**Source:**
The Federal Circuit Bar Association, Model Patent Jury Instructions, B.1 (July 2016).

1

**<u>Covves' Objection:</u>**

2

Defendants have not identified any legal or factual error in Covves' proposed
instruction. There is thus no reason not to use Covves' instruction. Covves'
proposed instruction is a shorter, more succinct summary for the jury after hearing
the evidence. Defendants' proposed instruction contains exactly the same issues
they claim to object to.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Defendants' Reply:</u>**

2

3    Plaintiff has not identified any legal or factual error in Defendants' proposed
     instruction. Defendants propose using the instruction the parties agreed to for the

4    preliminary instructions with a few edits to adjust the language for a final
     instruction, which eliminates the incompleteness and misleading portions of

5    Plaintiff's proposal.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED FINAL JURY INSTRUCTION NO. 20**
**DESIGN PATENTS—DIRECT INFRINGEMENT**

**<u>Defendants' Proposed Instruction</u>**

Two designs are substantially the same if, in the eye of an ordinary observer who is familiar with the prior art, giving such attention as a purchaser usually gives, the resemblance between the defendants' accused designs and the designs claimed is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

You should analyze the design as a whole and consider whether the effect of the whole design is substantially the same.

The comparison is to be made from the perspective of the ordinary observer who is familiar with the prior art because differences between the accused products and the claimed design that initially appear minor may become more significant to the ordinary observer who is familiar with the prior art.

When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer.

**<u>Source:</u>**

*Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 676 (Fed. Cir. 2008);
*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119 (Fed. Cir. 2019)

1

**<u>Covves' Objection:</u>**

2

Defendants have not identified any legal or factual error in Covves' proposed instruction. There is thus no reason not to use Covves' instruction. Further, Covves' proposed instruction contains a more detailed and comprehensive explanation of infringement to aid jurors in conducting their analysis.

3

4

5

Defendants' proposed instruction is also incomplete in that it assumes the prior art is close to the patented design. While, as it states, "differences between the accused products and the claimed design that initially appear minor may become more significant to the ordinary observer who is familiar with the prior art," that ignores the possibility that, without any close prior art, differences between the accused products and patented design carry *less* significance than they might had there been close prior art in the field. *See Egyptian Goddess*, 543 F.3d at 677-78.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Defendants' Reply:</u>**

2

3

Covves' instruction is legally erroneous in that it fails to set forth the proper

4

standard for infringement of a design patent as provided in Egyptian Goddess. For
example, Covves' instruction omits the requirement that the ordinary observer be

5

familiar with the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676

6

(Fed. Cir. 2008). Covves' proposal also includes additional elements not part of the
infringement test set by *Egyptian Goddess*.  To prevent jury confusion, Defendants

7

propose a more succinct instruction which tracks the legal standard of infringement
of a design patent as set forth in *Egyptian Goddess*.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED FINAL JURY INSTRUCTION NO. 24**
**DESIGN PATENTS - PROSECUTION HISTORY ESTOPPEL**

**Defendants' Proposed Instruction**

Prosecution history estoppel requires that the claims of a patent be interpreted in light of the proceedings in the PTO during the application process.

Prosecution history estoppel bars an infringement claim if the accused design falls within the scope of the surrendered subject matter.

Prosecution history estoppel depends on: (1) whether there was a surrender; (2) whether it was for reasons of patentability; and (3) whether the accused design is within the scope of the surrender.

**Source**:

*Advantek Mktg., Inc. v. Shanghai Walk-Long Tools Co.*, 898 F.3d 1210, 1212 (Fed. Cir. 2018); *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 702 (Fed. Cir. 2014); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002).

1

**Covves' Objection:**

2

3   Giving this instruction would be erroneous because prosecution history estoppel

4   is *not* a question for the jury, and the Court has not decided that prosecution
history estoppel applies in this case (and it does not). The Practice Note in the
AIPLA Model Jury Instructions states as follows:

5

6          **Practice Note:** *The doctrine of prosecution history estoppel is*

7          *determined by the Court.* The following [prosecution history
estoppel] Instruction should be given *only if the Court has*

8          *determined that the doctrine of prosecution history estoppel applies*

9          *as a matter of law.* Specifically, this requires that the patentee made
a representation or argument, or that an amendment to the claim

10         was made for reasons related to patentability, and the presumption
that the equivalent subject matter has been surrendered by the

11         patentee has not been rebutted. *See Festo Corp. v. Shoketsu*

12         *Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740-741 (2002)
(explaining the presumption, and how it can be rebutted); *Festo*

13         *Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359,
1366-67 (Fed. Cir. 2003) (en banc) (same).

