Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Jeffrey S. Patterson
Christopher Centurelli
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

COVVES, LLC,

Plaintiff,

v.

DILLARD'S, INC. a Delaware Corporation;
KOHL'S CORPORATION, a Wisconsin Corporation;
SAKS & COMPANY LLC, a Delaware Corporation;
TARGET BRANDS, INC., a Minnesota Corporation;
EXPRESS INC., a Delaware Corporation;
TILLY'S, INC., a Delaware Corporation;
NORDSTROM, INC., a Washington Corporation;
WEST MARINE, INC., a Delaware Corporation,
and
ZULILY, INC., a Delaware Corporation,

Defendants.

Case No. 2:18-cv-08518-RGK-AFM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE FROM AND RELATING TO THE INDIANA SUIT**

Hon. R. Gary Klausner
United States District Court Judge
**Hearing Date:** January 14, 2020
**Time:** 9:00 a.m.
**Courtroom:** 850, 255 E. Temple St., Los Angeles, CA 90012

# I. INTRODUCTION

Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants") submit this Reply in Support of Motion *in Limine* No. 1 to Preclude Evidence From and Relating to the Indiana Suit ("Opposition"). This court should exclude evidence obtained from the Indiana Suit because it is hearsay, risks the danger of unfair prejudice, and lacks authentication.

Covves, LLC's ("Covves" or "Plaintiff") attempt to put BigMouth, Inc. ("BigMouth") on trial in this case against the retailers is improper. Such action is an affront on the due process of law and the Court should not allow Plaintiff to muddy this case by litigating against a non-party. Plaintiff is not stripped of its ability to raise claims against BigMouth and will have the full opportunity to do so in *Covves, LLC v. BigMouth Inc. and BigMouth LLC,* C.A. No. 1:18-cv-03307-JMS-TAB (S.D. Ind. 2018) (the "Indiana Suit"). However, this current action in California against the retailers is neither the proper time nor place to try these issues. Defendants' involvement with BigMouth is largely limited to purchasing BigMouth's products for their inventory. When, how, and why the actual designs of BigMouth's unicorn-shaped pool floats and unicorn-shaped beverage boat (collectively, the "Accused Products") were developed is beyond the scope of the retail Defendants' personal knowledge. Covves' reference and reliance on evidence obtained in the Indiana Suit has no place here and would stand in sharp contrast to the Federal Rules of Evidence.

# II. ARGUMENT

## A. Evidence Obtained from the Indiana Suit is Irrelevant to this Action

Evidence obtained from the Indiana Suit containing statements made by BigMouth—again, a non-party here—is irrelevant in this action. In particular, Covves seeks to improperly present BigMouth's design reference sheet (the "Contested BigMouth Evidence") as evidence of alleged copying. (Dkt. No. 154, p. 3-4). Covves acknowledges that "copying is not an essential element to find that a design patent is

infringed," but then tries to hook its relevancy argument into inquiries that are clearly outside the scope of the infringement analysis. First, Covves says copying is relevant to show a "colorable imitation" under 35 U.S.C. § 289. (Dkt. No. 154, p. 3). The statute's "colorable imitation" language has nothing to do with copying but merely recognizes the scope attributed to design patents. *See In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988); *see also Pac. Handy Cutter, Inc. v. Quick Point, Inc.*, No. SA-CV- 96-399-GLT, 1997 WL 607501, at *1 (C.D. Cal. July 7, 1997) ("Design patents are extremely narrow in scope."). Second, Covves improperly relies on this Contested BigMouth Evidence to support the potential for enhanced damages under 35 U.S.C. § 284. Covves' Second Amended Complaint, however, does not plead willful infringement or seek recovery for enhanced damages from the retail defendants. (Dkt. No. 98, including prayer for relief). Moreover, the retail Defendants had no personal knowledge of the evidence obtained in the Indiana Suit. Finally, Covves opted out of any claim for enhanced damages under 35 U.S.C. § 284 by failing to provide a reasonable royalty analysis in its damages expert report. *See* Defendants' Motion in Limine No. 2 (Dkt. No. 134) for a full briefing of this issue.

