Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC. a Delaware Corporation.<br><br>             Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**PLAINTIFF'S REPLY IN SUPPORT MOTION IN LIMINE NO. 3 TO EXCLUDE VECTOR COMPARISONS**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 14, 2020<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

Defendants' "vector comparisons"—which they do not dispute have never been accepted by any court—are irrelevant and prejudicial contrived illustrations that have no place in a design patent infringement analysis.

### A. Defendants admit vector comparisons may influence jury but are not part of ordinary observer test

Defendants acknowledge that "the central question before the fact finder is whether, *taken as a whole*, the Accused Products appropriate the claimed designs." Dkt. 150 at 4 (emphasis added); *see also Boiling Point Group, Inc. v. Fong Ware Co.*, No. 2:16-CV-01672, at *11 (C.D. Cal. Apr. 27, 2017) But Ms. McHale's vector comparisons do not take the accused floats "as a whole." Rather, she breaks each float down into a series of two-dimensional wireframe lines that bear little resemblance to the complete three-dimensional accused floats. Ms. McHale admitted in her deposition that vector comparisons are useless to the ordinary observer test:

> Q. Have you ever heard of a consumer doing a vector analysis when purchasing a product?
>
> A. No, I have not.

Dkt. 168-1 at 253 (ECF pagination) (McHale Rough Depo Tr., 167:1-3).

There can be no dispute that the vector drawings by design do not consider the accused floats as a whole. Thus, they are not relevant to what Defendants' admit is the "central question" put to the jury—"whether the accused design has appropriated the claimed design as a whole, or whether the designs have the same general appearance and effect." *Id*. Nonetheless, Defendants insist the vector comparisons will be a "useful reference" for the jury and are an "illustrative aid that summarize the differences between the Accused Products and the patented design." In other words, while acknowledging that no ordinary observer looks at vector comparisons when purchasing a pool float, Defendants still want to admit that evidence in hopes it will sway the jury towards noninfringement. That is the

epitome of using evidence that has no relevance under Rule 401 to confuse the jury and create undue prejudice, warranting exclusion under Rule 403.

### B. No court has accepted vector comparisons and they are not supported by any accepted methodology

Defendants still have not identified any design patent case where a court has admitted vector comparisons, and there is none. Nor have Defendants responded to the finding by Covves' expert, Joel Delman (who *is* an actual product designer), that "[t]his 'methodology' was created by Ms. McHale, and has no foundation in design, law or patent infringement analysis." Dkt. 126-4 at 11. Indeed, Ms. McHale admitted as much at her deposition, stating this was her first time ever creating or using vector comparisons:

> Q. Are you aware of any court has ever used a vector comparison analysis for design infringement?
> A. I have no idea . . . .
> Q. Have you ever done vector comparisons like this for other products?
> A. I have not done them for other products that I can think of. Not that I can [] think.
> Q. So this is the first time you've use vector comparisons to compare products?
> A. Probably. I'm thinking of instruction sheets. Image we have drawn. We have done a lot of drawings. I am not sure. Probably not.

Dkt. 168-1 at 250-51 (ECF pagination) (McHale Rough Depo Tr., 164:20-165:3).

Defendants' vector comparisons are thus irrelevant *and* unsupported by reliable methodology, supporting exclusion under Rule 402. And on Rule 403's sliding scale, the lack of relevance to the ordinary observer test and high likelihood of prejudice and confusion requires exclusion.

///

### C. Vector comparisons distort and misrepresent accused floats

Defendants claim Covves has agreed the vector comparisons are not prejudicial because they do not "distort or misrepresent the Accused Products or the claimed designs." Dkt. 150 at 4. Not so. By flattening the accused products into two dimensions, the vector comparisons distort the appearance of Defendants' imitation unicorn floats. As Covves noted in its opposition to Defendants' motion for summary judgment, "Ms. McHale's vector analysis is akin to flattening an accused float with a steamroller then placing it on top of a patent drawing to see if the outlines match." Dkt. 126 at 13.

The analysis by Covves' expert, Mr. Delman, supports this conclusion: "[Ms. McHale's] illustrations obfuscate the asserted and accused designs, and focus the eye on select, granular elements of those designs in a way that nobody—let alone an ordinary observer familiar with the prior art—would perceive the overall appearance of any three-dimensional design." Dkt. 126-4 at 11. Mr. Delman notes that "[b]y flattening complex physical forms and overlaying one atop the other, then applying colored circles around numerous individual elements, the McHale Report focuses and guides the eye in ways that are exactly counter to the intent of *Egyptian Goddess*' ordinary observer test for infringement." *Id*.

Flattening a photograph of a three-dimensional product into a two-dimensional representation visibly distorts the original image, creating "differences" where none exist. For example, a float's features in a photograph can depend on the level of inflation and the angle from which the photographer took the picture. When flattened into a two-dimensional wireframe through Ms. McHale's process, features such as neck angle can suddenly look different, when no substantial difference is visible in a side-by-side comparison of the product to the patent drawing. *See, e.g.*, Dkt. 138 at 2 (neck of vector drawing at left highly dependent on angle of float in photograph). Defendants agree no ordinary observer would conduct a "vector comparison" when assessing pool floats. Because the

vector comparisons misrepresent and distort the accused floats, those comparisons should be excluded as irrelevant and unduly prejudicial.

## Conclusion

Defendants' vector comparisons are not relevant to the infringement analysis and any probative value is far outweighed by the likelihood of confusing the issues or misleading the jury. No court has ever accepted vector comparison evidence in a design patent case, and there is no reason for this Court to be the first to do so. Covves respectfully requests that the Court grant its motion to exclude at trial any reference to or mention of the vector comparisons.

DATED:  January 3, 2020

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
Stephen McArthur
Thomas Dietrich
*Attorneys for Plaintiff Covves, LLC*

# **CERTIFICATE OF SERVICE**

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 11400 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3 TO EXCLUDE VECTOR COMPARISONS**

on the following parties by electronically filing the foregoing on January 3, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Morgan Nickerson            *Attorneys for Defendants*
K&L Gates LLP
Morgan.Nickerson@klgates.com
1 Lincoln St.
Boston, MA 02111

Caitlin C. Blanche
K&L Gates LLP
caitlin.blanche@klgates.com
1 Park Plaza, 12th Floor
Irvine, CA 92618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/03/2020        By: */s/ Thomas Dietrich*
                                               Thomas Dietrich