Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation, and<br>ZULILY, INC. a Delaware Corporation.<br><br>　　　　　　Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF UNSUPPORTED DEDUCTIBLE COSTS**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 14, 2020<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

Defendants Target and Dillard's (here, "Defendants") hid the ball on computations of claimed deductible costs. That is not an issue of fact for the jury but one which warrants exclusion by the Court. Defendants are also seeking to deduct costs—such as taxes—that are not deductible as a matter of law. That is not a jury question either.

### A. Defendants agree they have produced just cost numbers, not actual business records to support their cost *computations*

Defendants agree it is their burden, not Covves', to prove all deductible costs. *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998); *Bergstrom v. Sears, Roebuck & Co.*, 496 F.Supp. 476, 497 (D. Minn. 1980). Defendants do not dispute that they must prove a claimed cost bears a relationship to the infringing product. *See Bergstrom*, 496 F.Supp. at 497. Nor do Defendants dispute that, to prove alleged costs are deductible, they must produce actual business records supporting the cost *and* showing the cost has some nexus to infringing sales. *See id.*; *Nike*, 138 F.3d at 1447-48. That is missing here. Target alone is asking to reduce total profits by more than $1.5 million in claimed costs based solely on its say-so.

Target and Dillard's have each produced a spreadsheet containing cost numbers. That is all. They argue these spreadsheets are business records (though Target's 30(b)(6) witness testified theirs was created solely for this litigation by a paralegal). But even if that were true, the spreadsheets indicate computations were done by some person or machine in order to arrive at the cost numbers included therein. As one example, Target seeks to deduct costs for "bonuses." Since Target could certainly not deduct all bonus expenses incurred across its whole business empire, a computation must have been run to derive the cost number in the spreadsheet. Presumably that would be a computation to derive only those bonus-related costs that have a nexus to sales of infringing unicorn floats. But Covves can only presume. Neither Target nor Dillard's has produced *any* actual business

records to support their cost computations. And as quoted in Covves' opening motion on this issue, Target's designated 30(b)(6) witness was completely unable to testify to cost computations.

Throughout the case Defendants have hidden the ball on their computations of how they calculated overhead, taxes, incentive costs, bonus costs, legal affairs costs, operating expenses, depreciation, rentals, and interest/debt expenses. All they have produced is a number, computed by someone or some computer system. What they have not produced is any supporting documentation that would allow Covves to verify (a) that the computation was done accurately, and (b) that the claimed cost has a nexus to infringing sales.

Defendants have had the chance to prove a nexus between these costs and their profits, yet they have never attempted to make that connection. They have never produced any documents showing that connection. Importantly, they have not even produced sworn testimony, at deposition or otherwise, that could possibly draw a connection. In *Nike*, the Federal Circuit affirmed the trial court's decision not to deduct the infringer's claimed overhead expenses because the infringer failed to produce the "actual business records" it used to support its computations. 138 F.3d at 1447. The same rule should apply here. Because Defendants have produced only spreadsheets with numbers, and no business records to support how they arrived at those numbers or how those numbers have any relationship to infringing sales, as a matter of law Defendants have not met their burden of proving any of those costs are deductible. That is not an issue for the jury, but one which—as *Nike* shows—is properly acted on by the Court by excluding evidence of unproven costs before trial.[1] Defendants should not be permitted to slash total profits by more than 50% on their *ipse dixit* alone.

/ / /

---

[1] Covves is not challenging Defendants' cost of goods sold, as those costs are plainly related to infringing sales and a matter of simply multiplying price paid by quantity purchased.

### B. Defendants' compliance (or lack thereof) with the Magistrate Judge's order is irrelevant

Defendants act as though their claimed compliance with the Magistrate Judge's order on Covves' motion to compel has some talismanic significance, magically meaning that all of their claimed costs are properly supported. That is not so. Covves moved to compel the documents and information it needed to meet its burden of proof on damages—meaning the underlying discovery requests focused on revenue and gross profits. It is Defendants' independent burden to produce documentation to support their claimed deductible costs, and they failed to do so.

