Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation, and<br>ZULILY, INC. a Delaware Corporation.<br><br>Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5 TO EXCLUDE REFERENCE TO EXTERIOR FLOAT GRAPHICS**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 14, 2020<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

1  Defendants agree the painted-on graphics on the accused floats are
2  extraneous to the patented designs, and the Court has already rejected their
3  arguments that the graphics are relevant to an infringement analysis.

4  **A.    Defendants agree graphics are extraneous, unclaimed features**

5  In their opposition brief, Defendants state: "It is true that these graphics are
6  not contained in the simplified designs claimed by [the patents-in-suit]." Dkt. 152 at
7  1. As such, Defendants cannot dispute that the painted-on graphics on the accused
8  floats are "extraneous to the claimed design," meaning the jury cannot be allowed
9  to be "improperly influenced" by those features under Federal Circuit law. *Payless*
10  *Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993). The
11  Court has already agreed, holding "the Court will not consider these markings as
12  part of its infringement analysis, as these features are not claimed in Plaintiff's
13  design patents." Dkt. 148 at 13, 15 ("these differences are not a proper
14  consideration in the infringement analysis") (citing *Unique Functional Prods., Inc.*
15  *v. Mastercraft Boat Co., Inc.*, 82 F. App'x 683, 689 (Fed. Cir. 2003) and *Lee v.*
16  *Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988)).

17  Defendants are merely trying to re-litigate an issue that the Court decided in
18  Covves' favor in the summary judgment order. The Court has properly ruled that
19  extraneous, unclaimed features are not a proper consideration in analyzing
20  infringement. Thus, Defendants should not be permitted to rely on those irrelevant
21  features in presenting their case to the jury.

22  **B.    Defendants misinterpret *Columbia*; it is inapposite here**

23  Defendants argue that "this is not a matter of an identical copy with
24  afterthought design graphics included to skirt infringement contentions." Dkt. 152
25  at 5. Covves certainly sees it differently given the evidence that the accused float
26  designer, BigMouth, Inc., copied Covves' float design and merely added different
27  graphics. Statements like this from Defendants add support to Covves' contention
28  the copying documentation is relevant to showing infringement.

PLAINTIFF'S REPLY ISO MTN.
IN LMINE NO. 5
Case No. 2:18-cv-8518-RGK-AFM

1    In any event, as Covves noted in its motion brief, Defendants have misread

2    *Columbia Sportswear North America, Inc. v. Seirus Innovative Access., Inc.*, Case

3    No. 2018-1329 (Fed. Cir. Nov. 13, 2019). That case involved a design for a

4    *particular pattern*, and the defendant modified the patented pattern by adding a

5    repeating logo. *See* Dkt. 140 at 3-4. Unlike Seirus, Defendants here have not made

6    any modification to the patented design—they merely painted graphics on top of it.

7    As the Court recognized, that is akin to changing the color of an infringing product,

8    which is not a relevant consideration when color is not a claimed feature in the

9    patent. *See Unique*, 82 F. App'x at 690; *Lee*, 838 F.2d at 1189.

10    The Federal Circuit's opinion in *Advantek Mktg., Inc. v. Shanghai Walk-Long*

11    *Tools Co.*, 898 F.3d 1210 (Fed. Cir. 2018) is also instructive. There, the court held:

12    [Plaintiff] Advantek elected to patent the ornamental design for a
     kennel with a particular skeletal structure. A competitor who sells a
13    kennel embodying Advantek's patented structural design infringes the
     D '006 patent, *regardless of extra features, such as a cover, that the*
14    *competitor might add to its kennel*.

15    *Id.* at 1216-17 (emphasis added). Here, rather than modifying the designs claimed

16    in Covves' patents, Defendants just added extra features—painted-on graphics.

17    Those extraneous, unclaimed features are irrelevant to infringement, and permitting

18    Defendants to argue otherwise to the jury would violate applicable precedent,

19    improperly influence the jurors, and corrupt the infringement analysis.

20    Defendants know the difference between an irrelevant extraneous element

21    and an element that is relevant because it is claimed in the patented design. They

22    contend in their opposition that various other elements of the accused floats—the

23    "placement, shapes, and angles of the head, neck, mane, ears, and tail"—differ from

24    the patented designs. Dkt. 152 at 5-6. Those are physical design elements pertinent

25    to the designs claimed in Covves' patents, and Defendants can certainly argue as

26    much to the jury. What the Court should not allow them to do is improperly

27    influence the jury's analysis by relying on exterior graphics that have no bearing on

28    whether Defendants' floats infringe Covves' patents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Conclusion

Extraneous, unclaimed graphical elements on the accused floats have no bearing on whether they have "appropriated *the claimed design* as a whole . . . ." *Boiling Point Group, Inc. v. Fong Ware Co.*, No. 2:16-CV-01672, at *11 (C.D. Cal. Apr. 27, 2017) (emphasis added). The painted-on graphics are not relevant to the infringement analysis and reference to or argument to those features at trial should be prohibited under Rule 402. Further, any probative value of the extraneous graphics is far outweighed by the likelihood of confusing the issues or misleading the jury, warranting exclusion under Rule 403.

DATED:  January 3, 2020

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
Stephen McArthur
Thomas Dietrich
*Attorneys for Plaintiff Covves, LLC*

## CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 11400 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5 TO EXCLUDE REFERENCE TO EXTERIOR FLOAT GRAPHICS**

on the following parties by electronically filing the foregoing on January 3, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Morgan Nickerson                    *Attorneys for Defendants*
K&L Gates LLP
Morgan.Nickerson@klgates.com
1 Lincoln St.
Boston, MA 02111

Caitlin C. Blanche
K&L Gates LLP
caitlin.blanche@klgates.com
1 Park Plaza, 12th Floor
Irvine, CA 92618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   01/03/2020                    By:   */s/ Thomas Dietrich*
                                            Thomas Dietrich