Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Jeffrey S. Patterson
Christopher Centurelli
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC., a Minnesota Corporation;<br>EXPRESS INC., a Delaware Corporation;<br>TILLY'S, INC., a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC., a Delaware Corporation,<br><br>    Defendants. | Case No. 2:18-cv-08518-RGK-AFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO PRECLUDE TESTIMONY AND DOCUMENTARY EVIDENCE REGARDING REASONABLE ROYALTY DAMAGES**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date:** January 14, 2020<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850, 255 E. Temple St., Los Angeles, CA 90012 |

## I. INTRODUCTION

Defendants Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express Inc., Tilly's, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants") submit this Reply in Support of Motion in Limine No. 2 to Preclude Testimony and Documentary Evidence Regarding Reasonable Royalty Damages. This Court should exclude Mr. Hampton's opinion regarding reasonable royalty damages because he failed to conduct any reasonable royalty analysis. As such, his royalty calculation is unfounded, irrelevant, and unduly prejudicial. The Court should also exclude Covves from presenting testimony and documentary evidence regarding reasonable royalty damages because it has failed to provide any analysis of a reasonable royalty or properly admissible documents or other evidentiary materials on which such a computation may be based.

## II. ARGUMENT

### A. Where Total Profit is Sought, Reasonable Royalty is Not Required

As a threshold matter, Covves misinterprets the law when it declares that it is entitled to pursue reasonable royalty damages. (Dkt. No. 155, p. 2). "When only a design patent is at issue, a patentee may not recover both infringer profits and additional damages under § 284." *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002). There is no requirement that the court makes both options unconditionally available and it is the strategic choice of the party to determine which damages award it seeks to pursue. *See e.g.*, *Braun Inc. v. Dynamics Corp. of Am.,* 975 F.2d 815, 824 (Fed. Cir. 1992) (noting "Braun **elected** to recover Waring's total profits under 35 U.S.C. § 289, not 35 U.S.C. § 284") (emphasis added). From the beginning of this litigation, Covves had the opportunity to purse damages under § 289 (total profits) or § 284 (reasonable royalty). It decided to purse damages under total profits as outlined and explained in its expert report. By omitting such analysis from its expert report entirely, and not providing proper evidence of a reasonable royalty, Covves choose to relinquish this damages option. Covves cannot now pivot and seek a reasonable royalty

where they have not provided a sufficient evaluation or evidence to conduct this analysis.

Covves' reliance on *Dow Chem. Co. v. Mee Indus.*, Inc., 341 F.3d 1370, 1372 (Fed. Cir. 2003) for the proposition that the "district court *must* award damages in an amount no less than a reasonable royalty" (Dkt. No. 155, p. 2) (emphasis in original) and permit the jury to consider the issue of reasonably royalty damages is legally flawed and a mischaracterization of the case law. In *Dow*, the district court found for infringement of a utility patent there exists a "presumption of damages when infringement is proven." *Dow Chem. Co.*, 341 F.3d at 1382. The district court, however, awarded *no* damages after excluding the testimony of Dow's damages expert. *Id.* at 1381. The Federal Circuit held that this was legal error and found "[w]hen the damages are not found by a jury, the court shall assess them." *Id. Dow* does not hold that a reasonable royalty must always be assessed. *Id.* Nor does it say that exclusion of expert reasonable royalty testimony necessarily presumes a jury should be permitted to award a reasonable royalty. *Id.* Instead, *Dow* holds that where infringement is found the district court is under an obligation to award "some amount of damages." *Id.* at 1382. It does not follow that these damages *must* be a reasonable royalty. Indeed, a reasonable royalty is a hypothetical, voluntary, floor damages amount. *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1267 (Fed. Cir. 2013) ("A reasonable royalty is the statutory floor for damages in an infringement case"). Covves overstates the principles from *Dow* in an attempt to present an unsupported reasonable royalty claim, which it abandoned by not offering a reasonable royalty analysis.

### B.   Plaintiff's Expert's Opinion on Reasonable Royalty is Inadmissible

Reasonable royalty damages are determined based upon a hypothetical negotiation between the plaintiff and defendant at the time infringement began. The hypothetical negotiation is informed by a comprehensive list of relevant factors known as the *Georgia-Pacific* factors. *Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Corp.*, 318 F. Supp. 1116 (S.D.N.Y 1970), *modified and aff'd*, 446 F.2d 295

(2d Cir. 1971). Proper application of the *Georgia-Pacific* methodology requires a damages expert's testimony to fully analyze the relevant factors. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009). When an expert opinion in support of a reasonable royalty fails to perform such an analysis, or fails to address relevant factors altogether, the expert testimony is inadmissible. *See, e.g.*, *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp.*, LLC, 879 F.3d 1332, 1349 (Fed. Cir. 2018).

