Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, PC
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorney for Plaintiff Covves, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation, and<br>ZULILY, INC. a Delaware Corporation.<br><br>Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date**: January 11, 2021<br>**Time**: 9:00 a.m.<br>**Courtroom**: 850, 255 E. Temple St., Los Angeles, CA 90012 |

I.      **Introduction**

Due to a material breach of the settlement agreement entered into between the parties—specifically nonpayment by Defendants—Plaintiff Covves, LLC ("Covves") moves to reopen this case and set a trial date for its unicorn design patent infringement claims. Reopening this case and allowing Covves' claims to proceed is relief that was expressly contemplated under the terms of the settlement agreement. This Court has authority to grant that relief, and doing so is the only way to ensure the agreement is upheld and justice served.

II.     **Background**

A.      **Covves' Suits Against BigMouth and Retailer Defendants**

Covves owns U.S. Patent Nos. D787,617 and D783,370 for a unicorn pool float and inflatable unicorn cupholder, respectively (the "patents-in-suit"). Covves filed suit in this District in October 2018 against BigMouth Inc. and BigMouth LLC (together, "BigMouth") for manufacturing, importing, and distributing floats and cupholders that infringe Covves' patents-in-suit. [Dkt. 1] In the same action, Covves also sued the retailers listed on the caption above ("Retailer Defendants") that were selling infringing products obtained from BigMouth. [*See id*.] BigMouth disputed personal jurisdiction, which led Covves to sue BigMouth in the Southern District of Indiana—BigMouth's home court—while maintaining the suit against Retailer Defendants here. *See* Declaration of Stephen McArthur ("McArthur Decl.") filed herewith, ¶ 2.

BigMouth indemnified and defended all Retailer Defendants. *See* McArthur Decl. ¶ 3, Exhibit ("Ex.") A. The defendants shared the same legal counsel at KL Gates and coordinated responses to discovery and motions. BigMouth controlled all aspects of the defense of both the Indiana and California actions. *Id*. ¶ 3.

After discovery, this Court granted summary judgment in Covves' favor on the validity of the patents-in-suit and denied Retailer Defendants' motion for summary judgment of noninfringement. [Dkt. 148] The parties filed motions in

1   limine, and at the pretrial conference on January 6, 2020, this Court tentatively

2   granted Covves' motions [Dkts. 136-140] and denied Retailer Defendants' motions

3   [Dkts. 133-134]. Then, just days before trial, the parties—Covves on one hand and

4   BigMouth and Retailer Defendants on the other—executed a settlement agreement.

5   **B.    The Settlement Agreement**

6           Under the Settlement Agreement, BigMouth agreed to pay Covves a lump

7   sum amount split into an initial payment ("Initial Payment") payable upon

8   execution, and then six equal quarterly payments ("Quarterly Payments") of the

9   remaining balance. *See* McArthur Decl. Ex. B § 1.1. In exchange, Covves agreed to

10  dismiss both the California and Indiana actions without prejudice, with each

11  respective court retaining jurisdiction to enforce the settlement agreement. *Id*. § 1.4,

12  Agrmt. Exs. 2, 3. The parties granted each other a release "[i]n consideration of the

13  full and faithful performance of the terms and conditions of this Agreement." *Id*. §§

14  2.1, 2.2.

15          In the instance of a breach of the settlement agreement, the non-breaching

16  party was to give prompt written notice. *Id*. § 3.1. If the breach were not cured

17  within seven business days, the non-breaching party could initiate enforcement

18  proceedings. *Id*. Additional relief was expressly available to Covves:

19          If, after written notice of default, BigMouth is more than 30 days late
        on its Initial Payment or any one of its six Quarterly Payments of, then
20      Covves, at its option, may choose to reinstate and reopen the
        California Action and Indiana Action, including any and all claims and
21      requests for damages. In this event, the Settlement Payment made to
        Covves will be considered accrued against any judgment in the Indiana
22      Action and shall not be counted or accrued against any judgment in the
        California Action. This remedy is in addition to any other remedies
23      that may be available to Covves.

24  *Id*. § 3.3.

