UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC. a Minnesota Corporation;<br>EXPRESS, INC., a Delaware Corporation;<br>TILLY'S, INC. a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC. a Delaware Corporation.<br><br>        Defendants. | Case No. 2:18-CV-8518-RGK-AFM<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT** |

# ORDER

Before the Court is a motion (the "Motion") by Plaintiff Covves, LLC ("Covves") seeking to reopen this case pursuant to the settlement agreement entered into between the parties in this matter and Rule 60 of the Federal Rules of Civil Procedure. On January 11, 2021, the Court held a hearing on the Motion, where counsel for the parties appeared.

## Relevant Facts and Conclusions of Law

The following facts and findings are relevant to this decision.

1. Covves, on the one hand, and the defendants in this action ("Retailer Defendants") and BigMouth, LLC and BigMouth, Inc. (together, "BigMouth") on the other hand, entered into a valid and binding settlement agreement in January 2020 (the "Agreement").

2. Under the Agreement, BigMouth agreed to pay Covves a lump sum amount split into an initial payment ("Initial Payment") payable upon execution, and then six equal quarterly payments ("Quarterly Payments") of the remaining balance. In exchange, Covves agreed to dismiss both the instant California case and the separate action against BigMouth in Indiana without prejudice, with each respective court retaining jurisdiction to enforce the settlement agreement.

3. BigMouth paid Covves the Initial Payment, after which Covves dismissed this action against Retailer Defendants without prejudice, pending completion of the payment schedule. However, BigMouth failed to make the first Quarterly Payment, which was due September 30, 2020.

4. Covves sent a proper notice of default pursuant to the Agreement, which was received by counsel for Retailer Defendants and BigMouth.

5. BigMouth is insolvent and in receivership in Indiana. BigMouth is unable to pay Covves the Quarterly Payments agreed upon by the parties to the Agreement.

6. The Court retained jurisdiction to enforce the Agreement between the

parties, and the Court finds BigMouth materially breached the Agreement by failing to make required payments to Covves.

7. Under the terms of the Agreement, the Court has authority to reopen this case and to relieve Covves from the voluntary dismissal on the ground that BigMouth has breached the agreement by failing to make required settlement payments, and Defendants agreed to reopen the case if Bigmouth breached in such manner. It is therefore proper for the Court to vacate the stipulation of dismissal and reopen this case pursuant to the terms of the Agreement.

8. Rule 60(b)(6) allows the Court to grant relief from a dismissal order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is well established in the Ninth Circuit that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstances, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Intern. Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991).

9. A federal court does not need an independent basis for jurisdiction to reopen a dismissed suit by reason of breach of the agreement that was the basis for dismissal. *See id.*; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

10. This Court finds Covves has been injured by BigMouth's material breach and complete repudiation of the Agreement, and those circumstances were beyond Covves' control. It is therefore proper for the Court to vacate the stipulation of dismissal and reopen this case pursuant to Rule 60(b)(6).

11. Covves has requested that the case be reopened only as to Defendant Target Brands, Inc. ("Target"), and has demonstrated that taking such action will streamline the proceedings and trial.

### Order

Based on all the foregoing and consideration of the case record as a whole and after notice and opportunity for a hearing, IT IS HEREBY ORDERED that:

1. Covves' Motion is GRANTED.

2. The above-captioned case is RE-OPENED as to Defendant Target and shall be set for trial. Covves' voluntary stipulation of dismissal without prejudice remains in effect for the other Retailer Defendants.

3. Counsel for the parties shall meet-and-confer and, within 30 days of this Order, jointly file a proposed schedule for bringing this matter to trial.

IT IS SO ORDERED.

DATED:_____          _____
                                Hon. R. Gary Klausner
                                Judge, United States District Court