Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Christopher Centurelli
Jeffrey S. Patterson
Morgan T. Nickerson
Natasha C. Pereira
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>　　Plaintiff,<br><br>　v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC., a Minnesota Corporation;<br>EXPRESS INC., a Delaware Corporation;<br>TILLY'S, INC., a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC., a Delaware Corporation,<br><br>　　Defendants. | Case No. 2:18-cv-08518-RGK-AFM<br><br>**DEFENDANT TARGET BRANDS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date:** December 21, 2020<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850, 255 E. Temple St., Los Angeles, CA 90012 |

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1
I. INTRODUCTION .................................................................................................. 1
II. BACKGROUND .................................................................................................... 2
III. ARGUMENT .......................................................................................................... 3
    A.    The Settlement Agreement Does Not Confer Jurisdiction Upon the Court to Re-open the Case. ........................................................................ 3
    B.    Rule 60(b) Does Not Warrant Re-opening the Case. ................................ 6
    C.    Covves' Motion to Re-open the Case is Futile, as Target Did Not Breach the Settlement Agreement and Maintains a Valid and Enforceable Release. ................................................................................ 12
CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anago Franchising, Inc. v. Shaz, LLC*,
  677 F.3d 1272 (11th Cir. 2012) ................................................................. 5

*Arata v. Nu Skin Int'l, Inc.*,
  96 F.3d 1265 (9th Cir. 1997) ..................................................................... 3

*Buckley v. BMW North Am.*,
  2020 WL 4820005 (C.D. Cal. July 1, 2020) ........................................... 10

*Casey v. Albertson's Inc.*,
  362 F.3d 1254 (9th Cir. 2004) .................................................................11

*Cmty. Dental Srvs. v. Tani*,
  282 F.3d 1164 (9th Cir. 2002) ................................................................. 7

*K.C. ex rel. Erica C. v. Tolakson*,
  762 F.3d 963 (9th Cir. 2014) .................................................................... 4

*Feature Realty, Inc. v. City of Spokane*,
  331 F.3d 1082 (9th Cir. 2003) ................................................................11

*Grand Canyon West Ranch, LLC v. Kempthorne*,
  C.A. No. CV-03-02496-PCT-NVW, 2013 WL 12364963 (D. Ariz.
  July 1, 2013) ............................................................................................. 9

*Hagestad v. Tragesser*,
  49 F.3d 1430 (9th Cir. 1995) .................................................................... 4

*Harrison v. Rodreguez*,
  C.A. No. 1:18-cv-00525-DAD-JLT (PC), 2020 WL 4570062 (E.D.
  Cal. Aug. 7, 2020) .................................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ....................................................................... 3, 4, 5, 6

*Latshaw v. Trainer Wortham & Co.*,
  452 F.3d 1097 (9th Cir. 2006) .............................................................. 7, 9

- II -

TARGET'S OPP TO PLTF'S MOTION TO RE-OPEN                CASE NO.: 2:18-CV-08518-RGK-AFM

*Lipsey v. Davey*,
  C.A. No. 117CV01706DADSABPC, 2020 WL 4430579 (E.D. Cal.
  July 31, 2020) ............................................................................................... 4, 9

*O'Connor v. Colvin*,
  70 F.3d 530 (9th Cir. 1995) ................................................................................ 3

*Sheet Metal Workers Intern. Ass'n*,
  937 F.2d 408 (9th Cir. 1991) ........................................................................... 7, 8

*Springfield v. Valencia*,
  C.A. No. 2:19-cv-00965-KJM-CKD P, 2020 WL 4035560 (E.D. Cal.
  July 17, 2020) ..................................................................................................... 6

*United States v. Alpine Land & Reservoir Co.*,
  984 F.2d 1047 (9th Cir. 1993) ............................................................................ 7

*United States v. Washington*,
  394 F.3d 1152 (9th Cir. 2005) ............................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 41 .......................................................................................................... 2

Fed. R. Civ. P. 41(a)(1)(ii) ............................................................................................ 5

Fed. R. Civ. P. 41(a)(1)(A) ........................................................................................... 2

Fed. R. Civ. P. 41(a)(1)(A)(ii) ................................................................................... 2, 5

Fed. R. Civ. P. 41(a)(2) ................................................................................................. 5

