UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | January 8, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Reopen Case [DE 182]

## I.  INTRODUCTION

This action arises out of the sale and distribution of unicorn-shaped pool floats. Covves, LLC ("Plaintiff") filed a Second Amended Complaint ("Complaint") for patent infringement against Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants"). (ECF No. 98).

Later, Plaintiff entered into a settlement agreement with Defendants' indemnitors, BigMouth Inc. and BigMouth LLC (collectively, "Bigmouth"). Under the agreement, Plaintiff agreed to voluntarily dismiss without prejudice all claims against Defendants in exchange for an undisclosed amount of money from Bigmouth. The parties filed their joint stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on January 9, 2020. (ECF No. 179).

Now before the Court is Plaintiff's Motion to Reopen Case. (ECF No. 182). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff makes and sells inflatable pool toys. To this end, Plaintiff owns design patents for two adult-sized unicorn-shaped pool floats: Patent Number D787,617 (the "D'617" patent) and Patent Number D783,370 (the "D'370 patent). The D'617 patent protects the design of Plaintiff's giant inflatable unicorn pool float, while the D'370 patent protects Plaintiff's miniature inflatable unicorn drink float. Plaintiff's Unicorn Pool Float was "one of the most popular inflatable pool toys of 2016 and 2017," and both of its Unicorns have been featured "on *The Today Show, Vogue, Elite Daily, Popsugar,* and *Harper's Bazaar,* among others." (Compl. ¶¶ 27, 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | January 8, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Defendants have sold, distributed, and advertised imitation unicorn pool and drink floats, including a sparkly version called "Sparkles The Unicorn Lil' Float" and a beverage-holder called "Unicorn Beverage Boat." These Imitation Unicorns misappropriate the D'617 and D'370 patents' designs. As a result, Plaintiff seeks damages and injunctive relief for the direct infringement of both patents.

After extensive motion practice, the parties reached a settlement agreement. Under that agreement, Bigmouth agreed to pay Plaintiff an undisclosed amount of money. In exchange, Plaintiff agreed to dismiss the case without prejudice. The agreement also specified that if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Plaintiff, Bigmouth, and Defendant Target signed the settlement agreement.

On January 9, 2020, the parties filed a joint stipulation to dismiss the case. The stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement and the parties shall agree to dismiss the action without prejudice." (Joint Stipulation of Dismissal ¶ 3, ECF No. 179). The Court did not issue any order regarding the stipulation and dismissed the case.

Plaintiff alleges that Bigmouth has defaulted on its payments and now seeks to reopen the case against Defendant Target.

## III. JUDICIAL STANDARD

The Supreme Court has held that "federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject matter of that settlement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). "When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction" *O'Connor*, 70 F.3d at 532 (citing *Kokkonen*, 511 U.S. 375).

But courts may retain ancillary jurisdiction to enforce a settlement agreement "'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 381).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | January 8, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

## IV.  DISCUSSION

Target first argues that the Court lacks jurisdiction to enforce the settlement agreement. And even if the Court has the authority to enforce the agreement, the Motion should be denied because: 1) Target did not breach the settlement agreement; and 2) FRCP 60(b) does not warrant reopening the case. The Court first addresses Target's jurisdictional argument, then the merits.

### A.  The Court's Jurisdiction

Target argues that *Kokkonen* requires courts to enter judicial orders specifically retaining jurisdiction to maintain ancillary jurisdiction over settlement agreements. Since the parties stipulated to dismissal under FRCP 41(a)(1)(A)(ii), which allows dismissal "without a court order," the Court did not enter any order retaining jurisdiction. There is thus no jurisdictional basis to enforce the settlement agreement.

"Without a violation of the court's order, there is no jurisdiction." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Although the joint stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement . . . ," the Court never entered an order under that stipulation. Nor did the parties condition the stipulation on the Court's entry of an order retaining jurisdiction by attaching a proposed order. *See Dongguan Fumeikang Elec. Tech. Co. v. ISO Beauty, Inc.*, No. 17-CV-04002-DMG-GJS, 2018 WL 5862957, at *2 (C.D. Cal. Feb. 27, 2018) (deciding that there was ancillary jurisdiction to enforce a settlement agreement when the parties included a proposed order with its joint stipulation for dismissal that the district court granted). Because the Court never "embod[ied] the settlement contract in its *dismissal order* . . . enforcement of the settlement of the agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 381–82 (own emphasis added).

