Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
**K&L Gates LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

Morgan T. Nickerson
Jeffrey S. Patterson
(Admitted *pro hac vice*)
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>      Plaintiff,<br><br>     v.<br><br>DILLARD'S, INC. a Delaware Corporation;<br>KOHL'S CORPORATION, a Wisconsin Corporation;<br>SAKS & COMPANY LLC, a Delaware Corporation;<br>TARGET BRANDS, INC., a Minnesota Corporation;<br>EXPRESS INC., a Delaware Corporation;<br>TILLY'S, INC., a Delaware Corporation;<br>NORDSTROM, INC., a Washington Corporation;<br>WEST MARINE, INC., a Delaware Corporation,<br>and<br>ZULILY, INC., a Delaware Corporation,<br><br>      Defendants. | Case No. 2:18-cv-08518-RGK-AFM<br><br>**DEFENDANT TARGET BRANDS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DECISION ON MOTION TO RE-OPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT**<br><br>Hon. R. Gary Klausner<br>United States District Court Judge<br>**Hearing Date:** March 1, 2021<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850, 255 E. Temple St., Los Angeles, CA 90012 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ............................................................................................ 1

II.     ARGUMENT .................................................................................................... 2

     A.      Standard for a Motion for Reconsideration ......................................... 2

     B.      Covves' Motion is Nothing More than a "Second Bite at the
           Apple" and an Attempt to Rehash or Expand Upon its Prior
           Arguments. .......................................................................................... 4

     C.      Covves Does Not—And Cannot—Establish that the Court Failed
           to Consider Previously Presented Material Facts as Required by
           L.R. 7-18. ............................................................................................ 7

     D.      Covves' Argument Regarding Jurisdiction Misinterprets the
           Court's Order .................................................................................... 11

CONCLUSION ............................................................................................ 12

TARGET'S OPP TO PLTF'S MOT FOR RECONSIDERATION          CASE NO.: 2:18-CV-08518-RGK-AFM

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*389 Orange Street Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) ...................................................................2

*Beazley Insurance Co., Inc. v. Niami*,
  2012 WL 12845106 (C.D. Cal. Aug. 30, 2012) ......................................5

*Bhatnagar v. Surrendra Overseas Ltd.*,
  52 F.3d 1220 (3d Cir. 1995) .....................................................................4

*Borham v. Campbell*,
  C.A. No. CV 06-06278-CAS (SH), 2009 WL 10659188 (C.D. Cal.
  Oct. 2, 2009) ........................................................................................3, 4

*City of Indio v. Solomon*,
  C.A. No. EDCV 11-01982 VAP, 2012 WL 12888855 (C.D. Cal. Aug.
  1, 2012) ....................................................................................................3

*City of Los Angeles v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir.2002) ....................................................................1

*Cohen v. City of Culver City*,
  C.A. No. CV 12-156-RGK, 2013 WL 12129442 (C.D. Cal. Feb. 27,
  2013) .....................................................................................................4, 7

*Collins v. U.S. Citizenship and Naturalization Serv.*,
  C.A. No. CV 11-9909-JFW, 2013 WL 776244 (C.D. Cal. Feb. 6,
  2013) ........................................................................................................4

*Ernest Paper Products, Inc. v. Mobil Chemical Co., Inc.*,
  1997 WL 33483520 (C.D. Cal. Dec. 2, 1997)................................4, 6, 10

*FDIC v. Jackson-Shaw Partners No. 46, Ltd.*,
  850 F. Supp. 839 (N.D. Cal. 1994)...................................................4, 6, 10

*In re Int'l Fibercom*,
  503 F.3d 933 (9th Cir. 2007) ....................................................................6

*Keeling v. Sheet Metal Workers Intern. Ass'n*,
  937 F.2d 408 (9th Cir. 1991) ............................................................7, 11

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ........................................................................ 2

*Nikko Materials USA, Inc. v. R.E. Service Co., Inc.*,
    No. C 03-2549 SBA, 2006 WL 708652, (N.D.Cal. Mar.16, 2006) ................ 1

*Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) .......................................................................... 3

*Townsend v. Chase Bank USA, N.A.*,
    C.A. No. SACV 08-0527 AG, 2009 WL 764513 (C.D.C Al. Mar. 20,
    2009) ............................................................................................................ 2

*Trust Corp. v. Aetna Casualty and Surety Co.*,
    873 F. Supp. 1386 (D. Ariz. 1994) ............................................................... 4

