UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Reconsideration [DE 191]**

## I.   INTRODUCTION

This action arises out of the sale and distribution of unicorn-shaped pool floats. Covves, LLC ("Plaintiff") filed a Second Amended Complaint ("Complaint") for patent infringement against Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants"). (ECF No. 98).

Later, Plaintiff entered into a settlement agreement with Defendants' indemnitors, BigMouth Inc. and BigMouth LLC (collectively, "Bigmouth"). Under the agreement, Plaintiff agreed to voluntarily dismiss without prejudice all claims against Defendants in exchange for an undisclosed amount of money from Bigmouth. The parties then jointly stipulated to the case's dismissal under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii). (ECF No. 179).

Under their Settlement Agreement, if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Bigmouth later defaulted on the money it owed Plaintiff. So Plaintiff sought to reopen the case. The Court denied Plaintiff's motion. (Order Mot. Reopen Case, ECF No. 190).

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff makes and sells inflatable pool toys. To this end, Plaintiff owns design patents for two adult-sized unicorn-shaped pool floats: Patent Number D787,617 ("D'617" patent) and Patent Number D783,370 ("D'370 patent). The D'617 patent protects the design of Plaintiff's giant inflatable unicorn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

pool float, while the D'370 patent protects Plaintiff's miniature inflatable unicorn drink float. Plaintiff's Unicorn Pool Float was "one of the most popular inflatable pool toys of 2016 and 2017," and both of its Unicorns have been featured "on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among others." (Compl. ¶¶ 27, 32).

Defendants have sold, distributed, and advertised imitation unicorn pool and drink floats, including a sparkly version called "Sparkles The Unicorn Lil' Float" and a beverage-holder called "Unicorn Beverage Boat." These Imitation Unicorns misappropriate the D'617 and D'370 patents' designs. As a result, Plaintiff seeks damages and injunctive relief for the direct infringement of both patents.

After extensive motion practice, the parties settled. Under their settlement agreement, Bigmouth agreed to pay Plaintiff an undisclosed amount of money. In exchange, Plaintiff agreed to dismiss the case without prejudice. The agreement also specified that if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Plaintiff, Bigmouth, and Defendant Target signed the Settlement Agreement.

The parties then jointly stipulated to the case's dismissal. The stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement and the parties shall agree to dismiss the action without prejudice." (Joint Stipulation of Dismissal ¶ 3, ECF No. 179). The Court did not issue any order on the stipulation and dismissed the case.

Plaintiff alleges that Bigmouth defaulted on its payments. Moving under their settlement agreement, Plaintiff sought to reopen the case against Target. The Court denied Plaintiff's motion. Plaintiff now asks the Court to reconsider its previous order.

### III.  JUDICIAL STANDARD

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b*). Sch. Dist. No. 1J Multnomah Cty., Or. v. A CandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is appropriate only when the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id.* at 1263.

Local Rule 7-18 supplements the Federal Rules:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

**IV.    DISCUSSION**

Plaintiff previously sought to reopen the case on two grounds: 1) through enforcement of the Settlement Agreement; and 2) through Rule 60(b). The Court denied Plaintiff's Motion. Plaintiff now seeks reconsideration of the Order, arguing that the Court committed clear error. The Court addresses each of Plaintiff's arguments in turn.

    **A.    Enforcement of the Settlement Agreement**

"[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject matter of that settlement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). "When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction." *O'Connor*, 70 F.3d at 532.

But courts may retain ancillary jurisdiction to enforce a settlement agreement "'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 381).

Here, the parties settled, then stipulated to the case's dismissal under Rule 41(a)(1)(A)(ii). "Although the joint stipulation stated that 'the Court shall retain jurisdiction to enforce the settlement agreement . . . ,' the Court never entered an order under that stipulation." (Order Mot. Reopen Case at 3). The Court therefore determined that it did not have ancillary jurisdiction to enforce the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | ***Covves, LLC v. Dillard's, Inc., et al.*** | | |

      Thus, to enforce the Settlement Agreement, the Court needed an independent basis for jurisdiction. And there may have been one—diversity. The Court acknowledged as much. (*Id.*) But it neither accepted nor declined jurisdiction to enforce the Settlement Agreement. (*Id.* at 3–4) (stating that "[d]iversity therefore *seems* to present an independent basis for jurisdiction to enforce the settlement agreement" and "[e]ven though Plaintiff *may* have satisfied its jurisdictional hurdle . . . .") (own emphasis added). Instead, the Court decided that even if it had jurisdiction, it would not grant Plaintiff's requested relief—reopening the case—because the Court "neither approved the settlement, nor was it a party to the agreement." (Order Mot. Reopen Case at 4).

