Name __Stephen C. McArthur__

Address __9465 Wilshire Blvd., Ste. 300__

City, State, Zip __Beverly Hills, CA 90212__

Phone __(323) 639-4455__

Fax _____

E-Mail __stephen@smcarthurlaw.com__

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Covves, LLC | CASE NUMBER: |
| PLAINTIFF(S), | 2:18-CV-8518-RGK-AFM |
| v. | **FIRST AMENDED** |
| Target Brands, Inc.; Dillard's, Inc.; Kohl's Corporation; Saks & Co. LLC; Express, Inc.; Tilly's Inc.; Nordstrom, Inc.; West Marine, Inc.; Zulily, Inc.   DEFENDANT(S). | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____Covves, LLC_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Re: Plaintiff's Motion to Reopen Case
   and Plaintiff's Motion for Reconsideration
☐ Judgment (specify):


☐ Other (specify):


Imposed or Filed on __1/8/2021 and 3/5/2021__. Entered on the docket in this action on __1/8/2021 and 3/5/2021__.

A copy of said judgment or order is attached hereto.

__3/31/2021__                          __/s/ Stephen McArthur__
Date                                   Signature
                                       ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Covves, LLC

Name(s) of counsel (if any):

Stephen McArthur
Thomas Dietrich

Address: 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212

Telephone number(s): (323) 639-4455

Email(s): stephen@smcarthurlaw.com; tom@smcarthurlaw.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ◉ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Target Brands, Inc.; Dillard's, Inc.; Kohl's Corporation; Saks & Company, LLC; Express, Inc.; Tilly's, Inc.; Nordstrom, Inc.; West Marine, Inc.; Zulily, Inc.

Name(s) of counsel (if any):

Morgan Nickerson
Caitlin Blanche

Address: 1 Lincoln St., Boston, MA 02111

Telephone number(s): (617) 261-3100; (949) 253-0900

Email(s): Morgan.Nickerson@klgates.com; caitlin.blanche@klgates.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# Order re: Motion to Reopen Case

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | January 8, 2021 |
|---|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Reopen Case [DE 182]**

## I.    INTRODUCTION

This action arises out of the sale and distribution of unicorn-shaped pool floats. Covves, LLC ("Plaintiff") filed a Second Amended Complaint ("Complaint") for patent infringement against Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants"). (ECF No. 98).

Later, Plaintiff entered into a settlement agreement with Defendants' indemnitors, BigMouth Inc. and BigMouth LLC (collectively, "Bigmouth"). Under the agreement, Plaintiff agreed to voluntarily dismiss without prejudice all claims against Defendants in exchange for an undisclosed amount of money from Bigmouth. The parties filed their joint stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on January 9, 2020. (ECF No. 179).

Now before the Court is Plaintiff's Motion to Reopen Case. (ECF No. 182). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff makes and sells inflatable pool toys. To this end, Plaintiff owns design patents for two adult-sized unicorn-shaped pool floats: Patent Number D787,617 (the "D'617" patent) and Patent Number D783,370 (the "D'370 patent). The D'617 patent protects the design of Plaintiff's giant inflatable unicorn pool float, while the D'370 patent protects Plaintiff's miniature inflatable unicorn drink float. Plaintiff's Unicorn Pool Float was "one of the most popular inflatable pool toys of 2016 and 2017," and both of its Unicorns have been featured "on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among others." (Compl. ¶¶ 27, 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | January 8, 2021 |
|---|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | | |

Defendants have sold, distributed, and advertised imitation unicorn pool and drink floats, including a sparkly version called "Sparkles The Unicorn Lil' Float" and a beverage-holder called "Unicorn Beverage Boat." These Imitation Unicorns misappropriate the D'617 and D'370 patents' designs. As a result, Plaintiff seeks damages and injunctive relief for the direct infringement of both patents.

After extensive motion practice, the parties reached a settlement agreement. Under that agreement, Bigmouth agreed to pay Plaintiff an undisclosed amount of money. In exchange, Plaintiff agreed to dismiss the case without prejudice. The agreement also specified that if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Plaintiff, Bigmouth, and Defendant Target signed the settlement agreement.

On January 9, 2020, the parties filed a joint stipulation to dismiss the case. The stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement and the parties shall agree to dismiss the action without prejudice." (Joint Stipulation of Dismissal ¶ 3, ECF No. 179). The Court did not issue any order regarding the stipulation and dismissed the case.

Plaintiff alleges that Bigmouth has defaulted on its payments and now seeks to reopen the case against Defendant Target.

### III.    JUDICIAL STANDARD

The Supreme Court has held that "federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject matter of that settlement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). "When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction" *O'Connor*, 70 F.3d at 532 (citing *Kokkonen*, 511 U.S. 375).

But courts may retain ancillary jurisdiction to enforce a settlement agreement "'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 381).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | January 8, 2021 |
|----------|----------------------|--|------|-----------------|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | | |

## IV.    DISCUSSION

Target first argues that the Court lacks jurisdiction to enforce the settlement agreement. And even if the Court has the authority to enforce the agreement, the Motion should be denied because: 1) Target did not breach the settlement agreement; and 2) FRCP 60(b) does not warrant reopening the case. The Court first addresses Target's jurisdictional argument, then the merits.

### A.    The Court's Jurisdiction

Target argues that *Kokkonen* requires courts to enter judicial orders specifically retaining jurisdiction to maintain ancillary jurisdiction over settlement agreements. Since the parties stipulated to dismissal under FRCP 41(a)(1)(A)(ii), which allows dismissal "without a court order," the Court did not enter any order retaining jurisdiction. There is thus no jurisdictional basis to enforce the settlement agreement.

"Without a violation of the court's order, there is no jurisdiction." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Although the joint stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement . . . ," the Court never entered an order under that stipulation. Nor did the parties condition the stipulation on the Court's entry of an order retaining jurisdiction by attaching a proposed order. *See Dongguan Fumeikang Elec. Tech. Co. v. ISO Beauty, Inc.*, No. 17-CV-04002-DMG-GJS, 2018 WL 5862957, at *2 (C.D. Cal. Feb. 27, 2018) (deciding that there was ancillary jurisdiction to enforce a settlement agreement when the parties included a proposed order with its joint stipulation for dismissal that the district court granted). Because the Court never "embod[ied] the settlement contract in its *dismissal order* . . . enforcement of the settlement of the agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 381–82 (own emphasis added).

That said, Plaintiff asserts that there is an independent basis for federal jurisdiction: diversity. Plaintiff only seeks to reopen the case as to Target, who is a Minnesota citizen. And Plaintiff is a citizen of California. So there is complete diversity. Finally, the amount in controversy is $2.46 million, which exceeds the jurisdictional minimum. Diversity therefore seems to present an independent basis for jurisdiction to enforce the settlement agreement.

### B.    Merits

Even though Plaintiff may have satisfied its jurisdictional hurdle, the Court declines to reopen the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | January 8, 2021 |
|----------|------------------------|---|------|-----------------|
| Title | ***Covves, LLC v. Dillard's, Inc., et al.*** | | | |

  *1.  <u>Breach of Settlement Agreement</u>*

   The parties' settlement agreement states that if Bigmouth defaults on any of its payments, Plaintiff may "choose to reinstate and reopen the California Action . . . ." (Settlement Agreement ¶ 3.3).

   But whether to grant relief from judgment and reopen a case is within a district court's sound discretion. *Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (reviewing a district court's decision to vacate a dismissal for abuse of discretion). And "district courts enjoy a wide latitude of discretion in case management . . . ." *Ahanchian v. Xenon Pictures, Inc.* 623 F.3d 1253, 1255 (9th Cir. 2010). While the parties may have agreed to reopen the case in the event of default, the Court neither approved the settlement, nor was it a party the agreement. In fact, the Court did not know the terms of the settlement until this Motion. Because courts control their docket, not the litigants, the Court is not required—and declines to do so here—to reopen the case simply because the parties agreed to that relief.

  *2.  <u>Rule 60(b)</u>*

   Because the Court has declined to reopen the case under the parties' settlement agreement, Plaintiff contends that the Court may still vacate Target's dismissal under FRCP 60(b).

   Plaintiff focuses mainly on Rule 60(b)(6) that permits a court to grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Ninth Circuit has cautioned against excessive use of this catch-all provision. It should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). To attain relief, a party must establish "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Alpine Land & Reservoir Co.*, 984 F.2d at 1049).

   Here, there are no extraordinary circumstances. Plaintiff argues that breach of a settlement agreement may "constitute[] extraordinary circumstances, and [] justifies vacating [a] court's prior dismissal order." *See Keeling*, 937 F.2d at 410.  But *Keeling* does not require vacating a dismissal whenever a party repudiates a settlement agreement. *See Lipsey v. Davey*, No. 1:17-cv-01706-DAD-SAB(PC), 2020 WL 4430579, at *3 (E.D. Cal., July 31, 2020) (declining to relieve a party from a final order even though a party had breached a settlement agreement). The Ninth Circuit upheld the vacatur of dismissal in *Keeling* based on a party's "specific acts, perceived as bad faith noncompliance." *Id.* at 411. There are no such acts here. Thus, there is no basis "upon which the judgment of dismissal could legitimately be set aside." *Sawka v. Healtheast, Inc.* 989 F.2d 138, 141 (3rd Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | January 8, 2021 |
|---|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | | |

Plaintiff also argues that Rules 60(b)(1), (2), and (3) may permit relief. None apply. Rule 60(b)(1) involves "mistake, inadvertence, surprise, or excusable neglect." Plaintiff, without citation to caselaw, attempts to characterize Bigmouth's failure to pay as a "surprise." It is not. Parties are often unable to pay the terms of a contract. Without more, Rule 60(b)(1) does not justify vacating Target's dismissal.

Rule 60(b)(2) and Rule 60(b)(3) are also no aid because both require a trial and a verdict. For Rule 60(b)(2)'s "newly discovered evidence" justification "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). And for Rule 60(b)(3)'s reasons of fraud and misrepresentation a party must "(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct [; and] (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." *Jones*, 921 F.2d at 878–79. Since there was neither a trial nor a verdict, these rules have no application.

Because Rules 60(b)(1), (b)(2), (b)(3), and (b)(6) do not warrant vacating Target's dismissal, the Court declines to reopen the case.

**V.    CONCLUSION**

For all these reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Initials of Preparer                    _____ : _____

                                        _____

**<u>Order re: Motion for Reconsideration</u>**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Reconsideration [DE 191]**

## I.   INTRODUCTION

This action arises out of the sale and distribution of unicorn-shaped pool floats. Covves, LLC ("Plaintiff") filed a Second Amended Complaint ("Complaint") for patent infringement against Dillard's, Inc., Kohl's Corporation, Saks & Company LLC, Target Brands, Inc., Express, Inc., Nordstrom, Inc., West Marine, Inc., and Zulily, Inc. (collectively, "Defendants"). (ECF No. 98).

Later, Plaintiff entered into a settlement agreement with Defendants' indemnitors, BigMouth Inc. and BigMouth LLC (collectively, "Bigmouth"). Under the agreement, Plaintiff agreed to voluntarily dismiss without prejudice all claims against Defendants in exchange for an undisclosed amount of money from Bigmouth. The parties then jointly stipulated to the case's dismissal under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii). (ECF No. 179).

Under their Settlement Agreement, if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Bigmouth later defaulted on the money it owed Plaintiff. So Plaintiff sought to reopen the case. The Court denied Plaintiff's motion. (Order Mot. Reopen Case, ECF No. 190).

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff makes and sells inflatable pool toys. To this end, Plaintiff owns design patents for two adult-sized unicorn-shaped pool floats: Patent Number D787,617 ("D'617" patent) and Patent Number D783,370 ("D'370 patent). The D'617 patent protects the design of Plaintiff's giant inflatable unicorn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | ***Covves, LLC v. Dillard's, Inc., et al.*** | | |

pool float, while the D'370 patent protects Plaintiff's miniature inflatable unicorn drink float. Plaintiff's Unicorn Pool Float was "one of the most popular inflatable pool toys of 2016 and 2017," and both of its Unicorns have been featured "on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among others." (Compl. ¶¶ 27, 32).

Defendants have sold, distributed, and advertised imitation unicorn pool and drink floats, including a sparkly version called "Sparkles The Unicorn Lil' Float" and a beverage-holder called "Unicorn Beverage Boat." These Imitation Unicorns misappropriate the D'617 and D'370 patents' designs. As a result, Plaintiff seeks damages and injunctive relief for the direct infringement of both patents.

After extensive motion practice, the parties settled. Under their settlement agreement, Bigmouth agreed to pay Plaintiff an undisclosed amount of money. In exchange, Plaintiff agreed to dismiss the case without prejudice. The agreement also specified that if Bigmouth defaulted on its payments, "then [Plaintiff], at its option, may choose to reinstate and reopen the California Action . . . including any and all claims and requests for damages." (Settlement Agreement ¶ 3.3, ECF No. 182-2). Plaintiff, Bigmouth, and Defendant Target signed the Settlement Agreement.

The parties then jointly stipulated to the case's dismissal. The stipulation stated that "the Court shall retain jurisdiction to enforce the settlement agreement and the parties shall agree to dismiss the action without prejudice." (Joint Stipulation of Dismissal ¶ 3, ECF No. 179). The Court did not issue any order on the stipulation and dismissed the case.

Plaintiff alleges that Bigmouth defaulted on its payments. Moving under their settlement agreement, Plaintiff sought to reopen the case against Target. The Court denied Plaintiff's motion. Plaintiff now asks the Court to reconsider its previous order.

**III.    JUDICIAL STANDARD**

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b*). Sch. Dist. No. 1J Multnomah Cty., Or. v. A CandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is appropriate only when the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id.* at 1263.

Local Rule 7-18 supplements the Federal Rules:

> A motion for reconsideration of the decision on any motion may be made
> only on the grounds of (a) a material difference in fact or law from that

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | March 5, 2021 |
|----------|------------------------|---|------|---------------|
| Title | ***Covves, LLC v. Dillard's, Inc., et al.*** | | | |

presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## IV.    DISCUSSION

Plaintiff previously sought to reopen the case on two grounds: 1) through enforcement of the Settlement Agreement; and 2) through Rule 60(b). The Court denied Plaintiff's Motion. Plaintiff now seeks reconsideration of the Order, arguing that the Court committed clear error. The Court addresses each of Plaintiff's arguments in turn.

### A.    Enforcement of the Settlement Agreement

"[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject matter of that settlement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). "When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction." *O'Connor*, 70 F.3d at 532.

But courts may retain ancillary jurisdiction to enforce a settlement agreement "'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 381).

Here, the parties settled, then stipulated to the case's dismissal under Rule 41(a)(1)(A)(ii). "Although the joint stipulation stated that 'the Court shall retain jurisdiction to enforce the settlement agreement . . . ,' the Court never entered an order under that stipulation." (Order Mot. Reopen Case at 3). The Court therefore determined that it did not have ancillary jurisdiction to enforce the Settlement Agreement.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | | Date | March 5, 2021 |
|---|---|---|---|---|
| Title | ***Covves, LLC v. Dillard's, Inc., et al.*** | | | |

Thus, to enforce the Settlement Agreement, the Court needed an independent basis for jurisdiction. And there may have been one—diversity. The Court acknowledged as much. (*Id.*) But it neither accepted nor declined jurisdiction to enforce the Settlement Agreement. (*Id.* at 3–4) (stating that "[d]iversity therefore *seems* to present an independent basis for jurisdiction to enforce the settlement agreement" and "[e]ven though Plaintiff *may* have satisfied its jurisdictional hurdle . . . .") (own emphasis added). Instead, the Court decided that even if it had jurisdiction, it would not grant Plaintiff's requested relief—reopening the case—because the Court "neither approved the settlement, nor was it a party to the agreement." (Order Mot. Reopen Case at 4).

Parties may agree to any remedy in a private contract. But they have no right to any relief just because that is what they agreed to. This is especially true if the particular relief requires court action. The Court would not have to act if it never agreed to do so. Take the following example. A and B settle, and neither inform the Court of the settlement's terms. As one of the remedies in a breach, the contract requires the Court to enjoin the President. The Court would not be bound by the parties' agreement since it was not a party to that contract. As a result, the Court would not have to issue that injunction—nor would it. And for the same reasons, it does not have to reopen the case now.

Still, if Plaintiff wishes to file a separate breach of contract action, it has the right to do so. But that claim would be independent of the issues in this case. Plaintiff must therefore file a separate lawsuit to enforce the settlement. *See Ralph Lauren Corp. v. CSR Grp., Inc.*, No. 16-cv-3387, 2017 WL 1861779, at *2 (S.D.N.Y. Apr. 27, 2017) ("[E]ven if the dispute arises out of a breached settlement agreement lacking *Kokkonen*'s specific jurisdiction-retaining language—such a dispute must be brought as a new, independent lawsuit. Accordingly, the Court concludes that Plaintiff must file a new complaint to enforce this settlement."). And to reiterate, even if Plaintiff were to succeed on its breach of contract claim, that would not necessarily entitle Plaintiff to the specific relief it seeks here—reopening the case.

The Court acknowledges that a separate lawsuit would likely still end up before this Court. But it sees no reason to deviate from this, admittedly formalistic, approach. "[A]ny other result would be inconsistent with the limited nature of federal court jurisdiction, the language of *Kokkonen*, and general principles of contract law." *Id.* at *3.

Before turning to Plaintiff's argument on Rule 60(b), the Court addresses whether it was must reopen the case because the focus of the Settle Agreement, Plaintiff's patent claims, are supported by federal question jurisdiction. (*See* Mot. Reconsideration at 5–6). It does not. That the contract pertains to a subject in which federal courts have original jurisdiction does not convert the case into a federal question. *O'Connor*, 70 F.3d at 532 ("[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement *simply because the subject matter of that settlement was a federal*

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

---

*lawsuit*.") (own emphasis added). In other words, a contract about a patent is still a contract. And a breach of that contract is a breach of contract claim, not a federal question.

Finally, the Court's decision does not "close the door" on Plaintiff's patent claims. The dismissal was without prejudice, so Plaintiff may refile. Plaintiff even acknowledges the possibility of a new lawsuit. (Mot. Reconsideration at 6) ("Covves sought to bring its renewed patent infringement claims against Target in this Court, *rather than refiling an entirely new lawsuit*, which would add significantly to the time and expense of resolution.") (own emphasis added).

Thus, the Court sees no reason to reopen the case based on enforcement of the Settlement Agreement.

**B.**   **Rule 60(b)(6)**

As an alternative to enforcement of a settlement agreement, a party may also reopen a case under the Rule 60(b). *Delay v. Gordon*, 475 F.3d 1039, 1044 n.11 (9th Cir. 2007) (citing *Keeling v. Sheet Metal Workers Intl. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). "Generally, only 'extraordinary circumstances' justify relief under [Rule 60(b)(6)]." *Keeling*, 937 F.2d at 410.

The Ninth Circuit has cautioned against excessive use of Rule 60(b)(6). It should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). A party who moves for relief under this rule must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Cmty Dental Servs v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). The circumstances, here, have not prevented Plaintiff from proceeding with the action. As stated above, since the dismissal was without prejudice, Plaintiff's remedy is simple—file a new lawsuit.

And in deciding that Plaintiff had no right to relief under Rule 60(b)(6), the Court did not require Plaintiff to show "'specific acts, perceived as bad faith noncompliance' to warrant relief." (Mot. Reconsideration at 8). It only noted that the lack of specific bad acts weighed against granting relief under Rule 60(b)(6).

Finally, Plaintiff argues that the Court erred by disregarding specific evidence of Target's bad faith. The Court disagrees since Plaintiff's "evidence" of Target's bad faith is that Target opposed Plaintiff's motion to reopen. (*See* Mot. Reconsideration at 10) ("Target's opposition to Covves' motion is itself a specific act of Target's bad faith noncompliance with, and repudiation of, the Agreement.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08518-RGK-AFM | Date | March 5, 2021 |
|---|---|---|---|
| Title | *Covves, LLC v. Dillard's, Inc., et al.* | | |

Opposing Plaintiff's motion is not evidence of bad faith. Thus, the Court did not err in disregarding that fact in its analysis.

Rule 60(b)(6) therefore offers no redress for Plaintiff, and the Court declines to reopen the case.

**V.    CONCLUSION**

For all these reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        _____

# CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Dillard's, Inc. et al.*
Case No.: 2:18-cv-8518-RGK-AFM

IT IS HEREBY CERTIFIED THAT:

     I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

## PLAINTIFF'S FIRST AMENDED NOTICE OF APPEAL

on the following parties by electronically filing the foregoing on March 31, 2021, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Morgan Nickerson                     *Attorneys for Defendants*
K&L Gates LLP
Morgan.Nickerson@klgates.com
1 Lincoln St.
Boston, MA 02111

Caitlin C. Blanche
K&L Gates LLP
caitlin.blanche@klgates.com
1 Park Plaza, 12th Floor
Irvine, CA 92618

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date:   3/31/2021                    By:   */s/ Thomas Dietrich*
                                           Thomas Dietrich