**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COVVES, LLC, | No. 21-55077 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-08518-RGK-AFM |
| v. | |
| TARGET BRANDS, INC., a Minnesota Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| BIGMOUTH INC., an Indiana Corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 14, 2022**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and S. MURPHY, III,*** District

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.

Appellant Covves, LLC sued Appellee Target and other retailers for patent infringement; two manufacturers indemnified and defended the retailers. Shortly before trial, all the parties settled the case.

In their settlement agreement, the manufacturers agreed to fully indemnify the retailers and pay Covves an undisclosed sum to be made in seven payments. Covves agreed to dismissal of the action without prejudice and to a dismissal with prejudice after the manufacturers' final payment. The parties then filed a "Joint Stipulation of Voluntary Dismissal Without Prejudice" under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); in it, the parties requested that the district court retain jurisdiction to enforce the settlement agreement. The district court did not issue any order subsequent to the filing of stipulation.

Ten months later, Covves moved for relief from the joint stipulation. Covves wanted to reopen the case under the parties' settlement agreement and under Civil Rule 60. Covves believed the manufacturers breached the agreement by failing to make a timely settlement payment, but the district court denied the motion. And the district court also denied Covves's motion for reconsideration.

We review both orders for abuse of discretion. *See Keeling v. Sheet Metal*

---

\*\*\*   The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (decision to vacate a dismissal); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (Rule 60(b) motion denial); *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006) (motion for reconsideration denial). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Bateman*, 231 F.3d at 1223 (citation omitted).

The district court did not abuse its discretion when it denied the motion to reopen. A district court lacks jurisdiction to enforce a settlement agreement that is the basis for a dismissal unless the court expressly incorporates the terms of the settlement agreement in an order to dismiss the case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–81 (1994). A district court will therefore have jurisdiction only if it expressly retains jurisdiction over a case after settlement, or if a violation of the court's order arises. "The settlement terms must be part of the dismissal . . . for violation of the settlement agreement to amount to a violation of the court's order." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen*, 511 U.S. at 381). Because the district court did not issue an order that reserved jurisdiction over the case or incorporated the settlement terms, it did not retain jurisdiction after the dismissal. Without a dismissal order incorporating the settlement terms, "enforcement of the settlement agreement is for

state courts, unless there is some independent basis for federal jurisdiction." *Kokkenon*, 511 U.S. at 376, 381–82 (holding that even though the parties to the principal breach of contract suit were diverse, the district court did not have "automatic jurisdiction" over the alleged breach of the settlement agreement).

The district court did not abuse its discretion when it refused to vacate the dismissal under Civil Rule 60(b)(6). "Generally, only 'extraordinary circumstances' justify relief under the rule." *Keeling*, 937 F.2d at 410 (citation omitted). A district court must find that events leading to a settlement agreement's repudiation were "sufficiently extraordinary" to reopen a case. *Id.* (finding that based on "specific acts," the repudiation was "perceived as bad faith noncompliance"). Repudiation alone is not an extraordinary circumstance warranting Rule 60(b)(6) relief. *See id.* at 410. Indeed, "[i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not . . . reopen the underlying litigation after dismissal." *Id.*

The district court did not find that the manufacturers acted in bad faith or that any other extraordinary circumstances warranted reopening the case. Because Covves argued only that repudiation triggered Rule 60(b)(6) relief, the district court did not abuse its discretion when it rejected the argument.

As for the motion for reconsideration, Covves appealed only the district

4

court's finding that no extraordinary circumstances existed to support Rule 60(b)(6) relief. The district court found that it properly denied Rule 60(b)(6) relief given that Covves was not prevented from enforcing the settlement in a new lawsuit. That finding was not an abuse of discretion because no circumstances were beyond Covves's control that "prevented or rendered [Covves] unable to prosecute[ its] case[]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (citation omitted).

Last, the district court did not err in finding that Target's opposition to the motion to reopen the case was not evidence of bad faith. Target raised meritorious defenses in a lawsuit against it, and so the district court's finding that Target did not act in bad faith was not clearly erroneous.

The district court's orders on appeal are **AFFIRMED**.