14

15   American Intellectual Property Law Association Model Patent Jury Instructions
§ 3.7.1 (2018) (emphasis added).

16

17   Likewise, the ABA Model Patent Jury Instruction on prosecution history
estoppel begins: "The patent law places certain limits on the doctrine of

18   equivalents. It is my duty and responsibility to decide whether or not any of

19   these limitations applies in this case and to instruct you on my decision."
American Bar Association Model Patent Jury Instructions § 8.6. The question

20   of whether prosecution history estoppel applies is plainly a legal issue, not a

21   question of fact, and must be decided by the Court. *See Amgen Inc. v. Coherus*
*Biosciences Inc.*, 931 F.3d 1154, 1159 (Fed. Cir. 2019) ("Whether prosecution

22   history estoppel applies, and thus whether the doctrine of equivalents is

23   available for a particular claim limitation, *is a question of law* reviewed de
novo.") (emphasis added).

24

25   Defendants have not pled an affirmative defense of prosecution history estoppel

26   and have not raised the issue to the Court for decision. It would be error to
instruct the jury on this issue without a preliminary finding by the Court that the

27   doctrine applies. Further, as noted by Covves in its oppositions to Defendants'

28

summary judgment motions, prosecution history estoppel does not apply here. *See* Dkt. 126 at 9 n.2. As Covves explained:

> Defendants' claim of prosecution history estoppel on the tail shape is wrong. The USPTO objected to an overhead view of the tail because it lacked contour lines showing the tail curved, as was shown in the side-views. Dkt. 122-1 at 95. The prosecuting attorney added contour lines to the overhead view to match what was shown in the side-views. *Id.* at 100-104. No material was surrendered for reasons of patentability, and the accused floats are not within the scope of a surrender. *See Advantek Mktg. v. Shanghai Walk-Long*, 898 F.3d 1210, 1215 (Fed. Cir. 2018).

*Id.*; *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) (holding "[e]stoppel arises when an amendment is made to secure the patent and the amendment narrows the patent's scope."). Because Defendants have never brought this issue to the Court, and because the law does not support applying prosecution history estoppel, it would be error to instruct the jury on this issue of law.

Another problem with the specific instruction chosen by Defendants—which differs vastly from the AIPLA and ABA model jury instructions on the issue— is that the second paragraph implies that the jury could not find infringement by the accused floats as a whole even if prosecution history estoppel applied to the slope of the tail, as Defendants contend. That is completely wrong. Even if prosecution history estoppel did apply, it would mean only that Covves could not cite the similarity of Defendants' floats' tail slope to the patented designs to support a finding of infringement. Defendants' accused products copy many other features of the patents-in-suit, and as such fall outside the scope of the purported surrender and can still be found to infringe. *See Advantek*, 898 F.3d at 1216-17 ("Regardless of whether Advantek surrendered claim scope during prosecution, the accused product falls outside the scope of the purported surrender").

Lastly, Defendants' instruction does not contain any information regarding the Doctrine of Equivalents at all and how that applies in a design patent context. The instruction is misleading and erroneous.

**Source:**

AIPLA Model Patent Jury Instructions § 3.7.1; ABA Model Patent Jury Instructions § 8.6; *Advantek Mktg. v. Shanghai Walk-Long*, 898 F.3d 1210, 1215 (Fed. Cir. 2018); *Amgen Inc. v. Coherus Biosciences Inc.*, 931 F.3d 1154, 1159 (Fed. Cir. 2019) ("Whether prosecution history estoppel applies, and thus whether the doctrine of equivalents is available for a particular claim limitation, *is a question of law* reviewed de novo.") (emphasis added).

1

**<u>Defendants Reply</u>**:

2

3

The application of prosecution history estoppel is a proper question for the jury to

4

consider in design patent infringement. The inquiry is (1) whether there was a surrender; (2) whether it was for reasons of patentability; and (3) whether the accused design is within the scope of the surrender. *See Advantek Mktg., Inc. v.*

5

*Shanghai Walk-Long Tools Co.*, 898 F.3d 1210, 1212 (Fed. Cir. 2018); *Pac. Coast*

6

*Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 702 (Fed. Cir. 2014).

7

The application of prosecution history estoppel is different in design patent infringement cases, than the utility patent cases concerning infringement of an

8

equivalent relied upon by Covves and which is the subject of The Practice Note in the AIPLA Model Jury Instructions referenced in its objections.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED FINAL JURY INSTRUCTION NO. 26
## DESIGN PATENTS DAMAGES—BURDEN OF PROOF

### **Defendants' Proposed Instruction**

If you find that Defendants infringed any valid claim of the '617 or '370 patent, you must then consider what amount of damages to award to Covves. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue. If you find that Defendants have not infringed any valid claim of the patent, then Covves is not entitled to any damages.

The damages you award must be adequate to compensate Covves for the infringement. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put Covves in approximately the same financial position that it would have been in had the infringement not occurred.

Covves has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that Covves establishes that it more likely than not suffered. While Covves is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

In this case, Covves seeks Defendants' total profits. You must be careful to ensure that award is no more or no less than the value of the patented invention.

I will give more detailed instructions regarding total profits damages shortly.

### **Source:**

Federal Circuit Bar Association, Model Patent Jury Instructions, B.6.1 (July 2016).

**<u>Covves' Objection:</u>**

Defendants have not identified any legal or factual error in Covves' proposed instruction. There is thus no reason not to use Covves' instruction.

Further, Defendants' proposed instruction contains several legal errors and the issue is subject to a motion in limine. Defendants' instructional errors are as follows:

First, Defendants' instruction omits completely that Covves is seeking a reasonable royalty in alternative to total profits. If the jury finds infringement, it must award a reasonable royalty under 35 U.S.C. § 284 if that amount is greater than total profits under 35 U.S.C. § 289. *Nordock, Inc. v. Sys. Inc*., 803 F.3d 1344, 1353 (Fed. Cir. 2015) (vacated on other grounds, 137 S.Ct. 589 (2016)); *Nordock, Inc. v. Sys. Inc*., No. 2014-1762, at *4 (Fed. Cir. Mar. 17, 2017) (per curiam); *see also Catalina Lighting v. Lamps Plus, Inc*., 295 F.3d 1277, 1291 (Fed. Cir. 2002).

Second, Defendants ignore that if Covves proves infringement, awarding Covves at least a reasonable royalty is not discretionary, it is required. Under § 284, "[u]pon finding for the claimant the court *shall* award the claimant damages adequate to compensate for the infringement, but *in no event less than a reasonable royalty* for the use made of the invention by the infringer . . . ." 35 U.S.C. § 284 (emphasis added). The Federal Circuit has held "[t]he statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chemical Co. v. Mee Industries, Inc*., 341 F.3d 1370, 1381 (Fed. Cir. 2003). The Federal Circuit has "made clear . . . 35 U.S.C. § 284 requires the district court to award damages 'in an amount no less than a reasonable royalty' *even if the plaintiff has no evidence to proffer*." *Info-Hold, Inc. v. MUZAK LLC*, 783 F. 3d 1365, 1372 (Fed. Cir. 2015) (emphasis added) (citing *Dow*, 341 F.3d at 1381). See Dkt. 155 at 1-3 for a full explanation of Covves' position.

Third, Covves has no obligation whatsoever to prove that it "more likely than not suffered" damages in order to recover total profits under § 289. Section 289 clearly states that an infringer "shall be liable to the owner to the extent of his total profit . . . ." 35 U.S.C. § 289; *see also Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1448 (Fed. Cir. 1998) (holding § 289 "requires the disgorgement of the infringers' profits to the patent holder, such that the infringers retain no profit from their wrong."). Defendants' instruction would mislead the jury into believing it had to find Covves suffered the same amount of damages awardable as total profits, which is not correct.

**<u>Defendants Reply:</u>**

Defendants' proposed instructions are proper given Covves' failure to provide any reasonable royalty analysis, and instead offered one sentence in its expert report in support of an allegedly reasonable royalty. Such a cursory and unsubstantiated analysis is not admissible under Federal Rule of Evidence 702 to support a claim for reasonable royalty damages. As such, an instruction on a reasonable royalty is inappropriate and would be legally erroneous. This issue is the subject of a motions in limine. (See Dkt. Nos. 134, 155).

**PROPOSED FINAL JURY INSTRUCTION NO. 27**
**DESIGN PATENTS DAMAGES—DEFENDANTS' PROFITS**

<u>**Defendants' Proposed Instruction**</u>

In this case, Covves seeks Defendants' total profits from sales of products alleged to infringe '617 or '370. If you find infringement by any Defendant you may award Covves that Defendant's total profit attributable to its infringement.

"Total profit" is determined by deducting a Defendant's direct and indirect expenses from its gross revenue.

Gross revenue is all of the infringer's receipts from the sale of articles using any design found infringed. Covves has the burden of proving the infringing defendant's gross revenue by a preponderance of the evidence.

Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods. Other costs may be included as deductible expenses if they are directly attributable to the sale or manufacture of the infringing products resulting in a nexus between the infringing products and the expense. The Defendants have the burden of proving the deductible expenses.

**Source**:
*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 72 (N.D. Cal. Aug. 21, 2012); *Deckers Outdoor Corp. v. ShoeScandal.com, LLC*, 2012 WL 6185203, at * 3 (C.D. Cal. Nov. 25, 2013); *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1447 (Fed. Cir. 1998).

## Covves' Objection:

Defendants' instruction is simply a less detailed, less accurate version of the instruction Covves has proposed. Further, Defendants' instruction is erroneous in that it does not explain that Defendants must prove their expenses have a nexus to infringing sales before those expenses can be deducted from total revenue. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998) (it is the infringer's burden of "proving costs deductible from revenues in arriving at a profit figure."); *Bergstrom v. Sears, Roebuck & Co.*, 496 F.Supp. 476, 497 (D. Minn. 1980) ("The burden of establishing the nature and amount of these costs, as well as their relationship to the infringing product, is on the defendants."); *Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 250 F.Supp. 2d 333, 340 (S.D.N.Y. 2003) (explaining overhead expenses only deductible if there is sufficient nexus with the sale of the infringing item). Any doubts resulting from an infringer's failure to present adequate proof of its costs are resolved in favor of the patentee. *Rocket Jewelry*, 250 F.Supp. 2d at 341.

**<u>Defendants Reply:</u>**

Defendants' proposed instructions are proper and cure the deficiencies in Covves' proposed instruction.  Covves' concern with respect to "nexus" is addressed by the language "directly attributable to the sale or manufacture."

## ALTERNATIVE FINAL JURY INSTRUCTION NO. 28
## DESIGN PATENTS DAMAGES—DEFINITION OF REASONABLE ROYALTY

*Defendants maintain their objection to providing any instruction on a reasonably royalty, but provide alternative reasonably royalty instructions nos. 28 and 29 with its disputed jury instructions should the Court rule otherwise.  By offering these alternative instructions Defendants do not waive their argument that providing an instruction on reasonably royalty damages is legal error:*

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the alleged infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation. Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

**Source**: Federal Circuit Bar Association Model Patent Jury Instr. B.6.6.

**<u>Covves' Objection:</u>**

This issue is subject to a motion in limine. Should the Court agree Covves may seek a reasonable royalty, Covves' proposed instruction should be given. Covves' instruction is more succinct and contains explanations for the jury of how to calculate a reasonable royalty, in which Defendants do not find any error. Further, Covves' instruction removes many of the Georgia-Pacific factors that are inapplicable to this case and thus simplifies the issue for the jury. As Defendants' note above, the jury should only be instructed on the factors that are relevant to the evidence before the jury. Covves' instruction meets that standard, while Defendants' instruction does not.

**<u>Defendants Reply:</u>**

Defendants object to an instruction on damages under 35 U.S.C. § 284 (reasonable royalty) as legal error and confusing to the jury because Covves abandoned this relief by omitting the appropriate analysis from its expert report. An assessment of a reasonable royalty pursuant requires an extensive analysis of fifteen factors (referred to as the *Georgia-Pacific* factors). *See Lucent Techs., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1329 (Fed. Cir. 2009) (explaining that a "damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers" and jurors cannot rely on "superficial testimony" with "no analysis"). Covves' damages expert, Mr. Hampton, failed to provide any reasonable royalty analysis, and instead offered one sentence in support of Covves' allegedly reasonable royalty. Such a cursory and unsubstantiated analysis is not admissible under Federal Rule of Evidence 702 to support a claim for reasonable royalty damages. As such, an instruction on a reasonable royalty is inappropriate and unnecessary. This issue is the subject of a motions in limine. *(See Dkt. Nos. 134, 155).* Defendants maintain their objection to providing any instruction on a reasonable royalty, but provide alternative reasonable royalty instruction nos. 28 and 29 with its disputed jury instructions should the Court rule otherwise. Defendants offer this instruction to track Federal Circuit Bar Association Model Patent Jury Instr. B.6.6 and avoid additional jury confusion imposed by Plaintiff's single instruction. By offering these alternative instructions Defendants do not waive their argument that providing an instruction on reasonable royalty damages is legal error.

## ALTERNATIVE FINAL JURY INSTRUCTION NO. 29
## DESIGN PATENTS DAMAGES—REASONABLE ROYALTY - RELEVANT FACTORS

***Defendants maintain their objection to providing any instruction on a reasonably royalty, but provide alternative reasonably royalty instructions nos. 28 and 29 with its disputed jury instructions should the Court rule otherwise. By offering these alternative instructions Defendants do not waive their argument that providing an instruction on reasonably royalty damages is legal error:***

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

(1) The value that the claimed invention contributes to the accused product.

(2) The value that factors other than the claimed invention contribute to each accused product.

(3) Comparable license agreements, such as those covering the use of the claimed invention or similar technology.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.

The following factors may further assist in your deliberations: the hypothetical negotiations, include the following:

(1) The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty
(2) The rates paid by the licensee for the use of other patents comparable to the patent in suit.
(3) The nature and scope of the license, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.
(4) The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(5) The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6) The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his non-patented items, and the extent of such derivative or convoyed sales.

(7) The duration of the patent and the term of the license.

(8) The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9) The ~~utility and~~ advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10) The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11) The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13) The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14) The opinion and testimony of qualified experts.

(15) The amount that a licensor (such as <u>Covves</u>) and a licensee (such as the Defendants) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

**Source**: Federal Circuit Bar Association Model Patent Jury Instr. B.6.7.

**Note:** The Federal Circuit has made it clear that the Georgia Pacific factors are not mandatory. *See, e.g., Energy Transp. Group, Inc. v. William Demant Holding A/S/*, 697 F.3d 1342, 1357 (Fed. Cir. 2012) ("[T]his court does not endorse Georgia-Pacific as setting forth a test for royalty calculations, but only as a list of admissible factors informing a reliable economic analysis."). But if they are used, the jury should be instructed only on the factors that are relevant

1

2

3

to the evidence before the jury. *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014) (stating that "the district court erred by instructing the jury on multiple Georgia-Pacific factors that are not relevant, or are misleading, on the record before it")

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Covves' Objection:**

This issue is subject to a motion in limine. Should the Court agree Covves may seek a reasonable royalty, Covves' proposed instruction should be given. Covves' instruction is more succinct and contains explanations for the jury of how to calculate a reasonable royalty, in which Defendants do not find any error. Further, Covves' instruction removes many of the Georgia-Pacific factors that are inapplicable to this case and thus simplifies the issue for the jury. As Defendants' note above, the jury should only be instructed on the factors that are relevant to the evidence before the jury. Covves' instruction meets that standard, while Defendants' instruction does not.

**Defendants Reply:**

Defendants object to an instruction on damages under 35 U.S.C. § 284 (reasonable royalty) as legal error and confusing to the jury because Covves abandoned this relief by omitting the appropriate analysis from its expert report. An assessment of a reasonable royalty pursuant requires an extensive analysis of fifteen factors (referred to as the *Georgia-Pacific* factors). *See Lucent Techs., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1329 (Fed. Cir. 2009) (explaining that a "damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers" and jurors cannot rely on "superficial testimony" with "no analysis"). Covves' damages expert, Mr. Hampton, failed to provide any reasonable royalty analysis, and instead offered one sentence in support of Covves' allegedly reasonable royalty. Such a cursory and unsubstantiated analysis is not admissible under Federal Rule of Evidence 702 to support a claim for reasonable royalty damages. As such, an instruction on a reasonable royalty is inappropriate and unnecessary. This issue is the subject of a motions in limine. *(See Dkt. Nos. 134, 155).* Defendants maintain their objection to providing any instruction on a reasonable royalty, but provide alternative reasonable royalty instruction nos. 28 and 29 with its disputed jury instructions should the Court rule otherwise. Defendants offer this instruction to track Federal Circuit Bar Association Model Patent Jury Instr. B.6.7 and avoid additional jury confusion imposed by Plaintiff's single instruction. By offering these alternative instructions Defendants do not waive their argument that providing an instruction on reasonable royalty damages is legal error.

## PROPOSED FINAL JURY INSTRUCTION NO. 30
## MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE

**Defendants' Proposed Instruction**

Should you find infringement with respect to a sale of an accused product, you should not award Covves a double remedy with respect to the sale of the accused product.

**Source:**

*Apple, Inc. v. Samsung Elec. Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK, Dkt. 1893 at 96 (N.D. Cal. Aug. 21, 2012); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-1292 (Fed. Cir. 2002) ("[W]hen both a design patent and a utility patent have been infringed [the plaintiff] is entitled to damages for each infringement, but once it receives profits under § 289 for each sale, [the plaintiff] is not entitled to a further recovery from the same sale"); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-19 (Fed. Cir. 2006) (holding that a plaintiff cannot recover damages from a defendant for patent infringement and trademark infringement if damages were calculated from sale of same product by same defendant; "Generally, the double recovery of damages is impermissible.").

**<u>Covves' Objection:</u>**

Defendants have not identified any legal or factual error in Covves' proposed instruction. This issue is subject to a motion in limine. Should the Court agree Covves may seek a reasonable royalty, this instruction should be given to ensure error is avoided.

**Defendants Reply:**

Defendants object to an instruction on damages under 35 U.S.C. § 284 (reasonable royalty) as legal error and confusing to the jury because Covves abandoned this relief by omitting the appropriate analysis from its expert report. An assessment of a reasonable royalty pursuant requires an extensive analysis of fifteen factors (referred to as the *Georgia-Pacific* factors). *See Lucent Techs., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1329 (Fed. Cir. 2009) (explaining that a "damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers" and jurors cannot rely on "superficial testimony" with "no analysis"). Covves' damages expert, Mr. Hampton, failed to provide any reasonable royalty analysis, and instead offered one sentence in support of Covves' allegedly reasonable royalty. Such a cursory and unsubstantiated analysis is not admissible under Federal Rule of Evidence 702 to support a claim for reasonable royalty damages. As such, an instruction on a reasonable royalty is inappropriate and unnecessary. This issue is the subject of a motions in limine. *(See Dkt. Nos. 134, 155).* Moreover, Covves proposed statements: "While Covves is entitled to monetary relief for each infringing sale by the Defendants, it may not recover twice for the same sale[;] You should award Covves the highest remedy that you find applies to the infringing sales by Defendants, whether it is based on the Defendants' total profit or a reasonable royalty" are legally erroneous and misleading to jury in that they presuppose Covves has met its burdens of proof on infringement and both theories of recovery. Defendants maintain their objection to providing any instruction on a reasonable royalty, but provide an alternative instruction no. 30 with its disputed jury instructions should the Court rule otherwise. By offering this alternative instruction Defendants do not waive their argument that providing an instruction on reasonably royalty damages is legal error.

1

2     .

3                                                    Respectfully submitted,

4     DATED:    December 27, 2019          K&L GATES LLP

5

6                                          By: */s/ Christopher Centurelli*
                                           Caitlin C. Blanche (State Bar No. 254109)
7                                          caitlin.blanche@klgates.com
                                           K&L GATES LLP
8                                          1 Park Plaza, Twelfth Floor
                                           Irvine, CA 92614
9                                          Tel: (949) 253-0900 / Fax: (949) 253-0902

10                                         Christopher Centurelli (*pro hac vice*)
11                                         Jeffrey S. Patterson (*pro hac vice*)
                                           Morgan T. Nickerson (*pro hac vice*)
12                                         Natasha C. Pereira (*pro hac vice*)
13                                         K&L GATES LLP
                                           State Street Financial Center
14                                         One Lincoln Street
15                                         Boston, MA 02111
                                           Tel: (617) 261-3100 / Fax: (617) 261-3175
16

17                                         *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614.  I am not a party to the above entitled action.

I have caused service of the following documents, described as:

DEFENDANTS' DISPUTED JURY INSTRUCTIONS

on the following parties by electronically filing the foregoing on December 27, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Stephen C. McArthur                     *Attorneys for Plaintiff*
Thomas E. Dietrich
THE MCARTHUR LAW FIRM, PC
11400 W. OLYMPIC BLVD. SUITE 200
LOS ANGELES, CA 90064

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   December 27, 2019  *By:*   */s/ Christopher Centurelli*
                                        Christopher Centurelli