As a result, the reasons Covves provides for why the Contested BigMouth Evidence should be considered relevant are flawed. The central question before the factfinder is whether, in the eye of an ordinary observer who is familiar with the prior art, giving such attention as a purchaser usually gives, the resemblance between the Accused Products and the designs claimed is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 676 (Fed. Cir. 2008). Allegations of copying are ***not relevant*** to the infringement inquiry. Even more importantly, the question of whether BigMouth intended or planned to copy Covves' design is completely irrelevant to Covves claim for damages against the retail Defendants in this action, as no allegation of willful infringement or recovery for enhanced damages was made.

**B. Evidence Obtained from the Indiana Suit is Inadmissible Hearsay**

Covves seeks to admit the Contested BigMouth Evidence and the accompanying email chain to show that BigMouth asked its manufacturer to copy Covves' unicorn pool float design. This is exactly the type of evidence that is hearsay under Federal Rules of Evidence 801 and 802. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Covves wants to use the out of court assertions by BigMouth and offer them to prove the truth of the matter asserted, namely that BigMouth allegedly copied the design of Covves' purported commercial embodiment. The Contested BigMouth Evidence is ***not*** a photograph—it is a compilation of copious text, images, and diagrams that together create a design reference sheet. By its very nature, the Contested BigMouth Evidence is an assertive document where the included information predicates a specific result.

Furthermore, contrary to Covves position, *Oaxaca* and *May* do not stand for the proposition that photographs are categorically non-hearsay. Instead, in both cases the Ninth Circuit allowed the photographs where they were sufficiently authenticated. *See United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980) (stating "Adequate foundation was presented detailing when and where the photographs were taken and the chain of possession from the time of their taking until their introduction at trial"); *United States v. Oaxaca*, 569 F.2d 518, 525 (9th Cir. 1978) (finding the government properly authenticated the photographs). Here, Covves cannot authenticate the Contested BigMouth Evidence because no witness with personal knowledge of its creation is testifying at trial. To reiterate, BigMouth is ***not*** a party to this action. The Defendants in this action did not create this document, they did not collaborate on it, and they never saw it. Covves cannot circumvent the rules of hearsay simply by mischaracterizing the Contested BigMouth Evidence as a photograph.

The Contested BigMouth Evidence would also be inadmissible under Federal Rule of Evidence 803(3)—evidence of then-existing mental, emotional, or physical,

condition. Ms. Dougan's intentions or plans are irrelevant to this action because neither Ms. Dougan nor BigMouth is a party here. What Ms. Dougan intended or planned provides no insight into the intentions or plans of the nine retail Defendants. Even in the case Covves cites for this proposition, *Metro-Goldwyn Mayer Studios, Inc. v. Grokster*, 454 F. Supp. 2d 996, 974-75 (C.D. Cal. 2006), involves statements made by the Defendant in the action. That is not the case here as Covves apparently seeks to conflate BigMouth's actions with those of the retail Defendants. They are not the same parties and Covves' efforts to group them is legal error.

Covves further argues that the email chain between Ms. Dougan and BigMouth's manufacturer is not hearsay. This argument also fails. Covves' reliance on *Total Recall Techs. v. Luckey*, No. C. 15-02281 WHA, 2016 WL 3346518 (N.D. Cal. June 16, 2016), is misplaced. In *Total Recall Techs.*, the court stated in a footnote that emails between partners in a partnership were ***inadmissible*** to show the content of what had taken place at a meeting which the emails purported to summarize. 2016 WL 3346518, at *5 n. 2. The court noted that the email was admissible for the limited purpose "to prove up the transaction represented by the emails," i.e., that the meeting took place and the emails were exchanged. *Id.* Covves' assertion that they only seek to admit the email chain for the limited purpose of showing an email was sent and a unicorn float was produced is undermined by its own pleadings and Opposition to this Motion in Limine (Dkt. No. 154). Rather, Covves seeks to use the email chain and the photograph to prove their contents—that BigMouth allegedly asked for and received a design akin to the purported commercial embodiment of Covves' unicorn pool float. Such use is hearsay and therefore inadmissible.

Covves also cannot use its purported expert to circumvent the hearsay rules to introduce such evidence. Although experts can rely on hearsay to reach their conclusions, they cannot serve as conduits to hearsay. Fed. R. Evid. 703. Covves' expert's opinion is exactly that. If allowed to testify about the Contested BigMouth

Evidence, his expected testimony is that design document shows that BigMouth "copied" the design of Covves' commercial embodiment. That is not an opinion based on hearsay, rather, it is introducing otherwise inadmissible hearsay through the guise of expert opinion. Therefore, this Court should exclude the introduction of or reference to evidence obtained from the Indiana Suit because it is hearsay.

**C. Evidence Obtained from the Indiana Suit is Unduly Prejudicial**

Covves' Opposition to this Motion in Limine completely neglects Defendants' claim that evidence from the Indiana Suit poses a grave danger of unfair prejudice. Whether BigMouth allegedly copied the design of Covves' commercial embodiment is a hotly contested issue in the Indiana Suit—but not here where BigMouth is not a party. Covves has not offered any proof that the Defendants participated or knew about the Contested BigMouth Evidence. In fact, there is no evidence that Defendants had ***any*** connection with the design development. And there is none because Defendants are retailers whose only involvement with the Accused Products was purchasing these items for their store's inventory. The Accused Product's creation story is not connected to the Defendants and thereby offers no probative value to this case. Alternatively, the introduction of evidence from the Indiana Suit, namely the Contested BigMouth Evidence will undoubtedly confuse and highly prejudice the jury against Defendants since jurors are likely to conflate BigMouth and the Defendants.

In truth, Covves' Opposition betrays this exact confusion in announcing its intention to use the Contested BigMouth Evidence—which solely involves BigMouth—to potentially request enhanced damages against the retail ***Defendants*** under 35 USC § 284. Covves has positioned its arguments to tangle BigMouth and Defendants into committing the same alleged bad acts. This merger of party liability is outrageous, especially where Covves is actively litigating claims against BigMouth in a separate action. It is in that forum, the Indiana Suit, where Covves' arguments about BigMouth should be aired. It certainly should not be here where BigMouth is devoid of

an opportunity to defend itself and there is an enormous risk that Defendants will be wrongly associated with actions they have no knowledge about.

Despite Covves' attempts to combine the instant litigation and the Indiana Suit by virtue of BigMouth's indemnification, the cases remain separate and independent judicial proceedings. BigMouth's indemnification of the Defendants does not make BigMouth a party to this action, nor does it make BigMouth's conduct any more relevant to the Defendants' alleged infringement. Covves may attempt to recover enhanced damages against BigMouth for its alleged copying, however, because of its strategic decision to litigate against the retailers separately, it must not and cannot do so here.

### D. Evidence Obtained from the Indiana Suit is Unauthenticated

Evidence from the Indiana Suit is also inadmissible because it lacks foundation and authentication as required by Federal Rules of Evidence 901. Covves cannot lay a foundation for any documents produced by BigMouth because there is no individual with personal knowledge of the Contested BigMouth Evidence since BigMouth is not a party to this litigation. Covves reliance on *Am. Fed'n of Musicians v. Paramount Pictures Corp.*, 903 F.3d 968 (9th Cir. 2018) is inapplicable and does not overcome this evidentiary challenge. In *Paramount*, a defendant objected to the authentication of an email, which ***the defendant had produced*** in discovery, and which was authored and sent by an employee of the ***defendant***. 903 F.3d at 976. Here, neither of those facts transpired. The Defendants did not produce the evidence from the Indiana Suit—BigMouth did. No employee of any of the Defendants authored the Contested BigMouth Evidence—a BigMouth employee allegedly did. Covves ***cannot*** lay a proper foundation to establish authenticity of the documents and communications in this case. As such, this Court should preclude Covves from introducing evidence from the Indiana Suit.

## III. CONCLUSION

For the reasons set forth herein, this Court should grant Defendants' Motion in Limine to Preclude Evidence from and relating to the Indiana suit.

Respectfully submitted,

DATED: January 3, 2020

K&L GATES LLP

By */s/ Christopher Centurelli*

Caitlin C. Blanche (State Bar No. 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900 / Fax: (949) 253-0902

Christopher Centurelli (*pro hac vice*)
Jeffrey S. Patterson (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Natasha C. Pereira (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100 / Fax: (617) 261-3175

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614. I am not a party to the above entitled action.

I have caused service of the following documents, described as:

DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE FROM AND RELATING TO THE INDIANA SUIT

on the following parties by electronically filing the foregoing on January 3, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Stephen C. McArthur
Thomas E. Dietrich
THE MCARTHUR LAW FIRM, PC
11400 W. OLYMPIC BLVD. SUITE 200
LOS ANGELES, CA 90064

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2020

*By:* */s/ Christopher Centurelli*
Christopher Centurelli