Further, Defendants did not even fully comply with the Court's order on the specific issue of costs. The Court ordered Defendants to produce actual business documents reflecting profits from sales of infringing products *and* an explanation of how profits were calculated in light of identified costs. Defendants' "explanations" of profit and cost calculations are laughably vague. Target's full explanation of how it deducted over ***$3.2 million in costs*** is: "In short, the costs taken out include the direct cost of the product; store, headquarter, and distribution fixed overhead costs; Target's costs from incentives, bonuses, legal affairs, and Shipt. SG&A expenses; and taxes." Dkt. 139-1 at 17 (ECF pagination). That is not an explanation of cost computations, it is a statement saying Target deducted some numbers, and we should believe they are correct and have a nexus to infringing sales because Target says so. Target's designated corporate witness was completely unable or unwilling to elaborate further in her deposition. Dillard's "explanation" is equally lacking in actual elucidation of cost computations. *See id.* at 21. To seek to deduct various costs, Defendants had a burden—separate and apart from Covves' motion to compel—to product actual business records supporting their cost computations. They chose instead to hide the ball. That warrants excluding Defendants from belatedly claiming unsupported deductible costs at trial under Rules 37 and 26 of the Federal Rules of Civil Procedure.

### C. Whether costs such as taxes are deductible is not an issue of fact

Lastly, Defendants are wrong in contending that "determining Defendants' costs to be deducted is a question of fact that must be answered by the jury." Dkt. 151 at 5. Certain expenses are not deductible as a matter of law. That includes taxes, which Target has claimed as a deductible cost here. The Federal Circuit in *Nike* held a damages award under 35 U.S.C. § 289 "should be based on pre-tax profits . . . ." 138 F.3d at 1448. According to the Federal Circuit, "an award of only the infringers' post-tax profits would leave the appellants in possession of their tax refunds, and that if the appellants still enjoy a profit the award can not be their 'total profits' as mandated by the statute." *Id*; *see also Schnadig Corp. v. Gaines Mfg. Co., Inc.*, 620 F.2d 1166, 1175 (6th Cir. 1980). Thus, following Defendants and letting the jury decide whether to deduct taxes or not would be legal error.

As the *Nike* court made clear, § 289 "requires the disgorgement of the infringers' profits to the patent holder, such that the infringers retain no profit from their wrong." *Id*. Target and Dillard's—by seeking to deduct unproven, unsupported, and with regard to taxes, specifically prohibited, costs—are attempting to retain a sizable amount of profits from their infringing sales. The Court should not permit that violation of Federal Circuit law, and should bar Defendants from pursuing any deductible costs other than cost of goods sold. That result is particularly appropriate in light of the rule that any doubts resulting from Defendants' failure to present adequate proof of their costs should be resolved in favor of the patentee, Covves. *See Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 250 F.Supp. 2d 333, 341 (S.D.N.Y. 2003).

### Conclusion

Target and Dillard's have not met their burden of proving any expenses other than cost of goods sold are properly deductible from total profits. They failed their production obligations under Rule 26 and in response to the Magistrate Judge's order. The Court should therefore exclude Defendants from arguing or referring to

1 | any costs allegedly deductible from gross revenue other than cost of goods sold.

3 | DATED: January 3, 2020      Respectfully submitted,

4 | THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
    Stephen McArthur
    Thomas Dietrich
    *Attorneys for Plaintiff Covves, LLC*

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 11400 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF UNSUPPORTED DEDUCTIBLE COSTS**

on the following parties by electronically filing the foregoing on January 3, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Morgan Nickerson<br>K&L Gates LLP<br>Morgan.Nickerson@klgates.com<br>1 Lincoln St.<br>Boston, MA 02111 | *Attorneys for Defendants* |
| Caitlin C. Blanche<br>K&L Gates LLP<br>caitlin.blanche@klgates.com<br>1 Park Plaza, 12th Floor<br>Irvine, CA 92618 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/03/2020   By: */s/ Thomas Dietrich*
                                              Thomas Dietrich