Here, Covves' damages expert, Scott Hampton, did not perform any reasonable royalty analysis. Covves does not rebut this conclusion and in fact recognizes that "Mr. Hampton could have provided more analysis to support his conclusions *if* Defendants had chosen to take his deposition" (Dkt. No. 155, p. 5) (emphasis added). It is Covves' burden to establish the amount of its damages by a preponderance of the evidence, not Defendants' responsibility to elicit the undisclosed analysis through a deposition. Mr. Hampton's sole explanation of a reasonable royalty is set forth below:

> Prior licensing of the Asserted Patents indicates a $10 per unit royalty for unicorn pool floats that practice the D'617 Patent and a $1 per unit royalty for unicorn cup holders that practice the D'370 Patent that if applied to Target's infrinigng [*sic*] pool float units of 246,106 equals a $2,461,060 royalty for use of the D'617 Patent and if applied to Target's infringing beverage boat units of 223,989 (74,663 * 3 units per package) equals a $223,989 royalty for use of the D'370 Patent for a total royalty of $2,685,049 during the period January 1, 2018 through August 31, 2019.

Expert Report of S. Hampton, at Exhibit E, n.3 (Dkt. No. 110-8, at 40 of 47).

Contrary to Covves' assertion, Mr. Hampton's failure to explain how he reached those royalty amounts from unidentified "prior licensing" is not excusable because this case lacks "complexities" or because Defendants did not to depose him. Mr. Hampton's expert report provides no basis for Covves' claim to damages; it includes only conclusory allegations of reasonable royalty amounts. Federal Circuit case law is clear

1  that to be admissible a reasonable royalty calculation needs to connect the relevant
2  *Georgia-Pacific* factors to the facts of the case. *See Exmark*, 879 F.3d at 1349 (finding
3  a "damages expert's opinion was inadmissible as it failed to adequately tie the expert's
4  proposed reasonable royalty rate to the facts of this case"). Mr. Hampton neglected to
5  perform any analysis regarding the reasonableness of his proposed royalty rates in his
6  expert report. Where a plaintiff fails to provide sufficient analysis of reasonable royalty
7  damages, the plaintiff can be barred from introducing evidence or testimony regarding
8  a reasonable royalty at trial. *HSU v. Thorsen Tool Co.*, No. CV 13-08248, 2014 WL
9  12607677, at *1-2 (C.D. Cal. Nov. 10, 2014) (Klausner, J.).

10  Mr. Hampton's failure to conduct any analysis for his proposed reasonable
11  royalty rate is not surprising in that his royalty unreasonably exceeds the total profit per
12  unit of Defendants' Accused Products. For example, Mr. Hampton claims the unicorn-
13  shaped pool floats have a royalty of $10 per unit, yet the Defendants' average total profit
14  per unit ranges from -$1.62 to $4.90. Similarly, Mr. Hampton claims a $1 royalty per
15  unit for the unicorn-shaped beverage boats, but the average total profit only ranges from
16  6 cents to 10 cents. It would be legally erroneous for this Court to permit Mr. Hampton's
17  unsubstantiated royalty which requires hypothetical negotiators to **voluntarily** agree on
18  a royalty that so greatly surpasses Defendants' total profits.  In such a world, the
19  infringer would simply choose not to sell the accused product absent some other
20  unstated benefit.  Such an unexplained discrepancy shows that Mr. Hampton's figures
21  are not accurate royalty determinations and it would be legal error to present them to
22  the jury.

23  **C. Covves' Settlement Agreements are Improper Evidence of a**
24  **Reasonable Royalty**

25  Covves relies upon prior license agreements as the basis of Mr. Hampton's
26  royalty conclusion and as other evidence in the record to support a court-conducted
27  royalty calculation. (Dkt. No. 155, p. 4). These prior license agreements, however, are
28

improper because (1) they are settlement agreements; and (2) are not directly comparable to the economic circumstances of the Defendants.

First, courts disapprove of relying on settlement agreements to establish reasonable royalty damages. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) (stating "propriety of using prior settlement agreements to prove the amount of a reasonable royalty is questionable); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078–79 (Fed. Cir. 1983) ("since the offers were made after the infringement had begun and litigation was threatened or probable, their terms should not be considered evidence of an established royalty, since [l]icense fees negotiated in the face of a threat of high litigation costs may be strongly influenced by a desire to avoid full litigation") (internal quotations omitted). The Federal Circuit has made clear that "[t]he notion that license fees that are tainted by the coercive environment of patent litigation are unsuitable to prove a reasonable royalty is a logical extension of *Georgia–Pacific,* the premise of which assumes a **voluntary** agreement will be reached between a willing licensor and a willing licensee, with validity and infringement of the patent not being disputed." <u>LaserDynamics</u>, 694 F.3d at 77 (emphasis added). Here, the prior licenses agreements were both the result of threatened or actual litigation and, as such, do not provide a reliable basis from which to gauge a reasonable royalty.

Second, the economic situations between the prior license agreements Covves cites and Defendants' position are incomparable. The Federal Circuit has repeatedly explained that a royalty rate based upon a conclusory reference to prior licensing agreements, without any comparison of the economic circumstances between the prior agreements and the license reached at the hypothetical negotiation, is inadmissible under Rule 702. *See, e.g., Lucent*, 580 F.3d at 1325 ("licenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit"); *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("comparisons of past patent licenses to the infringement must account for the technological and economic differences between them" (internal

- 5 -

quotations omitted)); *DataQuill Ltd. v. High Tech Comput. Corp.*, 887 F. Supp. 2d 999, 1022 (S.D. Cal. 2011) ("The testimony of a damages expert in a patent suit who relies on non-comparable licenses in reaching his royalty rate should be excluded.").

Here, Covves seeks, improperly, to rely upon settlement agreements with manufactures of infringing products to attempt to establish a royalty for retail Defendants. Defendants are not in the same position as manufactures. Rather, they all purchase inventory from manufacturers to resell. Conversely, each of the prior settlement agreements restricts licensees to sell the allegedly infringing products solely on and through Amazon.com ("Amazon"). The circumstances of these agreements and their corresponding royalty rates are simply not comparable to the retail Defendants' economic circumstances, and Covves should not be permitted to introduce them especially where its expert, Mr. Hampton, neglected to even address these differences.

### D.   Plaintiff's Expert's Opinion on a Reasonable Royalty is Prejudicial

Mr. Hampton's opinion should also be excluded because it is prejudicial. As discussed above, Mr. Hampton's proffered reasonable royalty is not grounded in a sound analysis of the facts or economic circumstances of this case. Cognizant of this shaky foundation, there exists a substantial risk that the jury will improperly credit Mr. Hampton's unsupported conclusion and award an unduly high royalty. *See ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 815 (E.D. Va. 2011), aff'd, 700 F.3d 509 (Fed. Cir. 2012) (excluding expert damages calculation as irrelevant, unreliable, and likely to confuse the jury and cause prejudice where the opinion was "speculative and not based in sound economic precepts"). Failing to offer probative value because of their unreliability, Mr. Hampton's unsubstantiated royalty rates only stand to prejudice the Defendants and therefore should be inadmissible.

### III.   CONCLUSION

For the reasons set forth herein, this Court should grant Defendants' Motion in Limine to Preclude Testimony and Documentary Evidence Regarding Reasonable Royalty Damages.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATED: January 3, 2020 | K&L GATES LLP |
| | By */s/Christopher Centurelli*<br>Caitlin C. Blanche (State Bar No. 254109)<br>caitlin.blanche@klgates.com<br>K&L GATES LLP<br>1 Park Plaza, Twelfth Floor<br>Irvine, CA 92614<br>Tel: (949) 253-0900 / Fax: (949) 253-0902 |
| | Christopher Centurelli (*pro hac vice*)<br>Jeffrey S. Patterson (*pro hac vice*)<br>Morgan T. Nickerson (*pro hac vice*)<br>Natasha C. Pereira (*pro hac vice*)<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Tel: (617) 261-3100 / Fax: (617) 261-3175 |
| | *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614. I am not a party to the above entitled action.

    I have caused service of the following documents, described as:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO PRECLUDE TESTIMONY OR DOCUMENTARY EVIDENCE REGARDING REASONABLE ROYALTY DAMAGES**

on the following parties by electronically filing the foregoing on January 3, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Stephen C. McArthur | *Attorneys for Plaintiff* |
| Thomas E. Dietrich | |
| THE MCARTHUR LAW FIRM, PC | |
| 11400 W. OLYMPIC BLVD. SUITE 200 | |
| LOS ANGELES, CA 90064 | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2020    By: */s/Christopher Centurelli*
                                         Christopher Centurelli