25          After the parties signed the settlement agreement, Covves filed a notice of

26  voluntary dismissal in accordance with section 1.4, dismissing the case against

27  Retailer Defendants without prejudice and expressly stating this Court retained

28  jurisdiction to enforce the settlement agreement. [Dkt. 179]

C.      **BigMouth Breaches the Settlement Agreement**

BigMouth paid Covves the Initial Payment. McArthur Decl. ¶ 5. However, BigMouth failed to make the first Quarterly Payment, which was due September 30, 2020. *See id.*; Ex. B § 1.1. Covves sent a notice of default as contemplated by the settlement agreement on October 6, 2020, and Defendants' counsel, Mr. Nickerson, confirmed receipt the following day. *See id.* ¶ 6, Ex. C.

In a subsequent phone call, Mr. Nickerson stated he no longer represented BigMouth but still represented Retailer Defendants. *Id.* ¶ 7. Covves therefore contacted BigMouth's new counsel, who informed Covves' counsel that BigMouth had been taken into receivership by an Indiana court and would not pay the settlement amount owed. *Id.* BigMouth's counsel represented that BigMouth will not pay Covves the remaining six Quarterly Payments owed under the settlement agreement. *Id.* That is corroborated by media reports. *See id.* ¶ 8, Ex. D. The Indiana court handling the receivership proceedings has also issued a stay barring third parties such as Covves from filing suit against BigMouth and barring BigMouth from engaging in litigation against third parties. *Id.* ¶ 9. Thus, Covves has no recourse but to reopen the case against Retailer Defendants for infringement of the patents-in-suit, as contemplated by section 3.3 of the settlement agreement.

III.    **Reopening the Case is the Proper Relief**

The parties intended that the instant case could be reinstated by Covves if BigMouth did not pay the agreed-upon settlement amount. That has now happened, and reopening the case and setting a trial date is proper.

A.      **The Agreement Permits Granting Relief to Reinstate the Case**

Covves seeks relief from the stipulation of voluntary dismissal without prejudice and reopening of this case. Under § 3.3 of the settlement agreement, that relief is expressly permitted if—as has now happened—BigMouth fails to make required settlement payments. Both the terms of the settlement agreement, § 1.4, and the stipulation of dismissal, Dkt. 179, demonstrate the parties' intent that this

1    Court retain jurisdiction to grant reinstatement of the case. This issue is thus cut-
2    and-dried—the Court has authority to reopen this case and to relieve Covves from
3    the voluntary dismissal on the ground that BigMouth has breached the agreement
4    by failing to make required settlement payments, and Defendants agreed to reopen
5    the case if Bigmouth breached in such manner. Covves requests that the Court take
6    such action promptly to allow the infringement claims to proceed.

7         **B.    The Federal Rules Permit Reopening This Case**

8        Even if the Court were to find it lacked jurisdiction to enforce the settlement
9    agreement, it still has jurisdiction and authority to grant relief from the dismissal
10   and reopen the case under Rule 60(b) of the Federal Rules of Civil Procedure.
11   "Rule 60 regulates the procedures by which a party may obtain relief from a final
12   judgment . . . [t]he rule attempts to strike a proper balance between the conflicting
13   principles that litigation must be brought to an end and that justice should be done."
14   *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

15       Rule 60(b)(6) is a catchall provision that allows the Court to grant relief from
16   a dismissal order for "any other reason that justifies relief." Fed. R. Civ. P.
17   60(b)(6). It is well established in the Ninth Circuit that "[r]epudiation of a
18   settlement agreement that terminated litigation pending before a court constitutes an
19   extraordinary circumstances, and it justifies vacating the court's prior dismissal
20   order." *Keeling v. Sheet Metal Workers Intern. Ass'n*, 937 F.2d 408, 410 (9th Cir.
21   1991). In *Keeling*, the Ninth Circuit affirmed the trial court's decision vacating a
22   dismissal order under Rule 60(b)(6) and reinstating the case after finding
23   "repudiation or 'complete frustration' of the settlement agreement." *Id*. at 410-11.
24   A federal court does not need an independent basis for jurisdiction to reopen a
25   dismissed suit by reason of breach of the agreement that was the basis for dismissal.
26   *See id*.; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

27       Here, Covves seeks exactly that—relief from the voluntary dismissal without
28   prejudice and reopening of this case to allow Covves' patent infringement claims to

proceed to trial. Covves has no other option. BigMouth's failure to pay settlement amounts owed has frustrated Covves from obtaining the benefit of the bargain with Defendants. Even if Covves were able to pursue a contract action against BigMouth for breach in the face of the Indiana court's receivership stay, Covves would *at most* end up with a judgment that it could not enforce due to BigMouth's insolvency. Covves has been injured by BigMouth's material breach and complete repudiation of the settlement agreement, and those circumstances were beyond Covves' control. It is therefore proper for the Court under Rule 60(b)(6) to vacate the dismissal stipulation and reopen this case. *See Keeling*, 937 F.2d at 410-11.

Other sections of Rule 60(b) would also allow reinstatement, as Covves is filing this motion less than one year after the dismissal was entered. *See* Fed. R. Civ. P. 60(c) (stating motions under Rule 60(b)(1), (2), and (3) must be filed no more than one year after entry of the order, while a Rule 60(b) motion must simply be made "within a reasonable time"). BigMouth's failure to pay amounts owed could be characterized as "surprise" to Covves, warranting relief under Rule 60(b)(1). Further, the facts regarding BigMouth's insolvency and receivership, along with the failures to pay, constitute newly discovered evidence that could not have been raised before, warranting relief under Rule 60(b)(2). And BigMouth's actions constitute misconduct, along with—if BigMouth knew it could not pay at the time of settlement but agreed anyway—misrepresentation, under Rule 60(b)(3). It appears under Ninth Circuit precedent that Rule 60(b)(6) is the proper means for Covves to obtain relief from the dismissal order and reopen this case. However, the other parts of Rule 60(b) support the same relief as well. Covves therefore respectfully requests that the Court reopen this case and set a date for trial.

## IV.   Covves Only Requests Reinstating the Case as to Target, the Primary Retail Infringer

If this Court agrees to grant Covves' requested relief, Covves further asks that this case be reopened only as to Defendant Target Brands, Inc. ("Target").

1  Doing so will simplify the proceedings and streamline trial.

2       During the course of discovery, Covves learned that Target alone has 98

3  percent of the sales of the accused pool floats and cupholders, compared to all the

4  other Retailer Defendants combined having just two percent of total sales. [*See* Dkt.

5  110-1 at 19 (listing each entity's profits on infringing sales)] While Covves made

6  very low settlement offers to the non-Target Retailer Defendants with minimal

7  sales, BigMouth acted for Retail Defendants and rejected all individual settlement

8  offers. McArthur Decl. ¶ 10.

9       There is no doubt the main retail infringer is Target. Target individually

10  signed the settlement agreement and was clearly in agreement with the term that, if

11  BigMouth failed to pay, the suit in this Court against Target could be reopened. In

12  order to streamline trial and reduce the number of necessary witnesses and exhibits,

13  Covves' infringement claims against Target should be allowed to proceed, while

14  the case can remain closed as to other Retailer Defendants. Covves therefore

15  respectfully requests that the Court follow the parties' settlement agreement terms

16  and the Federal Rules and reopen this case and set a date for trial of Covves' claims

17  against Target.

18  ## Conclusion

19       This Court retained jurisdiction under the settlement agreement and dismissal

20  order to enforce the agreement's terms, one of which specifically contemplated

21  reopening this case upon breach of BigMouth's payment obligations. Even if the

22  Court did not retain jurisdiction under the settlement agreement, Rule 60(b) allows

23  the Court to reopen the case based on the breach of the agreement that led to the

24  case's dismissal. If the Court grants Covves' request, in order to handle the trial

25  more efficiently and expeditiously, Covves asks to reopen the case as to Defendant

26  Target alone, as Target is by far the most significant retail infringer. Failing to grant

27  this relief would rob Covves of the benefit of its bargain in the settlement

28  agreement and wipe out Covves' valid patent infringement claims.

1

2    Dated: November 20, 2020          Respectfully submitted

3                                      **THE MCARTHUR LAW FIRM, PC**

4
                                       By */s/ Stephen McArthur*
5                                      _____

6                                      Stephen C. McArthur
                                       Thomas E. Dietrich
7
                                       *Attorneys for Plaintiff Covves, LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT**

on the following parties by electronically filing the foregoing on November 19, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Morgan Nickerson                    *Attorneys for Defendants*
K&L Gates LLP
Morgan.Nickerson@klgates.com
1 Lincoln St.
Boston, MA 02111

Caitlin C. Blanche
K&L Gates LLP
caitlin.blanche@klgates.com
1 Park Plaza, 12th Floor
Irvine, CA 92618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   11/20/2020                    By:   */s/ Stephen McArthur*
                                            Stephen McArthur