Fed. R. Civ. P. 60 ..................................................................................................... 6, 8

Fed. R. Civ. P. 60(b) ............................................................................... 2, 6, 7, 8, 10

Fed. R. Civ. P. 60(b)(1) ......................................................................................... 10, 11

Fed. R. Civ. P. 60(b)(2) ......................................................................................... 10, 11

Fed. R. Civ. P. 60(b)(3) ......................................................................................... 10, 11

Fed. R. Civ. P. 60(b)(6) .......................................................................................... 7, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Target Brands, Inc. ("Target") submits this Opposition to Plaintiff Covves, LLC's ("Covves" or "Plaintiff") Motion to Re-open Case After Breach of Settlement Agreement (the "Motion"). Covves contends that the receivership of third party BigMouth Inc. and BigMouth LLC (collectively, "BigMouth") and BigMouth's consequent failure to make payments prescribed by the parties' Settlement Agreement and Release (the "Settlement Agreement") warrants re-opening this case to litigate Covves' infringement claims against Target.

At its core, this Motion seeks to hold Target responsible for the actions of a third party, BigMouth[1], despite the fact that Covves, not Target, assumed the risk of non-payment by BigMouth. The Motion contains no allegation of wrongdoing by Target (or any of the other eight co-defendants) and instead focuses entirely on a purported breach of the Settlement Agreement by third party BigMouth. Indeed, as shown herein, Covves is not without recourse as a result of BigMouth's breach. Covves has a viable breach of contract action against BigMouth that it admits it has not fully explored due to BigMouth's receivership. *See* Motion, at 3. Moreover, Covves can re-open its case against Bigmouth in the Indiana Action. In short, Covves has several viable paths forward due to BigMouth's alleged non-performance of the Settlement Agreement, but re-opening this case is not one. As shown herein, there are no facts or law that support the re-opening of this litigation based purely upon the alleged misconduct of BigMouth, a third party.

As an initial matter, well-settled case law makes clear that this Court lacks jurisdiction to hear any arguments based solely on a purported breach of the Settlement Agreement by BigMouth. For this reason alone, the Court should deny Covves'

---

[1] BigMouth is not a party to this litigation. Instead, Covves made a strategic litigation decision to file a separate lawsuit against BigMouth in Indiana Federal District Court (the "Indiana Action").

- **1** -

1  Motion.  Next, Covves contends that the actions of third party BigMouth constitute
2  conduct under Fed. R. Civ. P. 60(b) that permits the Court to re-open the case.  However,
3  Fed. R. Civ. P. 60(b) is intended to redress conduct or circumstances *between the*
4  *parties*.  Here, Covves makes no mention of any conduct by Target or its relationship
5  with Target, and it is undisputed that Covves and Target have exactly the same
6  relationship and status as they did the day this case was dismissed.  Without any
7  allegations concerning the conduct or circumstances *as to the parties in this case*, Rule
8  60(b) is entirely inapplicable.  Finally, Covves' Motion is futile, as it is undisputed that
9  Target has fulfilled its obligations under the Settlement Agreement and maintains an
10 enforceable release against the precise claims Covves hopes to pursue should the case
11 be re-opened.  Therefore, the Court should deny Covves' Motion for this independent
12 reason as well.

## II.  BACKGROUND

14 As Covves correctly notes, the parties executed the Settlement Agreement on the
15 eve of trial on January 7, 2020.  The terms of the Settlement Agreement set forth
16 BigMouth's obligation to pay Covves a Settlement Payment and subsequent royalty
17 payments on the Accused Products, as well as mutual releases amongst Covves,
18 BigMouth, and the retailer defendants in this case, including Target.  In light of the
19 parties' settlement, Covves, Target, and the eight co-defendants (not including
20 BigMouth) filed a Joint Stipulation of Voluntary Dismissal Without Prejudice pursuant
21 to Fed. R. Civ. P. 41(a)(1)(A)(ii) concluding the case.  *See* ECF No. 179.  Importantly,
22 Fed. R. Civ. P. 41(a)(1)(A)(ii) allowed the parties to dismiss the case without further
23 order of the Court.  *See* Fed. R. Civ. P. 41(a)(1)(A) (allowing dismissal "Without a
24 Court Order").  As the parties did not request that the Court issue a dismissal order and
25 instead stipulated to dismissal under Fed. R. Civ. P 41(a)(1)(A)(ii), it is now undisputed
26 that this case was dismissed without the issuance of an order from this Court retaining
27 jurisdiction over the Settlement Agreement.

Similarly, it is undisputed that the parties negotiated the Settlement Agreement so that only BigMouth would be responsible for making payments to Covves. *See* Settlement Agreement, Section 1.1 ("BigMouth shall pay Covves…"). There is no provision within the heavily negotiated Settlement Agreement whereby Target acts as a guarantor of the settlement payments—an agreed upon ommission between the parties that was critical to Target agreeing to settle the case. Importantly, nothing in the Settlement Agreement states that BigMouth's breach negates or waives Target's release. Indeed, the language of the Settlement Agreement makes clear that Target's release is premised *only* upon its "full and faithful performance" of its obligations under the Settlement Agreement. *See* Settlement Agreement, Section 2.1.

## III. ARGUMENT

### A. The Settlement Agreement Does Not Confer Jurisdiction Upon the Court to Re-open the Case.

Covves claims that it is "cut-and-dried" (Motion, at 4) that this Court retains jurisdiction to re-open the case simply because "the parties inten[ded] that this Court retain jurisdiction" (Motion, at 3). This is simply not true. As discussed below, extensive case law from this Circuit unambiguously confirms that this Court lacks jurisdiction to adjudicate conflicting positions in a breach of settlement agreement dispute. It is for this reason that Covves does not cite to a single case to support its proposition that "[t]he [Settlement] Agreement permits granting relief to reinstate the case." Motion, at 3. Rather, despite Covves' unsupported argument to the contrary, binding case law makes clear that the parties' Settlement Agreement itself does not, and cannot, confer jurisdiction upon the Court to re-open this case.

It is black-letter law that "[w]hen the initial action is dismissed, federal jurisdiction terminates." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-82 (1994)). Federal courts are of limited jurisdiction and "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.*,

- **3** -

96 F.3d 1265, 1268 (9th Cir. 1997) (citing *Kokkonen*, 511 U.S. at 378). "Rather, courts have ancillary jurisdiction to enforce a settlement agreement ***only*** 'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Harrison v. Rodreguez*, C.A. No. 1:18-cv-00525-DAD-JLT (PC), 2020 WL 4570062, at *4 (E.D. Cal. Aug. 7, 2020) (emphasis added) (quoting *K.C. ex rel. Erica C. v. Tolakson*, 762 F.3d 963, 967 (9th Cir. 2014)); *see also*, *e.g.*, *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (stating that even a court's intention to reserve jurisdiction is not sufficient by itself; a court must expressly reserve jurisdiction or incorporate the terms of the agreement in its order); *Lipsey v. Davey*, C.A. No. 117CV01706DADSABPC, 2020 WL 4430579, at *2 (E.D. Cal. July 31, 2020) ("*Kokkonen* further held that absent the court embodying the settlement contract or retaining jurisdiction over the settlement contract in the dismissal order, enforcement of the settlement agreement is for state courts."). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Hagestad*, 49 F.3d at 1433 (quoting *Kokkonen*, 511 U.S. at 381). This principle is not only recognized by the Ninth Circuit, but it is widely acknowledged by courts and jurisdictions across the country. For example, in a scenario very similar to that before the Court now, the Eleventh Circuit, relying on the Supreme Court's decision in *Kokkonen*, stated:

> In this case, the parties purported to retain jurisdiction by stating in their Stipulation that "[a]ll parties agree that the Supreme Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein." … [T]his Stipulation makes no request of the district court; ***the parties seek to extend jurisdiction by agreement only***. It is undoubtedly true that all parties must consent to

- **4** -

> the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient. The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations. The district court did not retain jurisdiction to enforce the Settlement Agreement here because ***the court issued no such order before the case was dismissed and the stipulation was not conditioned by the entry of an order retaining jurisdiction***.

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280-81 (11th Cir. 2012) (emphasis added) (citing *Kokkonen,* 511 U.S. at 380-81).

Here, the parties entered into and filed a Joint Stipulation of Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)—the rule specifically allowing dismissal "Without a Court Order." While the parties' voluntary dismissal envisions the Court retaining jurisdiction until the final payment is completed, this is of no import. As noted above, the parties' intention cannot itself confer jurisdiction upon the Court where the Court did not issue a dismissal order specifically retaining jurisdiction. It is undisputed that the parties agreed to proceed under Fed. R. Civ. P. 41(a)(1)(A)(ii) (which does not require a court order) instead of under Fed. R. Civ. P. 41(a)(2) (which requires a court order). As this Court was never asked to issue an order incorporating the Settlement Agreement, no such order was ever issued. This fact ends the inquiry, as binding case law from the Supreme Court makes clear that courts lack jurisdiction to hear disputes arising from Fed. R. Civ. P. 41(a)(1)(A)(ii) dismissals:

> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have

appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. ***Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.***

*Kokkonen*, 511 U.S. at 378 (emphasis added). Binding case law is clear—because there is no order from this Court retaining jurisdiction, the Court lacks jurisdiction to re-open the case properly dismissed by agreement of the parties. Covves' motion to re-open must be denied for this reason alone.

### B. Rule 60(b) Does Not Warrant Re-opening the Case.

Recognizing its jurisdictional hurdle, Covves' fallback argument is that BigMouth's failure to pay under the Settlement Agreement warrants re-opening the case pursuant to the various provisions of Fed. R. Civ. P. 60(b). This argument is similarly unsupported and fails for several reasons.

As a preliminary matter, for reasons discussed above, this Court lacks jurisdiction to hear Covves' arguments under Fed. R. Civ. P. 60(b) as Covves' arguments all *arise under the breach of the Settlement Agreement* rather than sounding in fraud or other conduct actionable under Fed. R. Civ. P. 60(b). A court in the Eastern District of California concluded just months ago, "this court lacks jurisdiction over plaintiff's 60(b) motion because the settlement agreement did not include any provision that the court would retain jurisdiction over the matter…. For this reason alone, the undersigned recommends denying plaintiff's motion." *Springfield v. Valencia*, C.A. No. 2:19-cv-00965-KJM-CKD P, 2020 WL 4035560, at *2 (E.D. Cal. July 17, 2020) (citing *Kokkonen*, 511 U.S. at 381-82). Accordingly, the Court need not consider the merits of Plaintiff's claim under Fed. R. Civ. P. 60(b) as Covves' argument rests upon BigMouth's purported breach of the Settlement Agreement—a topic the *Kokkonen* Court, as well as courts in this Circuit, makes clear this Court has no jurisdiction to consider. *Kokkonen*, 511 U.S. at 378.

Notwithstanding this, even if the Court did have jurisdiction over Covves' Fed. R. Civ. P. 60(b) argument, the rule does not permit Covves to use the breach of non-party BigMouth to re-open a case to which BigMouth was not a party. Covves cites to no case, and Target has found none, in which the conduct of a third party, such as BigMouth, forms the basis for the re-opening of a lawsuit between other entities. Covves makes no allegation as to conduct by Target or the other defendants in this case. Indeed, it is undisputed that the relationship and status between Covves and Target is exactly the same as it was the day the case was dismissed. As Covves points to no conduct by Target or any change in the status or relationship of *the parties in this case*, as explained in more detail below, Covves cannot point to any "circumstances beyond its control" or "extraordinary circumstance" necessary to re-open the case under Fed. R. Civ. P. 60(b).

Covves primarily relies upon Fed. R. Civ. P. 60(b)(6)'s "catchall provision" (Motion, at 4) to claim that non-party BigMouth's breach of the Settlement Agreement permits re-opening this separate case against Target. As a preliminary matter, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, in order to re-open a case, the Ninth Circuit has set a high standard. A party moving for relief under Fed. R. Civ. P. 60(b)(6) must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with... the action in a proper fashion." *Id.* (quoting *Cmty. Dental Srvs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002)). The Ninth Circuit has repeatedly cautioned that Fed. R. Civ. P. 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005)); *see also United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). Clearly, Covves cannot meet this high standard set by the Ninth Circuit.

Recognizing the high standard for relief under Fed. R. Civ. P. 60(b)(6) set by the Ninth Circuit, Covves relies exclusively on *Keeling v. Sheet Metal Workers Intern. Ass'n*, concluding that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance." 937 F.2d 408, 410 (9th Cir. 1991). However, Covves' reliance on *Keeling* is misplaced, as *Keeling* involved a scenario in which *a party to the lawsuit* completely repudiated on its settlement agreement. Here, no such fact exists as there is no allegation that any party to this suit—whether Target or any of the other eight co-defendants—engaged in any conduct, let alone conduct that rises to the required "complete repudiation" established in *Keeling*. Instead, all of Covves' allegations focus on third party BigMouth. While Covves may have grounds under Fed. R. Civ. P. 60(b) to re-open the Indiana Action against BigMouth, there are simply no allegations of misconduct or a change in circumstance as to *any parties to this case*. Without a claim that a party to this case engaged in complete repudiation of the settlement agreement, Covves' reliance on *Keeling* is entirely misplaced and has no bearing on the adjudication of the Motion.

Buttressing the inappropriateness of utilizing Fed. R. Civ. P. 60(b) to re-open this case, even the court in *Keeling* relied upon evidence of "specific acts, perceived as bad faith noncompliance" in order to conclude that the breach of the settlement agreement amounted to the required "extraordinary circumstance." *Keeling*, 937 F.2d at 410-11. Again, Covves presents no evidence of *any conduct* by Target—let alone the requisite wrongdoing required by *Keeling*. Instead, the only allegation is that non-party BigMouth breached the Settlement Agreement. As stated above, as to Covves and Target, they are in exactly the same position as they were the day this case concluded. In fact, the risk of BigMouth facing financial difficulties was known at the time the Settlement Agreement was entered into and was a risk taken on by Covves—not Target—when Covves agreed to a drawn-out payment schedule in an effort to obtain a larger damages award. Payment plans drawn out over periods of time are not "extraordinary circumstances" or "circumstances beyond a party's control"—they are

- **8** -

common, agreed upon, settlement terms that allow a plaintiff to obtain larger amounts of money than a defendant currently has on hand. However, as the old adage goes, 'a bird in the hand is worth two in the bush' as there is always the inherent risk that future circumstances may change.

In short, there is nothing "extraordinary" or "beyond Covves' control" about Covves and BigMouth agreeing to a payment plan and then future occurrences changing that plan. That was a risk negotiated between the parties and taken on by Covves, not Target. Similarly, because Covves points to no conduct by Target warranting Fed. R. Civ. P. 60(b)(6) relief, and the relationship between Covves and Target is the same as the day the case was dismissed, as a matter of law, Covves cannot demonstrate the requisite "circumstances beyond its control" or "extraordinary circumstance" the Ninth Circuit requires for relief under Fed. R. Civ. P. 60(b)(6). *See Latshaw,* 452 F.3d 1097, 1103.

Moreover, even if *Keeling* did apply (it does not), since *Keeling*, courts in this Circuit have clarified that a breach of a settlement agreement does not necessarily constitute an "extraordinary circumstance" to suffice for Fed. R. Civ. P. 60(b)(6) relief. Where, as here, a party can avail itself of a state court after a breach of a settlement agreement, courts will deny Fed. R. Civ. P. 60(b)(6) relief. *See*, *e.g.*, *Lipsey*, 2020 WL 4430579, at *5 ("[E]ven if plaintiff believes he can demonstrate repudiation of the settlement agreement, such argument is properly raised in an action for enforcement of the contract under state law, not in a motion to reopen this case."); *Grand Canyon West Ranch, LLC v. Kempthorne*, C.A. No. CV-03-02496-PCT-NVW, 2013 WL 12364963, at *3 (D. Ariz. July 1, 2013) (explaining "that Plaintiff has alleged a breach of a settlement agreement—and even that it allegedly faces irreparable harm if the settlement agreement is not enforced—likewise does not necessary suffice for 60(b)(6) relief," and collecting cases denying Fed. R. Civ. P. 60(b)(6) motions for alleged breach of settlement agreement due to availability of state court forum). While BigMouth is in

- 9 -

receivership,[2] Covves has not filed an appearance or a claim in the receivership. Indeed, Covves provides no pertinent information whatsoever as to status of the matter. Instead, it merely proclaims that it "believes" there is currently a stay. It does not provide this Court or Target with a copy of the stay or state how long the stay is in place. *See* McArthur Decl. ¶ 9. In fact, outside of a declaration detailing a single conversation with BigMouth's counsel, Covves provides no information at all as to its ability to file a state court action against BigMouth here in California as allowed in the Settlement Agreement. While Covves argues that BigMouth is insolvent (Motion at 5), it provides no evidence of this entirely conclusory allegation. Indeed, even a cursory review BigMouth's business shows that it is still selling over eighty-three (83) different BigMouth products via Amazon.com[3] and still maintaining an active social media presence touting its products during this holiday selling season.[4] As a result, Covves could undoubtedly attempt to re-open the Indiana Action or seek relief through a breach of settlement action in an appropriate court. Important to the analysis of this Motion, this is not a matter where Covves has provided conclusive evidence of the required extraordinary situation whereby it has exhausted all available remedies and the only remaining path is to re-open this case. Instead, it appears that Covves' first and only move is seek to hold Target responsible for BigMouth's alleged breach. However, as shown above, the case law make clear that because Covves has a viable breach of contract action against BigMouth in various forums, this is reason alone to deny this Motion.

In a last ditch effort, Covves briefly references the remaining provisions of Fed. R. Civ. P. 60(b) in passing, noting that "other parts of Rule 60(b) support the same relief

---

[2] To be clear, Covves argues that BigMouth is in receivership, not that it is in bankruptcy.

[3] *See* BigMouth Inc. Seller Profile, AMAZON.COM, www.amazon.com/sp?seller=AOJSGC1SMLWTM (last accessed December 7, 2020).

[4] *See* BigMouth Inc. Profile, INSTAGRAM.COM, www.instagram.com/bigmouthinc/ (last accessed December 7, 2020).

- **10** -

as well." Motion, at 5. Covves does not provide any legal standards, rely on any case law, or present any facts in support of its myriad arguments that BigMouth's receivership was a "surprise" (Fed. R. Civ. P. 60(b)(1)), constitutes "newly discovered evidence" (Fed. R. Civ. P. 60(b)(2)), or amounts to "misconduct" (Fed. R. Civ. P. 60(b)(3)). Again, Covves makes no allegation of misconduct by any entity that is a party to this lawsuit. This again is fatal to each section of Fed. R. Civ. P. 60(b). Ultimately, Covves' arguments are inapplicable here and disingenuously misconstrue the very purpose and scope of Fed. R. Civ. P. 60(b). "To obtain equitable relief from an order under Rule 60(b)(1), a party must show that ***the court's ruling*** was a result of 'mistake, inadvertence, surprise, or excusable neglect." *Buckley v. BMW North Am.*, C.A. No. CV 19-1255-MWF-SS, 2020 WL 4820005, at *4 (C.D. Cal. July 1, 2020) (emphasis added). Covves does not point to any "surprise" on the Court's behalf, but contends that its own "surprise" of BigMouth's receivership warrants Fed. R. Civ. P. 60(b)(1) relief. It does not. Furthermore, "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2) must ***bear on the disposition of the underlying case***. *See id.* at *5.[5] BigMouth's receivership post-settlement surely does not constitute "newly discovered evidence" within the meaning of Fed. R. Civ. P. 60(b)(2). Finally, "[t]o prevail [under Fed. R. Civ. P. 60(b)(3)], the moving party must prove by clear and convincing evidence ***that the verdict*** was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of ***prevented the losing party from fully and fairly representing the defense***." *Id.* (emphasis added) (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004)). BigMouth's receivership is in no way

---

[5] The Court in *Buckley* explained that: "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Id.* (quoting *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)).

- **11** -

"misconduct" that affected the verdict pursuant to Fed. R. Civ. P. 60(b)(3).  Covves' arguments are clearly inapplicable here and can quickly be dispelled.

### C. Covves' Motion to Re-open the Case is Futile, as Target Did Not Breach the Settlement Agreement and Maintains a Valid and Enforceable Release.

Lastly, in addition to the foregoing, Covves' Motion is futile.  Section 2.1 of the Settlement Agreement sets forth Covves' release of all Defendants, including Target:

> In consideration of the full and faithful performance of the terms and conditions of this Agreement, Covves and Plaintiff's successors in interest, predecessors, heirs and assigns, release Defendants… from any and all claims, demands, causes of action, losses and liabilities in law or in equity, past or present, which Covves… has, as of the Effective Date, relating to the Accused Products.

Settlement Agreement, Section 2.1.  Covves has not alleged (and cannot allege) that Target has breached the terms of the Settlement Agreement.  Specifically, Covves' Motion exclusively contends BigMouth breached the Settlement Agreement, with no mention of Target:

- "BigMouth failed to make the first Quarterly Payment, which was due September 30, 2020." (Motion, at 3).
- "BigMouth did not pay the agreed-upon settlement amount." (Motion, at 3).
- "BigMouth's failure to pay settlement amounts owed has frustrated Covves from obtaining the benefit of the bargain with Defendants." (Motion, at 5).

There is no question that Target has fulfilled its obligations under the Settlement Agreement, and there is no allegation of Target's breach.  In fact, it is undisputed that Target has fully performed its obligations under the Settlement Agreement.

- **12** -

Specifically, Target (1) has caused Covves to be paid royalties for the accused products under Section 1.2; (2) has not challenged Covves' patents or assisted others in doing so under Section 2.4; and (3) has maintained confidentiality of the Settlement Agreement as provided for in Section 5.0. In short, Target has fully performed under the Settlement Agreement and, as a result, its release remains enforceable.

The language of Section 3.3 of the Settlement Agreement does not change this result. Section 3.3, in conjunction with Section 6.3 of the Settlement Agreement, was intended to allow Covves to bring suit *against BigMouth* in California (rather than Indiana should it so choose) should BigMouth fail to make its payment. Nothing in Section 3.3 states that BigMouth's breach negates or waives Target's release. Indeed, no language voiding the release was included as Target refused to be a guarantor of BigMouth's payment obligation. The parties could have negotiated for such language, but it is clear that the agreed-upon language of the Settlement Agreement does not include any language holding Target accountable for BigMouth's breach.[6]

Therefore, Covves' attempt to re-open the case to litigate its infringement claims against Target is futile as there is no allegation that Target breached the Settlement Agreement and there is no provision in the Settlement Agreement that negates or waives Target's release due to a breach of the Settlement Agreement by BigMouth.

## **CONCLUSION**

As stated at the outset of this brief, this Court does not have jurisdiction to consider Covves' arguments arising out of the Settlement Agreement. Notwithstanding this, Covves' Motion seeks to hold Target responsible for the actions of a third party, BigMouth, despite the fact that Covves, not Target, assumed the risk of non-payment by BigMouth and that there are no allegations of wrongdoing by Target. As shown above, this is not a case where Covves has proven that it is without any other recourse.

---

[6] Should Covves disagree as to the interpretation of this clause of the Settlement Agreement, as stated at the outset of this brief, this Court lacks jurisdiction to adjudicate the dispute as to the Settlement Agreement.

- **13** -

Instead, Covves has a viable breach of contract action against BigMouth that it admits it has not explored in even a cursory manner. Covves has several viable paths forward due to BigMouth's alleged non-performance of the Settlement Agreement, but re-opening this case is not one of them.

For each of the reasons explained above, this Court should deny Covves' Motion to Re-open Case After Breach of Settlement Agreement.

Respectfully submitted,

DATED: December 7, 2020         K&L GATES LLP

By */s/ Caitlin C. Blanche*
Caitlin C. Blanche (State Bar No. 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900 / Fax: (949) 253-0902

Christopher Centurelli (*pro hac vice*)
Jeffrey S. Patterson (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Natasha C. Pereira (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100 / Fax: (617) 261-3175

*Attorneys for Defendants*

- 14 -
TARGET'S OPP TO PLTF'S MOTION TO RE-OPEN                    CASE NO.: 2:18-CV-08518-RGK-AFM

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-08518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614. I am not a party to the above entitled action.

 I have caused service of the following documents, described as:

DEFENDANT TARGET BRANDS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT

on the following parties by electronically filing the foregoing on December 7, 2020, with the Clerk of the District Court using its ECF System, which electronically notifies them.

 Stephen C. McArthur       *Attorneys for Plaintiff*
 Thomas E. Dietrich
 THE MCARTHUR LAW FIRM, PC
 11400 W. OLYMPIC BLVD. SUITE 200
 LOS ANGELES, CA 90064

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 7, 2020  *By:* */s/ Caitlin C. Blanche*
             Caitlin C. Blanche

- **15** -