That said, Plaintiff asserts that there is an independent basis for federal jurisdiction: diversity. Plaintiff only seeks to reopen the case as to Target, who is a Minnesota citizen. And Plaintiff is a citizen of California. So there is complete diversity. Finally, the amount in controversy is $2.46 million, which exceeds the jurisdictional minimum. Diversity therefore seems to present an independent basis for jurisdiction to enforce the settlement agreement.

### B.  Merits

Even though Plaintiff may have satisfied its jurisdictional hurdle, the Court declines to reopen the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | January 8, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

1. <u>Breach of Settlement Agreement</u>

The parties' settlement agreement states that if Bigmouth defaults on any of its payments, Plaintiff may "choose to reinstate and reopen the California Action . . . ." (Settlement Agreement ¶ 3.3).

But whether to grant relief from judgment and reopen a case is within a district court's sound discretion. *Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (reviewing a district court's decision to vacate a dismissal for abuse of discretion). And "district courts enjoy a wide latitude of discretion in case management . . . ." *Ahanchian v. Xenon Pictures, Inc.* 623 F.3d 1253, 1255 (9th Cir. 2010). While the parties may have agreed to reopen the case in the event of default, the Court neither approved the settlement, nor was it a party the agreement. In fact, the Court did not know the terms of the settlement until this Motion. Because courts control their docket, not the litigants, the Court is not required—and declines to do so here—to reopen the case simply because the parties agreed to that relief.

2. <u>Rule 60(b)</u>

Because the Court has declined to reopen the case under the parties' settlement agreement, Plaintiff contends that the Court may still vacate Target's dismissal under FRCP 60(b).

Plaintiff focuses mainly on Rule 60(b)(6) that permits a court to grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Ninth Circuit has cautioned against excessive use of this catch-all provision. It should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). To attain relief, a party must establish "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Alpine Land & Reservoir Co.*, 984 F.2d at 1049).

Here, there are no extraordinary circumstances. Plaintiff argues that breach of a settlement agreement may "constitute[] extraordinary circumstances, and [] justifies vacating [a] court's prior dismissal order." See *Keeling*, 937 F.2d at 410. But *Keeling* does not require vacating a dismissal whenever a party repudiates a settlement agreement. See *Lipsey v. Davey*, No. 1:17-cv-01706-DAD-SAB(PC), 2020 WL 4430579, at *3 (E.D. Cal., July 31, 2020) (declining to relieve a party from a final order even though a party had breached a settlement agreement). The Ninth Circuit upheld the vacatur of dismissal in *Keeling* based on a party's "specific acts, perceived as bad faith noncompliance." *Id.* at 411. There are no such acts here. Thus, there is no basis "upon which the judgment of dismissal could legitimately be set aside." *Sawka v. Healtheast, Inc.* 989 F.2d 138, 141 (3rd Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | January 8, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Plaintiff also argues that Rules 60(b)(1), (2), and (3) may permit relief. None apply. Rule 60(b)(1) involves "mistake, inadvertence, surprise, or excusable neglect." Plaintiff, without citation to caselaw, attempts to characterize Bigmouth's failure to pay as a "surprise." It is not. Parties are often unable to pay the terms of a contract. Without more, Rule 60(b)(1) does not justify vacating Target's dismissal.

Rule 60(b)(2) and Rule 60(b)(3) are also no aid because both require a trial and a verdict. For Rule 60(b)(2)'s "newly discovered evidence" justification "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). And for Rule 60(b)(3)'s reasons of fraud and misrepresentation a party must "(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct [; and] (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." *Jones*, 921 F.2d at 878–79. Since there was neither a trial nor a verdict, these rules have no application.

Because Rules 60(b)(1), (b)(2), (b)(3), and (b)(6) do not warrant vacating Target's dismissal, the Court declines to reopen the case.

**V.    CONCLUSION**

For all these reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____