*U.S.A. v. Nwafor*,
    C.A. No. CV 19-08918-ODW, 2020 WL 4904865 (C.D. Cal. June 8,
    2020) ......................................................................................................... 5, 8

*United Nat. Ins. Co. v. R&D Latex Corp.*,
    242 F.3d 1102 (9th Cir. 2001) ...................................................................... 1

*Ursini v. Menninger Found.*,
    384 F. Supp. 158 (E.D. Cal. 1974) ............................................................... 2

*Walker Digital, LLC v. Microsoft Corp.*,
    C.A. No. CV 09-7514 PSG, 2011 WL 13213807 (C.D. Cal. Apr. 27,
    2011) ......................................................................................................... 5, 8

**Other Authorities**

Fed. R. App. P. 4(a)(4)(B)(i) ............................................................................. 1

Fed. R. Civ. P. 59 .............................................................................................. 2

Fed. R. Civ. P. 59(e) ...................................................................................... 2, 3

Fed. R. Civ. P. 60 .............................................................................................. 2

Fed. R. Civ. P. 60(b)(6) ..................................................................... 6, 7, 8, 9, 10, 11

Local Rule 7-18 .......................................................................... 1, 2, 3, 4, 6, 7, 8, 11, 12

TARGET'S OPP TO PLTF'S MOT FOR RECONSIDERATION          CASE NO.: 2:18-CV-08518-RGK-AFM

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Target Brands, Inc. ("Target") submits this Opposition to Plaintiff Covves, LLC's ("Covves" or "Plaintiff") Motion for Reconsideration of Decision on Motion to Re-open Case After Breach of Settlement Agreement (the "Motion").[1] Covves' Motion fails to satisfy any of the criteria for reconsideration and must be denied.  The Local Rules for the Central District of California (the "Local Rules") are exceptionally clear as to the circumstances that warrant a motion for reconsideration. This is not one of them.

First, Covves' Motion is nothing more than a recitation or expansion of the arguments it previously made—or should have made—before the Court in its Motion and Reply in Support of its Motion to Re-open Case.  The Local Rules unambiguously proscribe such a "second bite at the apple":

> *No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.*

L.R. 7-18 (emphasis added).

Second, Covves' Motion rests exclusively on the third prong of Local Rule 7-18, which permits a motion for reconsideration upon a showing that the Court "fail[ed] to consider material facts presented to the Court before the Order was entered."  L.R. 7-18.  However, Covves' Motion fails to present *any* material fact previously presented

---

[1] After filing the Motion, Covves filed a notice of appeal to the Ninth Circuit Court of Appeals. ECF No. 193.  "As a general rule, a district court is ... divested of jurisdiction once a notice of appeal has been filed." *Nikko Materials USA, Inc. v. R.E. Service Co., Inc.,* No. C 03-2549 SBA, 2006 WL 708652, *3 (N.D.Cal. Mar.16, 2006); *see also City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir.2002) ("jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal").  However, the filing of a notice of appeal does not divest a district court of jurisdiction if it is filed while there is a pending motion for reconsideration. *See United Nat. Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1109 (9th Cir. 2001) (*citing* Fed. R. App. P. 4(a)(4)(B)(i)).

1   that the Court failed to consider and merely expresses its disagreement with various

2   aspects of the Court decision.

3          Third, Covves misinterprets the Court's ruling as to jurisdiction.  Contrary to

4   Covves' argument that the Court *declined* jurisdiction, the Court expressly *accepted*

5   jurisdiction over the Motion.  Accordingly, Covves' argument that "clear error" was

6   committed by the Court in rejecting jurisdiction fails for the simple fact that the Court

7   accepted jurisdiction over the Motion.

8          For each of the foregoing reasons, Covves' Motion fails to present a colorable

9   argument for reconsideration of the Court's decision to re-open this case under L.R. 7-

10  18 (the "Order"), and the Court should deny Covves' Motion.

11  **II.    ARGUMENT**

12         **A.    Standard for a Motion for Reconsideration**

13         In its Motion, Covves brushes past the applicable standard for a motion for

14  reconsideration as set forth in the Federal Rules of Civil Procedure and the Local Rules.

15  Under Federal Rule of Civil Procedure 59(e),[2] reconsideration of a previous order is an

16  "extraordinary remedy, to be used sparingly in the interests of finality and conservation

17  of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

18  Cir. 2000).  Indeed, a motion for reconsideration "should not be granted, absent highly

19  unusual circumstances, unless the district court is presented with newly discovered

20  evidence, committed clear error of law, or if there is an intervening change in the

21  controlling law."  *Townsend v. Chase Bank USA, N.A.*, C.A. No. SACV 08-0527 AG

22  (ANx), 2009 WL 764513, at *1 (C.D.C Al. Mar. 20, 2009) (citing *389 Orange Street*

23

24

---

25  [2] Covves' Motion is made only by reference to Local Rule 7-18.  Nevertheless, the
    Federal Rules similarly govern motions for reconsideration.  The legal standard

26  applicable to motions for reconsideration are the same whether such motions are made
    under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, and decisions

27  construing Rule 60 are authoritative in construing Rule 59.  *See, e.g.*, *Ursini v.
    Menninger Found.*, 384 F. Supp. 158, 162-63 (E.D. Cal. 1974).

28

*Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999); *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Moreover, and critically, Local Rule 7-18 (as amended effective December 1, 2020[3]) sets forth the motion for reconsideration standard in this District:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. ***No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion*** ....

L.R. 7-18 (emphasis added). The clause of Local Rule 7-18 emphasized above, like Fed. R. Civ. P. 59(e), is intended to serve the interests of judicial economy and finality. *City of Indio v. Solomon*, C.A. No. EDCV 11-01982 VAP (OPx), 2012 WL 12888855, at *5 (C.D. Cal. Aug. 1, 2012). For this reason, courts routinely deny motions for reconsideration if the motion "essentially repeats the allegations made" in a prior motion that is the subject of the present motion for reconsideration, even where the motion "contains additional details." *See, e.g., Borham v. Campbell*, C.A. No. CV 06-

---

[3] LR 7-18 was amended, effective December 1, 2020. The changes to LR 7-18 are immaterial to the present motion. The revisions to the rule appear largely intended to amend language referring to "the time of such decision" to the date the Order was entered. Additionally, the amendments add a final clause to the Rule, setting the deadline to file a motion for reconsideration as 14 days after the entry of the Order that is the subject of the motion.

06278-CAS (SH), 2009 WL 10659188, at *1 (C.D. Cal. Oct. 2, 2009) ("Although the Motion for Reconsideration contains additional details…, petitioner's Motion for Reconsideration essentially repeats the allegations made in his Motion for Relief from Judgment.") (internal citations omitted).

Accordingly, motions for reconsideration are "disfavored and are rarely granted." *Collins v. U.S. Citizenship and Naturalization Serv.*, C.A. No. CV 11-9909-JFW (SSx), 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) (quoting *Trust Corp. v. Aetna Casualty and Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). As discussed in further detail below, Covves has not established any of the grounds that would merit reconsideration of the Court's Order.

**B.   Covves' Motion is Nothing More than a "Second Bite at the Apple" and an Attempt to Rehash or Expand Upon its Prior Arguments.**

Through its Motion, Covves seeks a second bite at the apple, simply repeating or expanding upon arguments previously presented to the Court. This is prohibited by Local Rule 7-18. Specifically, as highlighted above, Local Rule 7-18 provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." L.R. 7-18. For this reason, this Court has repeatedly denounced and denied motions for reconsideration that simply repeat the argument(s) the movant made to the Court in the underlying motion, as well as motions that attempt to expand upon or bolster previously-made positions with new arguments. *See Borham*, 2009 WL 10659188, at *1; *Ernest Paper Products, Inc. v. Mobil Chemical Co., Inc.*, 1997 WL 33483520, at *1 (C.D. Cal. Dec. 2, 1997) ("Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *FDIC v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994) (noting that motions for reconsideration "are not to be used to test new legal theories that could have been presented when the original motion was pending."); *see also Cohen v. City*

- 4 -

*of Culver City*, C.A. No. CV 12-156-RGK (PJWx), 2013 WL 12129442, at *2 (C.D. Cal. Feb. 27, 2013) ("Plaintiff's present Motion for Reconsideration does not introduce any new evidence that was not already presented to the Court when it reviewed Defendants' Motions for Summary Judgment.  Plaintiff is merely rehashing the arguments he made in his Oppositions…."); *Beazley Insurance Co., Inc. v. Niami*, 2012 WL 12845106, at *2 (C.D. Cal. Aug. 30, 2012) (denying motion for reconsideration and noting that "Defendants' 'new' evidence and arguments have no effect…."); *Walker Digital, LLC v. Microsoft Corp.*, C.A. No. CV 09-7514 PSG (PJWx), 2011 WL 13213807, at *1 (C.D. Cal. Apr. 27, 2011) ("[T]his Motion for Reconsideration is little more than an attempt to re-litigate positions already taken and rejected.").  Ultimately, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence or legal arguments that could have been presented at the time of the challenged decision."  *U.S.A. v. Nwafor*, C.A. No. CV 19-08918-ODW, 2020 WL 4904865, at *1 (C.D. Cal. June 8, 2020).  This is precisely what Covves has done via this Motion.

First, in support of its Motion to Re-open, Covves argued that "[d]iversity jurisdiction provides an independent basis to summarily enforce the settlement agreement."  Covves' Reply in Support of Motion to Re-open, at 2 (ECF No. 188).  Covves' Motion now repeats the same argument.  The heading to Section II.B of the Motion reads:  "Covves' Claim to Enforce Settlement Contract is Support by Diversity Jurisdiction."  Motion, at 4.  Covves cannot dispute that this argument was already presented to the Court, *because the Court agreed with Covves and concluded in its Order that it had jurisdiction.* Order, at 3 ("Diversity therefore seems to present an independent basis for jurisdiction to enforce the settlement agreement.").[4]  Covves' extension of this position (albeit in support of previous argument that diversity

---

[4] Covves acknowledges that the Court "correctly found that diversity jurisdiction provided an independent basis to hear Covves' enforcement claim." Motion, at 4.

jurisdiction exists) that the Court did not have discretion to exercise this jurisdiction can and *should* have been made previously and is barred by Local Rule 7-18. *Ernest Paper Prods.*, 1997 WL 33483520, at \*1; *Jackson-Shaw Partners No. 46*, 850 F. Supp. at 845.

Next, Covves argues that "specific acts" of 'bad faith noncompliance' is not a requirement under Rule 60(b)(6). *See* Motion, at 7. This argument is an even more glaring recitation of Covves' prior arguments. In support of its argument in this Motion that "specific acts" of "bad faith noncompliance" is not a requirement under Rule 60(b)(6), Covves points to the same standard it did in its underlying Motion to Re-open, and repeats an identical statement it made previously: "Rule 60(b)(6) should be 'liberally applied' 'to accomplish justice.'" Motion, at 8 (quoting *In re Int'l Fibercom*, 503 F.3d 933, 941 (9th Cir. 2007); Motion to Re-open, at 5 (quoting *Fibercom*, 503 F.3d at 941). Not only is Covves' discussion of "specific acts" of "bad faith noncompliance" merely a minor expansion of its prior argument made in its Motion to Re-open, it is one that could—and should—have been made in its Reply in Support of Motion to Re-open, as Target presented this standard in its Opposition. *See* Target's Opposition to Motion to Re-open, at 8 (ECF No. 186). Again, Local Rule 7-18 expressly precludes Covves' rehashing of arguments previously made.

Finally, Covves contends that the Court ignored "Target's intentional breach of the Agreement" in deciding to deny its Motion to Re-open. Motion, at 9. Once more, this argument was presented to the Court before, and is simply Covves' attempt to re-characterize Target's conduct and present a new twist on its previous argument that Rule 60(b)(6) warranted re-opening of this case. Covves expends nearly three pages of its Reply in Support of Motion to Re-open discussing Rule 60(b)(6), which permits a court to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The argument Covves now makes in this Motion is precisely the same argument it presented to the Court previously: Target repudiated the terms of the Settlement Agreement. In its Reply in Support of Motion to Re-open, Covves contends: "Not only

- 6 -

does the Ninth Circuit require the liberal application of Rule 60(b)(6), it has also stated that the repudiation or frustration of a settlement agreement 'constitutes an extraordinary circumstance[], and it justifies vacating the court's prior dismissal order.'" Covves' Reply in Support of Motion to Re-open, at 6 (citing *Keeling v. Sheet Metal Workers Intern. Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991)) (ECF No. 188). Covves further argued that "[t]he agreement has now been repudiated and the benefit of the bargain for Covves 'completely frustrated.'" *Id.* at 6-7 (citing *Keeling*, 937 F.2d at 410-11) (ECF No. 188).   Now, Covves does nothing more than cite to *Keeling*'s discussion of Rule 60(b)(6) again and repeat the same arguments, claiming: "Target promptly repudiated the Agreement and opposed Covves' seeking the exact relief that Target had agreed would be appropriate…. Target beached its only substantive contractual obligation…." Motion, at 10.  Simply re-characterizing Target's conduct as an "intentional breach" does not change the crux of Covves' arguments, and Covves is prohibited from "rehashing the arguments" it previously made before the Court. *Cohen*, 2013 WL 12129442, at *2.

Ultimately, the Court need not delve into the merits of any of Covves' arguments in support of its Motion, as Local Rule 7-18 stops them out of the gate. Each argument Covves presents is nothing more than a recitation or slight extension of its previous arguments made in support of its Motion to Re-open, which is explicitly precluded under Local Rule 7-18.  For this reason alone, Covves' Motion fails.

### C.   Covves Does Not—And Cannot—Establish that the Court Failed to Consider Previously Presented Material Facts as Required by L.R. 7-18.

Not only does Covves' Motion fail as nothing more than a recitation or expansion of its prior arguments to the Court in support of its Motion to Re-open, Covves' Motion does not—and cannot—satisfy any of the criteria for reconsideration, particularly the third prong of Local Rule 7-18, upon which Covves exclusively relies:  "a failure to consider material facts presented to the Court before the Order was entered."  L.R. 7-

TARGET'S OPP TO PLTF'S MOT FOR RECONSIDERATION                CASE NO.: 2:18-CV-08518-RGK-AFM

18.[5]  As noted above, "mere disagreement with the Court's prior order… is insufficient"
for a motion for reconsideration brought under Local Rule 7-18's third prong. *Nwafor*,
2020 WL 4904865, at \*1; *see also Walker Digital*, 2011 WL 13213807, at \*1 ("The
Court notes that the single reason advanced justifying reconsideration—failure to
consider the specification of the '295 Patent—is incorrect; the Court not only
considered the '295 Patent in construing the claims, but also cited to it at least a dozen
times in the claims construction analysis alone.  The Court did not 'fail to consider' the
'295 patent, it merely disagreed with Walker Digital's asserted constructions after
consideration of the '295 Patent.").  Covves' Motion presents nothing more than its
reasons for disagreement with the Court's Order.

As a preliminary matter, Covves first two arguments in support of its Motion—
that the Court erred in holding that it had discretion over Covves' claims, and that the
Court misapplied the Fed. R. Civ. P 60(b)(6) standard—do not present any *material
facts* that the Court *failed to consider*.  Rather, in both instances, Covves simply
disagrees with the Court's *application* of *law*, not a failure to *consider facts*.  Covves'
arguments based upon the Court's decision regarding jurisdiction and the Rule 60(b)(6)
standard are unmistakably grounded in *legal* principles, not *material facts* as required
under the third prong of Local Rule 7-18. The Motion fails for this reason alone.  At no
point during Covves' four pages discussing the Court's decision pertaining to
jurisdiction, or the two pages dedicated to addressing the Court's misinterpretation of
the Rule 60(b)(6) standard, does Covves point to a single *fact* that the Court failed to
consider.  Specifically, Covves contends that "[t]he Court's ruling declining to reach a
determination on Covves' contractual right to enforce the Agreement was clearly

---

[5] Covves does not mention the first two prongs of Local Rule 7-18, as they are
inapplicable to Covves' arguments and the present Motion:  "a material difference in
fact or law from that presented to the Court that, in the exercise of reasonable diligence,
could not have been known to the party moving for reconsideration at the time the Order
was entered" and "the emergence of new material facts or a change of law occurring
after the Order was entered."  Accordingly, these prongs are not addressed in Target's
Opposition.

erroneous, as it contravenes binding Supreme court and Ninth Circuit precedent." Motion, at 4. Covves then argues: "The Court committed clear error by holding Covves was required to prove 'specific acts' of 'bad faith noncompliance' to be entitled to relief under Rule 60(b)(6). There is no such requirement." In both instances, Covves disagrees with the Court's application of *law*, not a failure to consider *facts*.

Moreover, neither argument presents anything the Court *failed to consider*, but simply presents disagreement with the Court's decision. First, Covves cannot credibly claim that the Court failed to consider its jurisdiction over Covves' claims. Rather, after due consideration of Covves' jurisdictional arguments (*see* Reply in Support of Motion to Re-open, Section A, "The Court Has Jurisdiction to Enforce the Settlement Agreement"), the Court *did* accept jurisdiction over Covves' claims and denied Covves' Motion to Re-open after an analysis of the merits of those claims. Specifically, the Court concluded:

> That said, Plaintiff asserts that there is an independent basis for federal jurisdiction: diversity. Plaintiff only seeks to reopen the case as to Target, who is a Minnesota citizen. And Plaintiff is a citizen of California. So there is complete diversity. Finally, the amount in controversy is $2.46 million, which exceeds the jurisdictional minimum. ***Diversity therefore seems to present an independent basis for jurisdiction to enforce the settlement agreement.***

Order, at 3 (emphasis added). The Court then concluded: "***Even though Plaintiff may have satisfied its jurisdictional hurdle, the Court declines to open the case***." *Id.* at 3 (emphasis added). The Court did not "fail to consider" the contours of its jurisdiction and even agreed with Covves' arguments. Similarly, Covves' critique of the Court's application of the Rule 60(b)(6) standard is nothing more than that—a disagreement with the Court's reasoning. The Court undeniably considered Covves' arguments pertaining to Rule 60(b)(6) and noted: "Plaintiff contends that the Court may still vacate

- 9 -

Target's dismissal under FRCP 60(6)."   Again, Covves points to nothing the Court *failed to consider*, and mere disagreement with the Court's decision is insufficient to merit reconsideration.  Ultimately, to the extent Covves contends the Court "failed to consider" any arguments pertaining to jurisdiction or Rule 60(b)(6)—for example, the Court's discretion to accept jurisdiction—these particular extensions of prior arguments were not presented previously to the Court and are not a basis for reconsideration.  *See Ernest Paper Prods.* 1997 WL 33483520, at *1 ("Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."); *Jackson-Shaw Partners No. 46*, 850 F. Supp. at 845.

Finally, Covves' claim that "the Court erred in not considering evidence of Target's intentional breach of the Agreement" fares no better. [6]   There can be no question that the Court considered Covves' arguments pertaining to Target's conduct. As discussed *supra*, despite reframing Target's conduct as an "intentional breach," Covves merely repeats its prior arguments concerning Target's purported breach.  In its Reply in Support of Motion to Re-open, Covves argued:  "This case is exactly the type of situation where Rule 60(b)(6) is properly applied to accomplish justice and allow a decision of Covves' claims on the merits *after a complete frustration of the settlement agreement*."  Reply in Support of Motion to Re-open, at 6 (ECF No. 188).  This is the crux of Covves' argument now, despite simply renaming it "intentional breach." Covves now argues that the Court failed to consider that "Target breached its only substantive contractual obligation and fought against the term it expressly agreed to." Motion, at 10.  Covves is wrong.  The Court's Order addressed this point head on: "Plaintiff argues that breach of a settlement agreement may 'constitute[] extraordinary

---

[6] It is worth noting that the only intentional "bad faith" act Target is accused of committing is opposing Covves' Motion.  Motion, at 10 ("Yet, when faced with that actual situation, Target promptly repudiated the Agreement and opposed Covves' seeking the exact relief that Target had agreed would be appropriate.").  It would be entirely circular to hold that Target's mere act of opposing Covves' motion to re-open is a sufficient bad-faith act that requires the Court to grant the motion to re-open.

TARGET'S OPP TO PLTF'S MOT FOR RECONSIDERATION          CASE NO.: 2:18-CV-08518-RGK-AFM

1   circumstances, and [] justifies vacating [a] court's prior dismissal order.'  But *Keeling*

2   does not require vacating a dismissal whenever a party repudiates a settlement

3   agreement."  Order, at 4 (quoting *Keeling v. Sheet Metal Workers Intern. Ass'n, Local*

4   *Union 162*, 937 F.2d 408, 410 (9th Cir. 1991)). Again, disagreement with a court's

5   order—precisely Covves' contention here—is not the test as set forth in Local Rule 7-

6   18 and is an insufficient basis for reconsideration of a prior order.

7           Accordingly, while Covves' arguments fail for the primary reason that they

8   simply rehash its previous arguments that the Court considered and rejected, Covves'

9   arguments based upon the Court's decision regarding jurisdiction, the Rule 60(b)(6)

10  standard, and Target's purported breach of the Settlement Agreement, were all directly

11  addressed and rejected by the Court previously.  Covves cannot satisfy the standard

12  established by the third prong of Local Rule 7-18, and for this reason as well, Covves'

13  Motion must be denied.

14          **D.     Covves' Argument Regarding Jurisdiction Misinterprets the Court's**

15                 **Order.**

16          Covves argues that the "Court committed clear error in holding it had discretion

17  to not accept jurisdiction over Covves' contract enforcement claim and the underlying

18  patent infringement claims."  Motion, at 2.  However, Covves misinterprets this Court's

19  Order.  Contrary to Covves' argument that the Court *declined* jurisdiction, the Court

20  expressly *accepted* jurisdiction over the Motion.  "Diversity therefore seems to present

21  an independent basis for jurisdiction to enforce the settlement agreement." Order, at 3.

22  In fact, the Order makes clear that the Court *accepted* jurisdiction over the Motion and

23  then denied Covves' requested for relief.  *See id.* ("Even though Plaintiff may have

24  satisfied its jurisdictional hurdle, the Court declines to open the case.").  Accordingly,

25  Covves' argument that "clear error" was committed by the Court in *rejecting*

26  *jurisdiction* fails for the simple fact that the Court *accepted jurisdiction* over the Motion.

27

28

- 11 -

## **CONCLUSION**

Case law and Local Rule 7-18 are abundantly clear as to the exceptional circumstances that may warrant reconsideration of this Court's prior Order. Covves has entirely disregarded the precedent and rules. It is undisputed that the Motion fails to present any newly discovered facts, any clear error of law, or any change in controlling law. Covves instead merely advances the exact arguments as its initial Motion to Re-open, or presents slight expansions of those arguments. Moreover, nowhere in its Motion does Covves offer "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. As this Court routinely does when presented with such a motion for reconsideration, it should deny this Motion without further deliberation.

Additionally, it is worth repeating that through this Motion, Covves once more seeks to hold Target responsible for the actions of a third party, BigMouth[7], despite the fact that Covves, not Target, assumed the risk of non-payment by BigMouth and that Covves granted Target a full release for all claims related to this case. As noted in Target's Opposition to Covves' Motion to Re-open, Covves has a viable breach of contract action against BigMouth that it admits it has not explored even in a cursory manner. *See* Motion to Re-open, at 3 (ECF No. 182). In short, this is not a case where Covves has proven that it is without any recourse. Covves has several viable paths forward due to BigMouth's alleged non-performance of the Settlement Agreement, but re-opening this case against Target is not one of them.

For each of the reasons explained above, this Court should deny Covves' Motion for Reconsideration of Decision on Motion to Re-open Case after Breach of Settlement Agreement.

---

[7] BigMouth is not a party to this litigation. Instead, Covves made a strategic litigation decision to file a separate lawsuit against BigMouth in Indiana Federal District Court.

TARGET'S OPP TO PLTF'S MOT FOR RECONSIDERATION          CASE NO.: 2:18-CV-08518-RGK-AFM

Respectfully submitted,

DATED:   February 8, 2021                 K&L GATES LLP


By: */s/ Caitlin C. Blanche*
Caitlin C. Blanche (State Bar No. 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900 / Fax: (949) 253-0902

Morgan T. Nickerson (*pro hac vice*)
Jeffrey S. Patterson (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100 / Fax: (617) 261-3175

*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

2

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*

3

Case No.: 2:18-cv-08518-RGK-AFM

4

IT IS HEREBY CERTIFIED THAT:

5

6

     I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 1 Park Plaza, Twelfth Floor, Irvine, CA 92614. I am not a party to the above entitled action.

7

8

     I have caused service of the following documents, described as:

9

10

**DEFENDANT TARGET BRANDS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DECISION ON MOTION TO RE-OPEN CASE AFTER BREACH OF SETTLEMENT AGREEMENT**

11

12

on the following parties by electronically filing the foregoing on February 8, 2021, with the Clerk of the District Court using its ECF System, which electronically notifies them.

13

14

15

     Stephen C. McArthur           *Attorneys for Plaintiff*

16

     Thomas E. Dietrich

     THE MCARTHUR LAW FIRM, PC

17

     11400 W. OLYMPIC BLVD. SUITE 200

     LOS ANGELES, CA 90064

18

19

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

22

Date:   February 8, 2021   *By:*   */s/ Caitlin C. Blanche*

23

                             Caitlin C. Blanche

24

25

26

27

28

- 14 -