      Parties may agree to any remedy in a private contract. But they have no right to any relief just because that is what they agreed to. This is especially true if the particular relief requires court action. The Court would not have to act if it never agreed to do so. Take the following example. A and B settle, and neither inform the Court of the settlement's terms. As one of the remedies in a breach, the contract requires the Court to enjoin the President. The Court would not be bound by the parties' agreement since it was not a party to that contract. As a result, the Court would not have to issue that injunction—nor would it. And for the same reasons, it does not have to reopen the case now.

      Still, if Plaintiff wishes to file a separate breach of contract action, it has the right to do so. But that claim would be independent of the issues in this case. Plaintiff must therefore file a separate lawsuit to enforce the settlement. *See Ralph Lauren Corp. v. CSR Grp., Inc.*, No. 16-cv-3387, 2017 WL 1861779, at *2 (S.D.N.Y. Apr. 27, 2017) ("[E]ven if the dispute arises out of a breached settlement agreement lacking *Kokkonen*'s specific jurisdiction-retaining language—such a dispute must be brought as a new, independent lawsuit. Accordingly, the Court concludes that Plaintiff must file a new complaint to enforce this settlement."). And to reiterate, even if Plaintiff were to succeed on its breach of contract claim, that would not necessarily entitle Plaintiff to the specific relief it seeks here—reopening the case.

      The Court acknowledges that a separate lawsuit would likely still end up before this Court. But it sees no reason to deviate from this, admittedly formalistic, approach. "[A]ny other result would be inconsistent with the limited nature of federal court jurisdiction, the language of *Kokkonen*, and general principles of contract law." *Id.* at *3.

      Before turning to Plaintiff's argument on Rule 60(b), the Court addresses whether it was must reopen the case because the focus of the Settle Agreement, Plaintiff's patent claims, are supported by federal question jurisdiction. (*See* Mot. Reconsideration at 5–6). It does not. That the contract pertains to a subject in which federal courts have original jurisdiction does not convert the case into a federal question. *O'Connor*, 70 F.3d at 532 ("[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement *simply because the subject matter of that settlement was a federal*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

*lawsuit*.") (own emphasis added). In other words, a contract about a patent is still a contract. And a breach of that contract is a breach of contract claim, not a federal question.

Finally, the Court's decision does not "close the door" on Plaintiff's patent claims. The dismissal was without prejudice, so Plaintiff may refile. Plaintiff even acknowledges the possibility of a new lawsuit. (Mot. Reconsideration at 6) ("Covves sought to bring its renewed patent infringement claims against Target in this Court, *rather than refiling an entirely new lawsuit*, which would add significantly to the time and expense of resolution.") (own emphasis added).

Thus, the Court sees no reason to reopen the case based on enforcement of the Settlement Agreement.

      **B.**     **Rule 60(b)(6)**

As an alternative to enforcement of a settlement agreement, a party may also reopen a case under the Rule 60(b). *Delay v. Gordon*, 475 F.3d 1039, 1044 n.11 (9th Cir. 2007) (citing *Keeling v. Sheet Metal Workers Intl. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). "Generally, only 'extraordinary circumstances' justify relief under [Rule 60(b)(6)]." *Keeling*, 937 F.2d at 410.

The Ninth Circuit has cautioned against excessive use of Rule 60(b)(6). It should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). A party who moves for relief under this rule must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Cmty Dental Servs v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). The circumstances, here, have not prevented Plaintiff from proceeding with the action. As stated above, since the dismissal was without prejudice, Plaintiff's remedy is simple—file a new lawsuit.

And in deciding that Plaintiff had no right to relief under Rule 60(b)(6), the Court did not require Plaintiff to show "'specific acts, perceived as bad faith noncompliance' to warrant relief." (Mot. Reconsideration at 8). It only noted that the lack of specific bad acts weighed against granting relief under Rule 60(b)(6).

Finally, Plaintiff argues that the Court erred by disregarding specific evidence of Target's bad faith. The Court disagrees since Plaintiff's "evidence" of Target's bad faith is that Target opposed Plaintiff's motion to reopen. (*See* Mot. Reconsideration at 10) ("Target's opposition to Covves' motion is itself a specific act of Target's bad faith noncompliance with, and repudiation of, the Agreement.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Opposing Plaintiff's motion is not evidence of bad faith. Thus, the Court did not err in disregarding that fact in its analysis.

Rule 60(b)(6) therefore offers no redress for Plaintiff, and the Court declines to reopen the case.

**V.      CONCLUSION**

For all these reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer